## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GUY MITCHELL,

      Plaintiff,

v.

DIXIE TRANSPORT, INC.,
FELIX MILO DALEY  and
GRANGE INDEMNITY
INSURANCE COMPANY,

      Defendants.

Civil Action File No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COME NOW Plaintiff GUY MITCHELL, by and through his undersigned counsel of record, and files this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injuries to Guy Mitchell, who was injured on March 9, 2014 due to the negligent conduct of DIXIE TRANSPORT, INC. ("DIXIE TRANSPORT") and its driver, FELIX MILO DALEY ("DALEY").

## PARTIES, JURISDICTION, and VENUE

2.

Guy Mitchell is a citizen of the State of Alabama.

3.

Defendant DIXIE TRANSPORT is a domestic for-profit corporation organized and existing under the laws of the State of Georgia.

4.

Defendant DIXIE TRANSPORT' principal place of business is located at 2685 Highway 41 North, Calhoun, Georgia 30701.

5.

At all times material hereto, Defendant DIXIE TRANSPORT was an interstate motor carrier as defined by the Federal Motor Carrier Safety Regulations.

6.

Defendant DIXIE TRANSPORT may be served with process by delivering a copy of the summons and complaint to its process agent:  Joseph R. Cullens, P.C., 295 West Crossville Road, Suite 310, Roswell, Georgia  30075.

7.

Defendant DIXIE TRANSPORT was properly served with process in this civil action.

8.

The service of process upon Defendant DIXIE TRANSPORT was sufficient in this civil action.

9.

Defendant DIXIE TRANSPORT is subject to the jurisdiction and venue of this Court.

10.

Defendant DALEY is a citizen of the State of Georgia.

11.

Defendant DALEY may be served in person with process at his resident address located at 208 Highlands Drive, Rocky Face, Georgia 30740.

12.

Defendant DALEY was properly served with process in this civil action.

13.

The service of process upon Defendant DALEY was sufficient in this civil action.

14.

Defendant DALEY is subject to the jurisdiction and venue of this Court.

15.

Defendant GRANGE INDEMNITY INSURANCE COMPANY ("GRANGE INDEMNITY") is a foreign for-profit corporation organized and existing under the laws of a state other than Alabama.

16.

Defendant GRANGE INDEMNITY'S principal place of business is located in a state other than Alabama.

17.

Defendant GRANGE INDEMNITY may be served with process by delivery a copy of the summons and complaint to its registered agent:  Linda Banks, 2180 Satellite Blvd., Ste. 400, Duluth, GA, 30097.

18.

Defendant GRANGE INDEMNITY was properly served with process in this civil action.

19.

The service of process upon Defendant GRANGE INDEMNITY was sufficient in this civil action.

20.

Defendant GRANGE INDEMNITY is subject to the jurisdiction and venue of this Court.

21.

The amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs.

22.

There being a diversity of citizenship between Plaintiff and Defendants and because the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**<u>FACTS</u>**

23.

On March 9, 2014 at approximately 6:00 p.m., Defendant DALEY was driving a tractor-trailer headed south on Interstate 75 ("I-75") in Georgia near mile marker 326.

24.

On March 9, 2014, as Defendant DALEY was driving a tractor-trailer headed south on I-75:

(a)    It was daylight;

(b)    The weather was dry and clear; and

(c)    The roadway surface was dry.

25.

At all times while Defendant DALEY was driving south on I-75, DALEY was able to see and monitor the roadway ahead of his tractor-trailer.

26.

At all times while he was driving south on I-75, Defendant DALEY had a clear view ahead of his tractor-trailer.

27.

At all times while he was driving south on I-75, Defendant DALEY had a clear view of eth traffic ahead of his tractor-trailer.

28.

At all times while he was driving south on I-75, Defendant DALEY knew that he need to keep a safe following distance behind the traffic travelling ahead of him.

29.

At all times while he was driving south on I-75,  Defendant DALEY knew that, if traffic stopped ahead of him, he needed to be able to stop his tractor-trailer short of rear-ending any vehicles travelling in the same lane ahead of his tractor-trailer.

30.

At all times while he was driving south on I-75, Defendant DALEY knew that he needed to be on the lookout for hazards on the roadway ahead of his tractor-trailer.

31.

As Defendant DALEY was driving south on I-75, he saw traffic travelling in his lane ahead of his tractor-trailer.

32.

As Defendant DALEY was driving south on I-75, he saw the vehicle that was being driven by Mr. Mitchell directly ahead of and in the same lane as DALEY'S tractor-trailer.

33.

As Defendant DALEY was driving south on I-75, he saw a white pick-up truck carrying a load ahead of and in the same lane as Mr. Mitchell's vehicle.

34.

As Defendant DALEY was driving south on I-75, he saw that the white pick-up lost some of its load.

35.

As Defendant DALEY was driving south on I-75, he saw that the load from the white pick-up truck fell onto I-75 in front of Mr. Mitchell's vehicle.

36.

In reaction to the load falling into the lane of traffic in front of him, Mr. Mitchell properly applied the brakes to his vehicle.

37.

Defendant DALEY failed to slow his tractor-trailer.

38.

Defendant DALEY rear-ended Mr. Mitchell's vehicle.

39.

Had DALEY left more space between his tractor-trailer and Mr. Mitchell's vehicle, DALEY would have been able to avoid rear-ending Mr. Mitchell's vehicle.

40.

No act or omission the part of Mr. Mitchell caused, in whole or in part, the collision or his injuries.

41.

No act or omission the part of any third party caused, in whole or in part, the collision or Mr. Mitchell's injuries.

42.

As a result of the collision, Mr. Mitchell suffered physical injuries, pain and suffering.

## LIABILITY OF DEFENDANTS

### COUNT ONE
**(Daley's Negligence and *Negligence Per Se*)**

43.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

44.

At all times material hereto, Defendant DALEY was a professional driver with a commercial driver's license.

45.

At all times material hereto, Defendant DALEY was driving a commercial motor vehicle in interstate commerce and was subject to not only Georgia traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

46.

Defendant DALEY was negligent in the operation of the tractor-trailer he was driving in at least the following ways:

(a)     Failure to maintain control of his tractor-trailer;

(b)     Failing to yield the right of way;

(c)     Failing to keep a proper lookout for traffic;

(d)     Following too closely;

(e)     Failing to properly maintain his vehicle;

(f)     Failing to follow his intended route properly;

(g)     Violating Georgia Motor Vehicle Laws including O.C.G.A. §§ 40-6-49 (Following Too Closely); 40-6-241 (Failing to Drive with Due Care); 40-6-390 (Reckless Driving); all of which constitute *negligence per se*;

(h)   Violation of Federal Motor Carrier Safety Regulations; including, without limitation; failing operate his tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute *negligence per se*; and

(i)   Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

47.

Defendant DALEY'S negligence was a direct and proximate cause of the injuries sustained by Mr. Mitchell.

48.

By virtue of his negligence, Defendant DALEY is liable to Mr. Mitchell for all damages recoverable under the law.

**COUNT TWO**
**(*Respondeat Superior* against DIXIE TRANSPORT)**

49.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

50.

At all times material hereto, Defendant DALEY was acting within the course and scope of his employment or agency with Defendant DIXIE TRANSPORT and was furthering the business interests of Defendant DIXIE TRANSPORT.

51.

Defendant DIXIE TRANSPORT is liable under the doctrine of *respondeat superior* and the rules of agency for the injuries, death, damages and losses sustained by Mr. Mitchell, resulting from the negligence of Defendant DALEY.

**COUNT THREE**
**(DIXIE TRANSPORT' Negligence)**

52.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

53.

Defendant DIXIE TRANSPORT was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce.

54.

Defendant DIXIE TRANSPORT was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

55.

As an employer and motor carrier, Defendant DIXIE TRANSPORT had certain duties and responsibilities under the Federal Motor Carrier Safety Regulations, Georgia law, trucking industry standards and practices and its own corporate policies, standards and practices regarding the hiring, qualifying, training, entrusting, supervising and retaining of its commercial driver Defendant DALEY, as well as duties to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles.

56.

Defendant DIXIE TRANSPORT was <u>independently</u> negligent in failing to meet its independent duties and responsibilities regarding hiring, qualifying, training, entrusting, supervising and retaining of its commercial driver Defendant DALEY; inspection and maintenance of the commercial motor vehicles involved in the collision described in this Complaint; and otherwise establishing and implementing appropriate management controls and systems for the safe operation of its commercial motor vehicles.

57.

Defendant DIXIE TRANSPORT is independently liable for the damages, injuries and resulting wrongful death caused, in whole or in part, by its breach of the foregoing duties.

58.

Defendant DIXIE TRANSPORT is liable to Mr. Mitchell for all damages allowed by law for the injuries, damages and losses sustained by Mr. Mitchell, as a result of the independent negligence of Defendant DIXIE TRANSPORT.

**COUNT FOUR**
**(Direct Action against Grange Indemnity)**

59.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

60.

Defendant GRANGE INDEMNITY was transacting business in the State of Georgia on the date of the collision described in this Complaint.

61.

Defendant GRANGE INDEMNITY was transacting business in Miller County, Georgia on the date of the collision described in this Complaint.

62.

Defendant GRANGE INDEMNITY  provided liability insurance coverage for the DIXIE TRANSPORT tractor-trailer that was involved in the collision described in this Complaint and to DIXIE TRANSPORT' employees and/or agents, including Defendant DALEY.

63.

Defendant GRANGE INDEMNITY agreed to provide liability insurance coverage to Defendant DIXIE TRANSPORT in consideration for the payment of insurance premiums.

64.

Mr. Mitchell, as a member of the public injured due to a common carrier's negligence, is a third party beneficiary to the liability insurance agreement between Defendants GRANGE INDEMNITY  and DIXIE TRANSPORT.

65.

Pursuant to O.C.G.A. §§ 40-1-112 and 40–2–140, Defendant GRANGE INDEMNITY is subject to this Direct Action.

66.

Mr. Mitchell is entitled to receive payments from Defendant GRANGE INDEMNITY for the tort liability of Defendants DIXIE TRANSPORT and DALEY.

## COUNT FIVE
### (Punitive Damages)

67.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

68.

The Acts of Defendants DIXIE TRANSPORT and DALEY, as set forth in this Complaint for Damages, were willful, wanton, and demonstrated an entire want of care, which raises the presumption of a conscious indifference to consequences.

69.

The misconduct of Defendants DIXIE TRANSPORT and DALEY was so aggravating it authorizes, warrants, and demands the imposition of substantial punitive damages against DIXIE TRANSPORT and DALEY pursuant to O.C.G.A. § 51-12-5.1.

70.

Any cap on the amount of punitive damages applied in this case would be unconstitutional because, among other reasons, it contravenes the inviolate right to trial by jury contained in Georgia's Constitution.

## COUNT SIX

### (Attorneys' Fees and Litigation Expenses under O.C.G.A. § 13-6-11)

71.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

72.

Each Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused Mr. Mitchell unnecessary trouble and expense, such that Mr. Mitchell seeks to recover from Defendants all costs of litigation, including attorneys' fees and expenses, pursuant to O.C.G.A. § 13-6-11 and all other applicable Georgia law.

73.

Each Defendant is liable for Mr. Mitchell's attorneys' fees and litigation expenses under O.C.G.A. § 13-6-11 and other applicable law.

## **DAMAGES**

74.

As a direct and proximate cause of the negligence of the Defendants, independently, vicariously and/or collectively, as will be further developed through this action, Mr. Mitchell suffered and will suffer into the future:  physical injuries,

pain, suffering, mental anguish, shock, worry and frustration as further described herein.

75.

As a direct and proximate cause of the negligence of the Defendants, independently, vicariously and/or collectively, as will be further developed through this action, Mr. Mitchell incurred and will incur into the future:  economic damages and losses, including but not limited to medical bills.

76.

As a direct and proximate cause of the negligence of the Defendants, independently, vicariously and/or collectively, as will be further developed through this action, Mr. Mitchell suffered a diminished capacity to work and labor now and into the future.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for the following relief:

(a)    That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(b)    That service be had on the Defendants as provided by law;

(c)    That the Court empanel a jury for trial of all issues in this case;

(d)    That the Plaintiff be awarded all damages allowed by law for all claims set forth herein;

(e)     That all costs and expenses of litigation, including attorney's fees, be

taxed against the Defendants; and

(g)     That the Court award any and all further relief as it deems appropriate

and just under the circumstances of this case.

Dated:  February 4, 2016.

FRIED ROGERS GOLDBERG LLC

*/s/ R. Sean McEvoy*
JOSEPH A. FRIED
GEORGIA STATE BAR NUMBER 277251
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
*ATTORNEYS FOR PLAINTIFF*

TWO ALLIANCE CENTER
3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326
TELEPHONE: 404-591-1800
FACSIMILE:  404-591-1801
E-MAIL:     joe@frg-law.com
            sean@frg-law.com