IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GUY MITCHELL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:16-cv-336-AT |
| DIXIE TRANSPORT, INC., et al., : | |
| : | |
| Defendants. : | |

## **ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [Doc. 28] in this trucking accident case. Defendants contend that Plaintiff filed a previous action against it in the Magistrate Court of Gordon County, Georgia based on the same facts he alleges in the instant case. They argue that the magistrate judge in that matter dismissed Plaintiff's case because he failed to prove his damages, that this was a judgment on the merits, and that Plaintiff is therefore barred from relitigating his case in federal court under the doctrine of *res judicata*.

**I. Background**

The parties agree on all of the core facts. Plaintiff Guy Mitchell and defendant Felix Daley were involved in a motor vehicle accident on March 9, 2014 on I-75 S. (Plaintiff's Response to Defendants' Statement of Undisputed

Material Facts (Pl.'s SMF Resp.) ¶ 1, Doc. 31.) Mr. Daley was driving a truck tractor owned by Defendant Dixie Transport, Inc., and was an employee of Dixie at the time of the crash. (*Id.* ¶¶ 2-3.) After the crash, on July 22, 2014, Mr. Mitchell filed a pro se lawsuit in the Magistrate Court of Gordon County, Georgia. (*Id.* ¶ 7.) In that suit, Mr. Mitchell sought $11,656.68 in damages plus court costs against Defendants Dixie and Grange Mutual Casualty Company. (*Id.* ¶ 9.) The case proceeded to a contested hearing. At the end of this hearing, the Magistrate Judge filled out a form indicating the disposition of the case. On that form, the Magistrate Judge noted that a contested hearing was held, that all parties had appeared, and checked the box for "Dismissal." (*Id.* ¶ 11; Doc. 28-6.) He left blank the box indicating that a "Judgment" had been reached. In the part of the form indicating the disposition of Plaintiff's claim, he noted that the "case [was] dismissed without prejudice." (Doc. 28-6.) In the part of the form indicating the amount of the judgment, he wrote "case dismissed Plaintiff failed to prove damages." (*Id.*) Mr. Mitchell did not appeal this disposition, and instead filed the instant suit. (Pl.'s Resp. SMF ¶¶ 12-13.)

## II. Discussion

The doctrine of *res judicata* in Georgia precludes "relitigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *James v. Intown Ventures, LLC*, 725 S.E.2d 213, 215 (Ga. 2012); *see also* O.C.G.A. § 9-12-

40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."). Thus, Defendants must demonstrate that "three prerequisites [are] satisfied before *res judicata* applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Waldroup v. Greene Cnty. Hosp. Auth.*, 463 S.E.2d 5, 7 (Ga. 1995).

The only question here is whether the magistrate judge's disposition was an "adjudication on the merits." Defendants argue that it was. They concede that the disposition form indicates that the case was "dismissed without prejudice," (Doc. 28-6), but insist that this is "not consistent with what actually transpired." (Motion, Doc. 28-1 at 12.) Instead, they argue that the magistrate judge heard evidence, concluded that the plaintiff was "not entitled to damages," and therefore ruled on the merits of the case. Plaintiff, on the other hand, contends that the magistrate judge plainly dismissed the case "without prejudice" and so this second suit is not barred by *res judicata*. *Rafizadeh v. KR Snellville, LLC*, 634 S.E.2d 406, 410 (Ga. Ct. App. 2006) ("a dismissal without prejudice is not an adjudication on the merits.")

Two cases are relevant. In *Brinson v. First American Bank of Georgia*, the court addressed a judgment in a *pro se* action for emotional damages filed in

3

magistrate court by a debtor against a bank that had garnished the debtor's wages. 409 S.E. 2d 50, 51 (Ga. Ct. App. 1991). After a hearing, the magistrate judge entered an order that "dismissed with/without prejudice (by reason of) '[Plaintiff] has been paid all money from garnishment.'"

The plaintiff filed a second suit, and the bank moved for summary judgment on the basis of *res judicata*. The plaintiff argued that the judgment in magistrate court was "not conclusive because it was not an adjudication on the merits." The Georgia Court of Appeals rejected this argument, reasoning that "[r]egardless of the terminology used, the magistrate court judgment states that Brinson's claim was rejected because all of the funds collected in the garnishment proceedings had been returned to him. This is an adjudication on the merits." 409 S.E. 2d at 53.

But it is unclear from the appeal court's opinion whether all of the quoted portion of the magistrate judge's order was actually written by the magistrate judge, or if instead some portion of this language appeared on a form order that the magistrate judge filled in. In particular, the portion of the quote referring to dismissal "with/without prejudice" is consistent with other form orders used in Georgia courts. Ga. Pleading, Practice and Legal Forms § 9-11-19(a) Form 4 (form order for trial courts stating that "Plaintiff's entire Complaint be dismissed [with/without] prejudice.") To the Court's eye, it appears that the quoted language consists of two parts: first, a part appearing on what was likely a form

4

order allowing a magistrate to circle whether its dismissal was "with[ or]/without prejudice," and a second part, filled in by the magistrate judge and quoted using internal quotation marks by the appeals court, where the magistrate judge indicated that "Plaintiff has been paid all money from garnishment." If this is the case, then the magistrate never indicated whether the dismissal was with or without prejudice, and so the appeals court could look to the substance of what the magistrate court did without risking inconsistency with what the magistrate judge actually ordered. *Brinson* is therefore factually distinguishable.

The second case is *Brown v. Adams*, cited by Defendants. 506 S.E. 2d 135 (Ga. Ct. App. 1998). In *Brown*, the plaintiff sued an individual for damages arising from an automobile accident. After the plaintiff presented her case in chief at trial in magistrate court, the defendant moved for a directed verdict, which the magistrate judge granted. The court entered an order on a pre-printed verdict form, crossed out the words "Judgment for Defendant" and wrote in the phrase "Involuntary Dismissal." The plaintiff appealed to superior court, but her appeal was dismissed when the court held that the "involuntary dismissal" was not a judgment and therefore not appealable. The Georgia Court of Appeals reversed and held that the magistrate judge did reach a judgment, analogizing to

the Georgia Civil Practice Act's[1] treatment of "involuntary dismissals" as *usually* resulting in an "adjudication upon the merits." 506 S.E. 2d at 136.

In both *Brown* and *Brinson*, the court could infer that the dismissal was with prejudice because the substance of the order indicated that the merits had been reached *and* because nothing in the magistrate judge's order indicated otherwise. Here, Defendants ask the Court to go a step further, and *ignore* the magistrate judge's clear statement that the case was "dismissed without prejudice." They do so with no actual evidence that the magistrate judge intended to dismiss the case with prejudice, other than the magistrate judge's statement that the "plaintiff failed to prove damages."

But that statement is not enough to overcome the plain language of the magistrate judge's order. The Court can imagine situations where a magistrate judge, aware of the fact that his court does not provide for discovery or other important procedures, denies recovery to a plaintiff but dismisses a case without prejudice because he believes the plaintiff could come back with stronger evidence later and because he is cognizant of his statutory obligation to construe "[a]ll rules and regulations relating to pleading, practice, and procedure . . . liberally" and "so as to administer justice." O.C.G.A. § 15-10-44 (regulating trial, dismissal, and continuance procedures in magistrate court).

---

[1] The court acknowledged that the Georgia Civil Practice Act did not in fact apply to magistrate courts, and instead use the dismissal provision of the Act to illustrate how Georgia courts typically treat "involuntary" dismissals.

6

Two other considerations guide the Court's decision.  First, usually a dismissal operates as a dismissal with prejudice, *unless* the court specifies otherwise.  *Douglas v. Douglas*, 233 S.E.2d 195, 196 (Ga. 1977) ("As a general rule, an involuntary dismissal . . . operates as an adjudication upon the merits unless the court in its order of dismissal states that it is without prejudice." *Douglas v. Douglas*, 238 Ga. 452, 453, 233 S.E.2d 195, 197 (1977).  When a court does specify otherwise, one should believe it.  And Defendants have pointed to no case authority suggesting that the magistrate judge was required to dismiss the case with prejudice under the circumstances present here.

Second, in other contexts, the Georgia Court of Appeals has remanded cases to trial courts seeking clarification when an order was apparently internally inconsistent and the grounds for dismissal with prejudice were unclear.  *See Wilken Investments, LLC v. Plamondon, III*, 712 S.E. 2d 576, 577 (Ga. Ct. App. 2011) (remanding case to trial court when trial court's order dismissing case with prejudice appeared to make an incorrect statement of law, dismissed claims against a party that was never properly before it, even though defendant argued claims were actually adjudicated) ("Because there is nothing in the trial court's order that allows us to determine upon what grounds the trial court granted the motion to dismiss or what evidence it considered in determining that the dismissal would be with prejudice, we vacate the order and remand the case to the trial court for clarification.")  The Court notes that Dixie likely could have

7

filed a motion for clarification in the magistrate court suit or sought testimony or discovery answers from the magistrate judge himself.  *Target Nat. Bank v. Luffman*, 324 Ga. App. 442, 444, 750 S.E.2d 750, 753 (Ga. Ct. App. 2013).  It did neither, and so the Court lacks the benefit of any explanatory ruling or evidence that might shed light on what transpired in the magistrate court case.  Accordingly, the Court lacks any additional explanatory basis upon which to construe the magistrate judge's order.

### III. Conclusion

For the foregoing reasons, the Court declines to grant summary judgment in Defendants' favor.  The Motion [Doc. 28] is **DENIED**.  The Parties are **DIRECTED** to submit a joint proposed modified discovery schedule within ten (10) days.

**IT IS SO ORDERED** this 28th day of March, 2017.

_____
**Amy Totenberg
United States District Judge**