Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

1          IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF GEORGIA
2             ATLANTA DIVISION

3

GUY MITCHELL,
4
         Plaintiff,
5                   CIVIL ACTION
      vs.
6                   FILE NO.
DIXIE TRANSPORT, INC.;      1:16-CV-00336-AT
7 FELIX MILO DALEY; and
GRANGE INDEMNITY INSURANCE
8 COMPANY,

9         Defendants.

10

11

           DEPOSITION OF
12
           JIMMY BROWN
13

14

         December 14, 2017
15
          2:10 p.m.
16

17

       100 North Park Avenue
18         Calhoun, Georgia

19

20

      L. Lynn Howell, CCR-B-992
21

22

23

24

25

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                          December 14, 2017

Page 2

```
 1                   APPEARANCES OF COUNSEL

 2

 3    On behalf of the Plaintiff:

 4         RICHARD P. HAMILTON, Esq.
           Hamilton Firm, LLC
 5         City View Center
           3330 Cumberland Boulevard, Suite 500
 6         Atlanta, Georgia  30339
           404-331-3032
 7

 8    On behalf of the Defendants:

 9         BEVERLY ADAMS, Esq.
           The Law Office of Dan J. Colley
10         3700 Crestwood Parkway, N.W.
           Suite 185
11         Duluth, Georgia  30096
           Adamsba@grangeinsurance.com
12

13                            -  -  -

14

15

16

17

18

19

20

21

22

23

24

25
```

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

Page 3

```
 1              INDEX TO EXAMINATIONS

 2          Examination                        Page

 3   JIMMY BROWN                                  5
     Examination                                  5
 4   By Mr. Hamilton

 5                          - - -

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                        December 14, 2017

Page 4

```
 1                    INDEX TO EXHIBITS

 2
     Plaintiff's
 3     Exhibit            Description              Page

 4
       Exhibit 6    5/30/14 Notice of Potential      17
 5                  Litigation and Request for
                    Preservation of Evidence
 6

 7

 8      (Original Exhibits 6 has been attached to the
     original transcript.)
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                                    December 14, 2017

Page 5

```
 1                 Deposition of JIMMY BROWN

 2                    December 14, 2017

 3           MR. HAMILTON:  Swear the witness.

 4                       JIMMY BROWN,

 5   having been first duly sworn, was examined and

 6   testified as follows:

 7                       EXAMINATION

 8   BY MR. HAMILTON:

 9       Q.    Mr. Brown, good afternoon.  I introduced

10   myself briefly just before we got on the record, but

11   more formally, my name is Rich Hamilton.  I'm an

12   attorney.  Don't let the casual attire fool you.

13   This is how I prefer to dress when I'm not in court.

14           I'm here on behalf of my client, Guy

15   Mitchell, who was the driver of the white van in this

16   case we are here about.  And you've been identified

17   as someone who is most knowledgeable about the

18   compliance issues for the Federal Motor Carrier

19   Safety Administration and the ownership and operation

20   of a trucking company.  Do you understand that?

21       A.    Yes.

22       Q.    So when I'm asking you questions, I just

23   want to get some kind of ground rules understood

24   before then.  When you answer questions, you're going

25   to be answering as an agent for and on behalf of the
```

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown
December 14, 2017

Page 6

 1    company.   Do you understand that?

 2         A.    Right.

 3         Q.    So if I say to you, what's the safety

 4    policy of Dixie, you are basically speaking as

 5    Dixie's mouth.   Does that make sense to you?

 6         A.    Yes.

 7         Q.    Have you ever given a deposition before?

 8         A.    Yes.

 9         Q.    How many times?

10         A.    Several.

11         Q.    Any of them involve tractor-trailer

12    collisions?

13         A.    Yes.

14         Q.    When was the most recent?

15         A.    Well, the most recent was about a year

16    ago, two years ago.   Two years ago, I guess it was.

17         Q.    Do you know where that case was pending?

18         A.    They settled the case.   It was in Alabama.

19         Q.    It was in Alabama.   Did it involve one of

20    your tractors and trailers?

21         A.    Yeah.

22         Q.    Did you have any of those types of cases

23    in Georgia?

24         A.    Over the years, we have, yes, but I

25    can't -- you know, it's been a -- been a long time.

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 7

1      Q.    Let's talk a little bit about Dixie

2    itself.  Are you the owner of Dixie Transport?

3      A.    Yes.

4      Q.    Is there anybody else that owns it with

5    you?

6      A.    No.  My brother works for me, but I'm the

7    sole owner of it.

8      Q.    How long has Dixie been in business?

9      A.    '78.

10     Q.    So if I'm doing my math, that's --

11     A.    That's about 40 years.

12     Q.    -- about 40 years.

13           And you guys are an interstate carrier;

14   correct?

15     A.    Right.

16     Q.    And according to Mr. Daley, it's mostly

17   dry goods or just general merchandise?

18     A.    We run dry goods and we run tankers.  He

19   never drove the tankers but he -- he run the dry

20   goods.

21     Q.    Is it Haz Mat tankers?

22     A.    No.  No, they are not Haz Mat.  They are

23   plastic pellets for the carpet mills.

24     Q.    And he was explaining to me that most of

25   the stuff that they would haul was textile related?

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 8

 1      A.    Right.

 2      Q.    **Is that basically correct?**

 3      A.    Yeah, that's your carpet mills type stuff,

 4   yeah.

 5      Q.    **And where you would haul would be between**

 6   **here and Tennessee or Alabama or basically --**

 7      A.    Well, we -- we used to haul the 48 states.

 8   We cut it back to Georgia, Alabama, and Tennessee

 9   couple years ago.

10      Q.    **Why is that?**

11      A.    Because you make just as much money and

12   you don't have to put up with that California BS out

13   there.

14      Q.    **Okay.  Fair enough.  It wasn't anything**

15   **regulatory, just a business decision?**

16      A.    Too many -- too many regulations out

17   through there, you know.

18      Q.    **Sure.**

19      A.    And so I decided to cut it back.  We are

20   doing just as good that way as we was running the 48

21   states.

22      Q.    **How many drivers do you currently have?**

23      A.    Currently, we got three currently.

24      Q.    **What's the average that you've had over**

25   **the last let's say five years?**



 1      A.     Average what?

 2      Q.     What's the average number of drivers you

 3  would have let's say over the last five years?

 4      A.     Golly, you talking about --

 5      Q.     Not how many you've employed,

 6  collectively.

 7      A.     Yeah, how many we've went through there?

 8      Q.     No, no, no.  No.  On any given time,

 9  what's the most -- what would you have as far as

10  number of drivers?

11      A.     We have ten trucks.

12      Q.     Okay.

13      A.     Now we got four sitting because no

14  drivers.  We're running three.

15      Q.     You've had as many as ten drivers?

16      A.     Yeah.

17      Q.     What's the most you've ever had?

18      A.     About twelve.

19      Q.     Twelve?

20      A.     Yeah.

21      Q.     And was that within the last ten years?

22      A.     Last ten years.

23      Q.     Now, Mr. Daley said in his deposition

24  that, again, his hauling was mostly interstate

25  between here and somewhere around Tennessee.  Is that

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

Page 10

 1    your recollection of it?

 2        A.    Yeah, well, Tennessee, Georgia, and

 3    Alabama, so he might be in any of those states at any

 4    time.

 5        Q.    One of the things, an issue came up, and I

 6    think he's already kind of agreed with me on this, is

 7    that because you are an interstate carrier, you

 8    understand that you are subject to the regulations

 9    contained in this book (indicating)?

10        A.    Oh, I got one of those.

11        Q.    Okay.  And when we refer to it as, one of

12    those, that's the Federal Motor Carrier Safety

13    Regulations?

14        A.    Right.

15        Q.    So you understand that when your guys get

16    in the truck, this is the book that you guys have got

17    to follow pretty much to the T; correct?

18        A.    Yes.

19        Q.    So let's talk about some of the general

20    things that this book requires.  It requires you to

21    keep certain paperwork as a result of --

22        A.    Logbooks.

23        Q.    Logbooks.  So we've got logbooks.  We've

24    got --

25        A.    Insurance inspection stickers.  All the



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 11

 1   stuff that's in there.

 2       Q.    Okay.  Well, let me just run through some

 3   of them so we --

 4       A.    Okay.

 5       Q.    These are the only ones I'm really going

 6   to talk about today.  Logbooks, you've got to keep

 7   logbooks for a certain period of time?

 8       A.    Six months.

 9       Q.    Then you've got to have your daily

10   inspection reports?

11       A.    Once a year.

12       Q.    And then your yearly inspection reports?

13       A.    Once a year.

14       Q.    And then -- I don't know if we have any

15   other topics that I want to cover on this beyond

16   that.  But you understand, that's -- you as the

17   compliance person are the person that's really got to

18   make sure that all of those things have been kept and

19   in a safe place should the need arise for them to be

20   inspected; correct?

21       A.    Right.  The logbooks -- well, the logbooks

22   are in a file.  The -- all the health physicals and

23   all that is in a locked cabinet.  That's a

24   requirement.

25       Q.    Now, there was a set of interrogatories, a



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown
December 14, 2017

Page 12

1    document that I had served to you folks.  And I'm not

2    going to mark it, but do you remember --

3           MR. HAMILTON:  Actually, do you have the

4       caption page there?

5           THE COURT REPORTER:  Yes.

6           (Off the record.)

7           MR. HAMILTON:  I'm not going to mark it,

8       but I just want to kind of have you look at it.

9       Q.    (By Mr. Hamilton)  These are what they

10   refer to as interrogatories, which are a set of

11   questions which I basically mailed to your attorney

12   to have you review and sign.

13      A.    Uh-huh.

14      Q.    And then on the very back of it, it has a

15   verification, which I think one of these pages --

16   yeah, that's your signature on the very back;

17   correct?

18      A.    Right.  Yeah.

19      Q.    Now, in these requests, I had asked for --

20   and I just need to ask you directly because I realize

21   some of this is going to be repetitive -- if there

22   was any training materials that you had for

23   Mr. Daley.  Does Dixie keep a set of training

24   materials for its new drivers?

25      A.    The only training that you are really

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 13

1   required to have is our insurance, which is you got

2   to be driving within 24 months.  And he's got to pass

3   all of his CDL requirements, which is stoplights, red

4   lights, any kind of crashes, all that's got to be

5   reported.  That will be on the MVR.  If the MVR is

6   not qualified, they will turn him down, and so will

7   the DOT.

8        Q.    So my question is:  When I asked for any

9   booklets, guidelines, rules that Dixie would have

10  prepared that --

11       A.    We have that somewhere in those notes, I

12  believe.

13       Q.    Okay.  Because I never received anything

14  as far as training manuals or employee manuals.

15       A.    Yeah, no, it won't be a manual.  It will

16  be a -- it will be -- it's somewhere in those notes

17  right there, that we do have a -- well, when you got

18  a driver like Daley who's been driving all of his

19  life, there's not a whole lot you can train him

20  except get the major things done that the DOT

21  requires and the insurance requires.

22       Q.    Okay.

23       A.    You know, that's kind of how simple it is.

24  We give him a driver's test.  He passed the driver's

25  test.  He did all the maintenance.  We checked to



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown
December 14, 2017

Page 14

1  make sure he knew how to do all the maintenance and

2  all that.  That's all that works.  so once he does

3  that, why, he's -- he's qualified if the insurance

4  approves him.

5      **Q.    But my question was just if Dixie ever**

6  **prepared a document like in a folder that said, This**

7  **is the employee manual for Dixie Transport.  Does**

8  **anything like that exist?**

9      A.    We have something to that nature.  It's

10  not a manual but -- like I said, it's somewhere in

11  that -- those documents right there.  I can find it.

12  It's probably at my office.  I can get you a copy if

13  you'd like.

14      **Q.    Okay.  Because I asked for that, and I**

15  **didn't receive -- let me --**

16      A.    I might have overlooked it or something

17  there.

18      **Q.    Let me just --**

19      A.    And you got everything else you asked for

20  there?

21      **Q.    Well, that's what I don't -- see, that's**

22  **why I'm hitting you with this list here of things**

23  **that I didn't get, which I want to see if they even**

24  **exist.  So the first thing was, rules and policies,**

25  **et cetera, that Dixie had.  And you think there may**



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                      December 14, 2017

                                                            Page 15

1    be something there.  So if we can --

2        A.    We do have that because we have -- we have

3    how many days that the driver gets paid from holidays

4    and all that stuff.

5        Q.    Yeah.

6        A.    But I don't have that with me, I mean.

7        Q.    That's fine.

8        A.    You know, I thought -- I didn't --

9        Q.    No, no, that's fine.

10            MR. HAMILTON:  Beverly, let me help you

11        out.

12            MS. ADAMS:  Uh-huh.

13            MR. HAMILTON:  It's rog 13 and RFP 48, 50,

14        and 51.  And here, let me jump to the Request

15        for Production of Documents.

16            This is just for your attorney's benefit

17        so just -- I don't want to waste your time.  We

18        can probably skip through a bunch of this stuff.

19            RFP 48 asks for policies, procedures,

20        rules, et cetera.  Okay.  And I got an objection

21        that it was overly broad.  And 49 asks for the

22        signing of that by Mr. Daley if there was such a

23        signature requirement.  50 is the same thing.

24        51 is the same thing.  Basically that's -- if

25        they have internal guidelines, I mean, I'd just

 1     like to see them, you know.

 2          MS. ADAMS:  Rich, this is something that I

 3     haven't seen before, and it may be what you are

 4     looking for, and Felix has signed it.  If we

 5     haven't produced it, I'm happy to make a copy of

 6     it --

 7          MR. HAMILTON:  Okay.

 8          MS. ADAMS:  -- if you want to take a look

 9     at it.

10          MR. HAMILTON:  Yeah, let me just -- let me

11     set that aside because that may just satisfy a

12     number of the questions that I'm going to have.

13          (Off the record.)

14     Q.    (By Mr. Hamilton)  Your attorney will get

15     with you on that, and if it exists, we'll just have

16     you get that over to her.

17     A.    Make some copies.  Okay.

18     Q.    All right.  The other thing is logs.  Now,

19     I realize it's a six-month window that is required

20     for you to keep them.  But there was a letter sent to

21     you by some attorney at one point in time asking you

22     to retain a bunch of stuff.  And let me see if I can

23     find that for you.

24          (Off the record.)

25     Q.    (By Mr. Hamilton)  Has Grange Insurance

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 17

 1    ever told you or written you a letter saying that

 2    they were not going to cover you in the event of a

 3    lawsuit for this case?

 4         A.    Not that I'm aware of.

 5         Q.    And they have never said to you, you know,

 6    coverage was denied?

 7         A.    Not that I'm aware of.  Only thing, you

 8    know, I thought it was over with when they paid the

 9    van off.  It wasn't nothing wrong with the guy.  He's

10    running around there not doing -- but now you got

11    this other lawsuit coming in here, which is a bunch

12    of bull, you know what I mean, far as I'm concerned.

13         Q.    I get it.

14         A.    I've got his pictures where he's running

15    all over the place around there.  Nothing wrong with

16    the man.

17         Q.    We're going to talk about that in a

18    second.  Here's what I'm talking about.  Let's --

19              (Off the record.)

20              MR. HAMILTON:  Let's mark this as 6.

21              (Plaintiff's Exhibit 6 was marked for

22         identification.)

23              THE WITNESS:  Wasn't it Bo Gray that was

24         the first guy who come up here for an attorney?

25              MS. ADAMS:  Correct.

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                                    December 14, 2017

Page 18

 1            MR. HAMILTON:  Don't talk yet while

 2       she's --

 3       Q.    (By Mr. Hamilton)  I've put in front of

 4   you what has been marked today as Plaintiff's Exhibit

 5   6, which is a letter from an attorney, Montlick &

 6   Associates.

 7       A.    Oh, yeah, yeah, I remember that one.

 8       Q.    Do you remember getting a copy of that

 9   letter?

10       A.    Yeah, I remember Montlick & Associates.

11   They are on TV every morning.

12       Q.    That's the ones.  That's the ones.

13       A.    Yeah.

14       Q.    That letter asked for you to set aside for

15   safekeeping in the event of a lawsuit a bunch of

16   documents.  Do you recall that?

17       A.    No, I don't recall that because it's been

18   too long.

19       Q.    I guess my point is, you acknowledged

20   receiving the letter.  Do you remember anybody in

21   your office setting aside any of those documents in

22   there?

23       A.    No.  Whenever we got this, they had --

24   Grange had already settled on the van, I think.  We

25   thought it was over with.  We never heard nothing

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 19

 1   else out of these people.

 2       Q.    Okay.  And the reason why I'm asking you

 3   is this:  There's a bunch of documents that I have

 4   asked for that are covered in that which you and I

 5   may have disagreement on it, but that letter says you

 6   should have kept aside.  And what I've asked for

 7   here -- for example, I've asked for Mr. Daley's logs.

 8   And I never got any.

 9       A.    You ain't going to get them.

10       Q.    Because they were destroyed?

11       A.    We purged them.  We purge the logs every

12   six months.  And you know why we do that?  Because

13   when the DOT ever comes in there, they can go back as

14   long as you've got logs, and we don't need that.  The

15   requirement in the books says six months.  And

16   that's -- we get rid of them.

17       Q.    But this letter here which you received

18   asked you to keep them aside for longer.  And I just

19   want to know if they still exist.

20       A.    They do not exist.

21       Q.    Okay.  So those -- the logs have been

22   destroyed.

23             The next items that I asked for are all

24   the maintenance records for the tractor that

25   Mr. Daley was driving at the time of the wreck.



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

Page 20

```
 1        A.    I believe we have those.

 2        Q.    I don't have a single maintenance record

 3   for anything, and I asked for those.  So if you

 4   can --

 5        A.    We can get them for you.

 6        Q.    Okay, yeah.  See and --

 7        A.    I mean, we've still got those.

 8        Q.    Okay.  And here's -- there's really two

 9   sets of things that I am looking for, because this is

10   really the only things that matter to me, are the

11   daily inspection reports --

12        A.    Okay.

13        Q.    -- for the tractor, for this tractor.  I

14   don't care about any of the other tractors.

15        A.    Right.

16        Q.    Daily inspection reports, which would --

17   and just give me six months from the date of the

18   wreck back, if you have them.

19        A.    Okay.

20        Q.    For this tractor, the daily inspection

21   reports, the maintenance records, and at least one

22   yearly inspection for the tractor.  I don't have any

23   of that stuff.  So if they exist, if you could put

24   them together for me, get them off to your attorney.

25        A.    We have that because we have the truck
```



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 21

 1   files.

 2       Q.    Okay.  And that's really --

 3       A.    Yeah.

 4             MR. HAMILTON:  And incidentally, that's

 5       RFP 28, all right?  You know what I'll do?  I'll

 6       just -- I'm going to run down what's in the

 7       discovery responses that I don't have, and this

 8       way it's on the record in case you want to just

 9       refer to the transcript.

10             RFP 28, which is all the maintenance

11       records, inspections, and repairs of this

12       tractor.  Okay, Beverly?

13             MS. ADAMS:  Uh-huh.

14             MR. HAMILTON:  And then hours of service,

15       we've covered that.

16             Dixie's rules, regulations, and policies.

17       We've covered that.  He says he's going to go

18       back and look for them.

19             Yeah.  That's really the only ones that I

20       need because everything else, I've covered on

21       this with him, with Mr. Daley and Mr. Brown.

22             If you'd let me have a look at this.  The

23       obvious predicament is this:  There may be

24       questions on those documents that I may have.

25       And I certainly don't want to waste his time

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

Page 22

 1    today on moving forward with him if I don't have

 2    those documents.

 3        MS. ADAMS:  Sure, okay.

 4        MR. HAMILTON:  So let me have a look at

 5    this.  It may make sense, if you get me those

 6    documents, if I have questions, we can come

 7    back.  We'll just adjourn this.  Does that make

 8    sense?

 9        MS. ADAMS:  Sure.

10        MR. HAMILTON:  Okay.  Do you understand

11    what I'm --

12        THE WITNESS:  Where you going with this?

13    That's what I don't understand.  Where you going

14    with this lawsuit?  I mean --

15        MR. HAMILTON:  Well, technically, you

16    can't ask me any questions.

17        You might want to address that to him

18    outside of this.

19        I don't mind talking to you.  I'm not

20    allowed to talk to you.

21        THE WITNESS:  Oh, okay.

22        MR. HAMILTON:  Okay?  I don't mean to be

23    disrespectful to you in any way.

24        THE WITNESS:  Well, I got my opinions

25    about this thing.



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

Page 23

1          MR. HAMILTON:  I know you do.  And I'll

2      ask you about some of the other opinions

3      shortly, because there's a couple of things I

4      want to ask you about.  But just so you

5      understand, the law prohibits me --

6          THE WITNESS:  Okay, I understand.

7          MR. HAMILTON:  The law prohibits me from

8      talking to you about things in general outside

9      of the context of these questions.  So when I

10     say -- I would love to talk to you, but I can't.

11         THE WITNESS:  Okay.

12     Q.   (By Mr. Hamilton)  All right.  Well, let's

13  segue.  I can do two things at once here.  The

14  other -- this has been previously marked as

15  Plaintiff's Exhibit 2.  Let me have you have a look

16  at that and tell me if you recognize that document.

17     A.   Yeah, this is -- this come from our

18  office, yeah.

19     Q.   When you say comes from your office, was

20  it -- did you prepare it?

21     A.   I really don't know, to be honest with

22  you.  It's been a long time.

23     Q.   Do me a favor.

24     A.   2014.

25     Q.   I get it.  Do me a favor, take your time

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 24

1    and read it from top to bottom.  And when you're

2    done, just let me know, because I just want to ask

3    you a couple of questions about it.

4         A.    Okay, yeah.

5              MR. HAMILTON:  We're going to go off the

6         record for one second.

7              (Off the record.)

8         Q.    (By Mr. Hamilton)  Staying with

9    Plaintiff's Exhibit 2, you've had a chance to read

10   that from top to bottom?

11        A.    Yeah.  Yes.

12        Q.    Now, there are some highlighted portions

13   to that --

14        A.    Right.

15        Q.    -- which I got to get my copy.  Sorry.

16   Just trying to make things quicker here.  Okay.

17             The third paragraph, which begins, It is

18   believed; do you see that?

19        A.    Yes.

20        Q.    It is believed by Dixie Transport, Inc.,

21   that this was an intentional stop in front of a truck

22   traveling 70 miles per hour to collect insurance

23   money, not only from the insurance company, also from

24   Dixie Transport, due to Dixie Transport, Inc., was

25   contact by or seen on a TV lawyer, Montlick &

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown
December 14, 2017

Page 25

 1   Associates, and for some reason this lawyer dropped

 2   the case.

 3          Do you agree with what's said in that

 4   paragraph?

 5      A.    Absolutely.

 6      Q.    Let me ask it to you differently, because

 7   I asked Mr. Daley this:  Do you think -- -- strike

 8   that.

 9          Do you understand what my client is

10   seeking in this lawsuit?

11      A.    No, I don't.

12      Q.    Have you been told that he's seeking

13   recovery for personal injuries and medical expenses?

14      A.    I've heard that.

15      Q.    Are you aware that he has been paid for

16   his property damage, and that's not part of this

17   lawsuit?

18      A.    I'm aware that they paid for the van.

19      Q.    Now, my next question is this.  And this

20   may seem like a direct kind of a stern question, and

21   I don't mean any disrespect by it, okay, but I've got

22   to know:  Do you think my client's a liar when it

23   comes to this lawsuit?

24      A.    I sure do.

25      Q.    Tell me why.



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                          December 14, 2017

Page 26

 1      A.    Because he told us up there on the road on

 2    the interstate -- I sent my mechanic up there, the

 3    DOT was there, the State Patrol was there, and my

 4    brother went up there.  He said something blew out of

 5    a truck.  He said something blew out of the truck and

 6    he stopped.

 7              Well, the DOT, State Patrol and all, we

 8    all went back up through there, two miles up the

 9    road, and there was nothing on the side of the road,

10    nothing in the road.  So he did it on purpose.

11              You don't drive down the middle of the

12    interstate and slam on your damn brakes in the middle

13    of the interstate and let a truck run into you.  I

14    mean, it's stupid.  It's a good way to get killed,

15    you know what I mean?

16      Q.    I hear what you're saying.

17      A.    So he got -- he got -- he got up there in

18    front of that truck and he slammed on his brakes,

19    and, you know, it happens.  And I think he's trying

20    to rip the insurance company off.

21      Q.    Are you aware that Mr. Daley -- well, I

22    will tell you this.  You're probably not even aware

23    of it.  Mr. Daley testified and he supported my

24    client's position on this directly, that there was a

25    truck in front of my client where a box came out of



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                          December 14, 2017

Page 27

1    it and papers came out and ended up in my client's

2    lane.  Are you aware that Mr. Daley --

3         A.    No, I do not -- I do not believe that

4    because we -- we never could find nothing on the

5    interstate.  And I'm talking about the State Patrol

6    and the DOT because he told them that, too, and they

7    went back up through there searching.

8         Q.    Do you think that Mr. Daley is wrong?

9         A.    I think he's wrong about that.

10        Q.    This may be an odd question.  Obviously

11   you think my client's lying about it, but do you

12   think Mr. Daley would be lying about it?

13        A.    I don't think Daley would lie

14   intentionally, no, but I don't think that's true.  I

15   think that's what the guy told him happened.

16        Q.    Okay.  Because what he also did was, on

17   Plaintiff's Exhibit 1-B, he pointed this out to me.

18   This was him.  He said in the very far right side of

19   that was one of the pieces of paper that he says he

20   saw -- I'm talking about Mr. Daley, not my guy.

21        A.    Yeah.

22        Q.    Mr. Daley said that one of the pieces of

23   paper that was part of what caused my client to brake

24   is depicted in that photograph.

25        A.    I don't know about that, now.  You know,



1 this was -- he was before -- that was down below it,

2 if it was there.  I don't know what that is.  I mean,

3 I've never seen that little -- all I've got is copies

4 of it over there.

5   Q. **Okay.  And, again, I'm not here to start a**

6 **fight with you, okay?**

7   A. Yeah, I understand.

8   Q. **I'm just telling you that --**

9   A. All right, let me ask you this --

10   MS. ADAMS:  You can't ask him anything.

11   THE WITNESS:  Oh, okay.

12   Q. **(By Mr. Hamilton)  Mr. Daley -- both**

13 **Mr. Daley and Mr. Mitchell have now given sworn**

14 **testimony --**

15   A. Okay.

16   Q. **-- that a box came out of a truck ahead of**

17 **my guy -- my guy, meaning the guy in the white van--**

18   A. Right.

19   Q. **-- and that caused my guy to brake.  Now,**

20 **Mr. Daley and my guy differ as to how much my guy**

21 **braked, et cetera.  But as you sit here today, is**

22 **that the first time that you have heard of this**

23 **information related to this wreck?**

24   A. Yes.

25   Q. **Now, because this is going to be -- and we**



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                      December 14, 2017

Page 29

 1  are obviously going to adjourn today and we are going

 2  to come back and I'm going to ask you some more

 3  questions when I get those other documents.  But I

 4  want you to do me this favor:  Is I'm going to ask

 5  you that question again whether or not you think my

 6  client's lying about how the wreck occurred when I

 7  see you again.

 8       A.    Okay.

 9       Q.    And the reason simply is this:  Is that

10  we've got two guys on opposite sides of the case who

11  say the same thing, and you're still calling my guy a

12  liar.  That's something that I need to know if that's

13  what you still believe.  So when I see you again,

14  I'll ask you that question again.

15            I get it that everybody gets upset about

16  these things, and I get that people have tendencies

17  to think that people are frauds and everything else.

18  But that's a real serious allegation that my guy is a

19  fraud.

20       A.    I'll call it to him to his face, you bring

21  him in here.

22       Q.    Well, you'll have your opportunity to do

23  that in court, okay?

24       A.    Okay.

25       Q.    But in light of this information about his



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

Page 30

 1    intentionally stopping when there was no reason to

 2    do, I'm going to ask you to reconsider that.  That's

 3    all, okay.

 4              MR. HAMILTON:  Let's take five minutes.

 5         Let me take a look at this.

 6              MS. ADAMS:  Sure.

 7              MR. HAMILTON:  And then, again, with your

 8         consent, we'll adjourn now.  And then, again, I

 9         don't take very long going through these

10         documents so we'll have him back here another

11         time.  And if you want to do it at his place, I

12         don't care.

13              MS. ADAMS:  His place is going to be kind

14         of noisy.

15              MR. HAMILTON:  Wherever you want to do it,

16         just, again, to accommodate him.

17              So let's go off the record for five

18         minutes.

19              (Recess from 2:43 p.m. to 2:44 p.m.)

20              MR. HAMILTON:  Back on the record.

21         Mr. Brown, we are going to adjourn your

22         deposition here because I think there are some

23         documents that may exist which I just haven't

24         gotten ahold of.

25              THE WITNESS:  Okay.



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 31

 1       MR. HAMILTON:  And in all fairness to me,

 2   I'd like to be able to review them before I ask

 3   you questions about them.  And if I have no

 4   questions on them, I'll tell your attorney that

 5   I'm good and we don't need to have you back.

 6   But procedurally I just want to say that we are

 7   going to adjourn this with the opportunity to

 8   ask you questions about those newly discovered

 9   documents.  Is that fair?

10       THE WITNESS:  That's fair.

11       MR. HAMILTON:  Well, thank you again.  I'm

12   sorry it even took this long, but I appreciate

13   you taking the time.

14       THE WITNESS:  No problem.

15       MR. HAMILTON:  It was a pleasure to meet

16   you.  I'm sorry it's under these circumstances.

17       THE WITNESS:  Well, it happens.

18       THE COURT REPORTER:  You want the same

19   with copies on this?

20       MR. HAMILTON:  Yes, same thing.

21       THE COURT REPORTER:  Beverly?

22       MS. ADAMS:  Yes.

23       (Pursuant to Rule 30(e) of the Federal

24   Rules of Civil Procedure and/or O.C.G.A.

25   9-11-30(e), the deponent and/or a party having

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown
December 14, 2017

Page 32

1     requested the right to review the deposition,

2     making corrections and/or changes and signing,

3     for that purpose the errata pages have been

4     annexed hereto.)

5            (Deposition adjourned at 2:45 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                                December 14, 2017

Page 33

1              Mitchell vs. Dixie Transport, et al.

2

3          The preceding deposition taken in the matter, on

4     the date, and at the time and place set out on the

5     title page hereof.

6          It was requested that the deposition be taken by

7     the reporter and that same be reduced to typewritten

8     form.

9          It was agreed by and between counsel and the

10    parties that the Deponent will read and sign the

11    transcript of said deposition.

12

13

14

15

16

17

18

19

20

21

22

23

24

25



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                                    December 14, 2017

Page 34

 1    STATE OF GEORGIA:

 2    COUNTY OF COBB:

 3

 4        I hereby certify that the foregoing transcript

 5    was reported, as stated in the caption, and the

 6    questions and answers thereto were reduced to

 7    typewriting under my direction; that the foregoing

 8    pages represent a true, complete and correct

 9    transcript of the evidence given upon said hearing,

10    and I further certify that I am not of kin or counsel

11    to the parties in the case; am not in the employ of

12    counsel for any of said parties; nor am I in any way

13    interested in the result of said case.

14

15

16

17

18

19

20

21        _____

22        L. Lynn Howell, CCR-B-992

23

24

25

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                    December 14, 2017

Page 35

1         Disclosure Pursuant to Article 8(B) of the Rules

2    and Regulations of the Board of Court Reporting of

3    the Judicial Council of Georgia, I make the following

4    disclosure:

5         I am a Georgia Certified Court Reporter, here as

6    a representative of Elizabeth Gallo Court Reporting,

7    LLC, to report the foregoing matter.  Elizabeth Gallo

8    Court Reporting, LLC, is not taking this deposition

9    under any contract that is prohibited by O.C.G.A.

10   15-14-37 (a) and (b).

11        Elizabeth Gallo Court Reporting, LLC, will be

12   charging its usual and customary rates for this

13   transcript.

14

15

16

17

18

19

20

21

22

23

24

25

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                                December 14, 2017

Page 36

1      CASE:  Guy Mitchell vs Dixie Transport, Inc., et al.

2      NAME OF WITNESS:    Jimmy Brown

3                The preceding deposition was taken

4      in the matter, on the date and at the time and

5      place set out on the title page hereof.

6

7                It was requested that the deposition

8      be taken by the reporter and that same be

9      reduced to typewritten form.

10

11                It was agreed by and between counsel

12      and the parties that the deponent will read and

13      sign the transcript of said deposition.

14

15                Said jurat is to be returned within

16      30 days following receipt of the transcript to

17      the following address:

18

19                Elizabeth Gallo Court Reporting, LLC

20                2900 Chamblee Tucker Road

21                Building 13, First Floor

22                Atlanta, Georgia 30341

23

24

25

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown                                                      December 14, 2017

Page 37

1  NAME OF CASE:      Guy Mitchell vs Dixie Transport, Inc., et al.

   DATE OF DEPOSITION: 12/14/2017

2  NAME OF WITNESS:   Jimmy Brown

3  EGCR Job No.:      43755

4                     CERTIFICATE

5          Before me this day personally

   appeared JIMMY BROWN, who, being duly

6  sworn, states that the foregoing transcript of

   his/her deposition, taken in the matter, on

7  the date and at the time and place set out on

   the title page hereof, constitutes a true and

8  accurate transcript of said deposition.

9                   _____

10                      JIMMY BROWN

11         SUBSCRIBED and SWORN to before me

12 this _____ day of _____ 20____.

13 in the jurisdiction aforesaid.

14

   _____        _____

15 My Commission Expires      Notary Public

16     STATE OF _____

17     COUNTY/CITY OF _____

18

19     []   No changes made to the Errata Sheet;

20 therefore, I am returning only this signed,

21 notarized certificate.

22     []   I am returning this signed,

23 notarized certificate and Errata Sheet with

24 changes noted.

25

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown
December 14, 2017

Page 38

1               Errata Sheet

2  NAME OF CASE:     Guy Mitchell vs Dixie Transport, Inc., et al.

3  DATE OF DEPOSITION: 12/14/2017

4  NAME OF WITNESS:   Jimmy Brown

5  Reason Codes:  1. To clarify the record

6                 2. To correct transcription errors

7                 3. Other

   _____

8  _____

9   Page _____ Line _____ Reason _____

10  From _____ to _____

11  Page _____ Line _____ Reason _____

12  From _____ to _____

13  Page _____ Line _____ Reason _____

14  From _____ to _____

15  Page _____ Line _____ Reason _____

16  From _____ to _____

17  Page _____ Line _____ Reason _____

18  From _____ to _____

19  Page _____ Line _____ Reason _____

20  From _____ to _____

21  Page _____ Line _____ Reason _____

22  From _____ to _____

23

24   SIGNATURE:_____ DATE:_____

25            Jimmy Brown

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

Page 39

```
1              Errata Sheet

2   NAME OF CASE:     Guy Mitchell vs Dixie Transport, Inc., et al.

3   DATE OF DEPOSITION: 12/14/2017

4   NAME OF WITNESS:   Jimmy Brown

5   Reason Codes:  1. To clarify the record

6                  2. To correct transcription errors

7                  3. Other

    _____
8   _____

9    Page _____ Line _____ Reason _____

10   From _____ to _____

11   Page _____ Line _____ Reason _____

12   From _____ to _____

13   Page _____ Line _____ Reason _____

14   From _____ to _____

15   Page _____ Line _____ Reason _____

16   From _____ to _____

17   Page _____ Line _____ Reason _____

18   From _____ to _____

19   Page _____ Line _____ Reason _____

20   From _____ to _____

21   Page _____ Line _____ Reason _____

22   From _____ to _____

23

24    SIGNATURE:_____ DATE:_____

25              Jimmy Brown
```

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

## Exhibits

**Plaintiff's Exhibit 06**
4:4 17:21 18:4,5

### 1

**1-B** 27:17
**13** 15:13
**14** 5:2

### 2

**2** 23:15 24:9
**2014** 23:24
**2017** 5:2
**24** 13:2
**28** 21:5,10
**2:43** 30:19
**2:44** 30:19

### 4

**40** 7:11,12
**48** 8:7,20 15:13,19
**49** 15:21

### 5

**50** 15:13,23
**51** 15:14,24

### 6

**6** 17:20,21 18:5

### 7

**70** 24:22
**78** 7:9

## A

**Absolutely** 25:5
**accommodate** 30:16
**acknowledged** 18:19
**ADAMS** 15:12 16:2,8 17:25 21:13 22:3,9 28:10 30:6,13
**address** 22:17
**adjourn** 22:7 29:1 30:8, 21
**Administration** 5:19
**afternoon** 5:9
**agent** 5:25
**agree** 25:3
**agreed** 10:6
**ahead** 28:16
**ahold** 30:24
**Alabama** 6:18,19 8:6,8 10:3
**allegation** 29:18
**allowed** 22:20
**answering** 5:25
**approves** 14:4
**arise** 11:19
**asks** 15:19,21
**Associates** 18:6,10 25:1
**attire** 5:12
**attorney** 5:12 12:11 16:14,21 17:24 18:5 20:24
**attorney's** 15:16
**average** 8:24 9:1,2
**aware** 17:4,7 25:15,18 26:21,22 27:2

## B

**back** 8:8,19 12:14,16

19:13 20:18 21:18 22:7 26:8 27:7 29:2 30:10,20
**basically** 6:4 8:2,6 12:11 15:24
**begins** 24:17
**behalf** 5:14,25
**believed** 24:18,20
**benefit** 15:16
**Beverly** 15:10 21:12
**bit** 7:1
**blew** 26:4,5
**Bo** 17:23
**book** 10:9,16,20
**booklets** 13:9
**books** 19:15
**bottom** 24:1,10
**box** 26:25 28:16
**brake** 27:23 28:19
**braked** 28:21
**brakes** 26:12,18
**briefly** 5:10
**bring** 29:20
**broad** 15:21
**brother** 7:6 26:4
**Brown** 5:1,4,9 21:21 30:21
**BS** 8:12
**bull** 17:12
**bunch** 15:18 16:22 17:11 18:15 19:3
**business** 7:8 8:15

## C

**cabinet** 11:23
**California** 8:12
**call** 29:20
**calling** 29:11

**caption** 12:4
**care** 20:14 30:12
**carpet** 7:23 8:3
**carrier** 5:18 7:13 10:7, 12
**case** 5:16 6:17,18 17:3 21:8 25:2 29:10
**cases** 6:22
**casual** 5:12
**caused** 27:23 28:19
**CDL** 13:3
**cetera** 14:25 15:20 28:21
**chance** 24:9
**checked** 13:25
**client** 5:14 25:9 26:25 27:23
**client's** 25:22 26:24 27:1,11 29:6
**collect** 24:22
**collectively** 9:6
**collisions** 6:12
**company** 5:20 6:1 24:23 26:20
**compliance** 5:18 11:17
**concerned** 17:12
**consent** 30:8
**contact** 24:25
**contained** 10:9
**context** 23:9
**copies** 16:17 28:3
**copy** 14:12 16:5 18:8 24:15
**correct** 7:14 8:2 10:17 11:20 12:17 17:25
**couple** 8:9 23:3 24:3
**court** 5:13 12:5 29:23
**cover** 11:15 17:2



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

coverage 17:6

covered 19:4 21:15,17,20

crashes 13:4

cut 8:8,19

**D**

daily 11:9 20:11,16,20

Daley 7:16 9:23 12:23 13:18 15:22 19:25 21:21 25:7 26:21,23 27:2,8,12,13,20,22 28:12,13,20

Daley's 19:7

damage 25:16

damn 26:12

date 20:17

days 15:3

December 5:2

decided 8:19

decision 8:15

denied 17:6

depicted 27:24

deposition 5:1 6:7 9:23 30:22

destroyed 19:10,22

differ 28:20

differently 25:6

direct 25:20

directly 12:20 26:24

disagreement 19:5

discovery 21:7

disrespect 25:21

disrespectful 22:23

Dixie 6:4 7:1,2,8 12:23 13:9 14:5,7,25 24:20,24

Dixie's 6:5 21:16

document 12:1 14:6 23:16

documents 14:11 15:15 18:16,21 19:3 21:24 22:2,6 29:3 30:10,23

DOT 13:7,20 19:13 26:3,7 27:6

dress 5:13

drive 26:11

driver 5:15 13:18 15:3

driver's 13:24

drivers 8:22 9:2,10,14,15 12:24

driving 13:2,18 19:25

dropped 25:1

drove 7:19

dry 7:17,18,19

due 24:24

duly 5:5

**E**

employed 9:5

employee 13:14 14:7

ended 27:1

event 17:2 18:15

EXAMINATION 5:7

examined 5:5

Exhibit 17:21 18:4 23:15 24:9 27:17

exist 14:8,24 19:19,20 20:23 30:23

exists 16:15

expenses 25:13

explaining 7:24

**F**

face 29:20

Fair 8:14

favor 23:23,25 29:4

Federal 5:18 10:12

Felix 16:4

fight 28:6

file 11:22

files 21:1

find 14:11 16:23 27:4

fine 15:7,9

folder 14:6

folks 12:1

follow 10:17

fool 5:12

formally 5:11

forward 22:1

fraud 29:19

frauds 29:17

front 18:3 24:21 26:18,25

**G**

general 7:17 10:19 23:8

Georgia 6:23 8:8 10:2

give 13:24 20:17

Golly 9:4

good 5:9 8:20 26:14

goods 7:17,18,20

Grange 16:25 18:24

Gray 17:23

ground 5:23

guess 6:16 18:19

guidelines 13:9 15:25

guy 5:14 17:9,24 27:15,20 28:17,19,20 29:11,18

guys 7:13 10:15,16 29:10

**H**

Hamilton 5:3,8,11 12:3,7,9 15:10,13 16:7,10,14,25 17:20 18:1,3 21:4,14 22:4,10,15,22 23:1,7,12 24:5,8 28:12 30:4,7,15,20

happened 27:15

happy 16:5

haul 7:25 8:5,7

hauling 9:24

Haz 7:21,22

health 11:22

hear 26:16

heard 18:25 25:14 28:22

highlighted 24:12

hitting 14:22

holidays 15:3

honest 23:21

hour 24:22

hours 21:14

**I**

identification 17:22

identified 5:16

incidentally 21:4

indicating 10:9

information 28:23 29:25

injuries 25:13

inspected 11:20

inspection 10:25 11:10,12 20:11,16,20,22

inspections 21:11

insurance 10:25 13:1,21 14:3 16:25 24:22,23 26:20

Elizabeth Gallo
COURT REPORTING, LLC

Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

**intentional** 24:21

**intentionally** 27:14 30:1

**internal** 15:25

**interrogatories** 11:25 12:10

**interstate** 7:13 9:24 10:7 26:2,12,13 27:5

**introduced** 5:9

**involve** 6:11,19

**issue** 10:5

**issues** 5:18

**items** 19:23

---

### J

**JIMMY** 5:1,4

**jump** 15:14

---

### K

**killed** 26:14

**kind** 5:23 10:6 12:8 13:4,23 25:20 30:13

**knew** 14:1

**knowledgeable** 5:17

---

### L

**lane** 27:2

**law** 23:5,7

**lawsuit** 17:3,11 18:15 22:14 25:10,17,23

**lawyer** 24:25 25:1

**letter** 16:20 17:1 18:5,9, 14,20 19:5,17

**liar** 25:22 29:12

**lie** 27:13

**life** 13:19

**light** 29:25

**lights** 13:4

**list** 14:22

**locked** 11:23

**logbooks** 10:22,23 11:6,7,21

**logs** 16:18 19:7,11,14, 21

**long** 6:25 7:8 18:18 19:14 23:22 30:9

**longer** 19:18

**lot** 13:19

**love** 23:10

**lying** 27:11,12 29:6

---

### M

**mailed** 12:11

**maintenance** 13:25 14:1 19:24 20:2,21 21:10

**major** 13:20

**make** 6:5 8:11 11:18 14:1 16:5,17 22:5,7 24:16

**man** 17:16

**manual** 13:15 14:7,10

**manuals** 13:14

**mark** 12:2,7 17:20

**marked** 17:21 18:4 23:14

**Mat** 7:21,22

**materials** 12:22,24

**math** 7:10

**matter** 20:10

**meaning** 28:17

**mechanic** 26:2

**medical** 25:13

**merchandise** 7:17

**middle** 26:11,12

**miles** 24:22 26:8

**mills** 7:23 8:3

**mind** 22:19

**minutes** 30:4,18

**Mitchell** 5:15 28:13

**money** 8:11 24:23

**months** 11:8 13:2 19:12,15 20:17

**Montlick** 18:5,10 24:25

**morning** 18:11

**Motor** 5:18 10:12

**mouth** 6:5

**moving** 22:1

**MVR** 13:5

---

### N

**nature** 14:9

**noisy** 30:14

**notes** 13:11,16

**number** 9:2,10 16:12

---

### O

**objection** 15:20

**obvious** 21:23

**occurred** 29:6

**odd** 27:10

**office** 14:12 18:21 23:18,19

**operation** 5:19

**opinions** 22:24 23:2

**opportunity** 29:22

**opposite** 29:10

**overlooked** 14:16

**overly** 15:21

**owner** 7:2,7

**ownership** 5:19

**owns** 7:4

---

### P

**p.m.** 30:19

**pages** 12:15

**paid** 15:3 17:8 25:15,18

**paper** 27:19,23

**papers** 27:1

**paperwork** 10:21

**paragraph** 24:17 25:4

**part** 25:16 27:23

**pass** 13:2

**passed** 13:24

**Patrol** 26:3,7 27:5

**pellets** 7:23

**pending** 6:17

**people** 19:1 29:16,17

**period** 11:7

**person** 11:17

**personal** 25:13

**photograph** 27:24

**physicals** 11:22

**pictures** 17:14

**pieces** 27:19,22

**place** 11:19 17:15 30:11,13

**plaintiff's** 17:21 18:4 23:15 24:9 27:17

**plastic** 7:23

**point** 16:21 18:19

**pointed** 27:17

**policies** 14:24 15:19 21:16

**policy** 6:4

**portions** 24:12

**position** 26:24

**predicament** 21:23

**prefer** 5:13



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

prepare 23:20

prepared 13:10 14:6

pretty 10:17

previously 23:14

procedures 15:19

produced 16:5

Production 15:15

prohibits 23:5,7

property 25:16

purge 19:11

purged 19:11

purpose 26:10

put 8:12 18:3 20:23

---

**Q**

qualified 13:6 14:3

question 13:8 14:5 25:19,20 27:10 29:5,14

questions 5:22,24 12:11 16:12 21:24 22:6, 16 23:9 24:3 29:3

quicker 24:16

---

**R**

read 24:1,9

real 29:18

realize 12:20 16:19

reason 19:2 25:1 29:9 30:1

recall 18:16,17

receive 14:15

received 13:13 19:17

receiving 18:20

recent 6:14,15

recess 30:19

recognize 23:16

recollection 10:1

reconsider 30:2

record 5:10 12:6 16:13, 24 17:19 20:2 21:8 24:6,7 30:17,20

records 19:24 20:21 21:11

recovery 25:13

red 13:3

refer 10:11 12:10 21:9

regulations 8:16 10:8, 13 21:16

regulatory 8:15

related 7:25 28:23

remember 12:2 18:7,8, 10,20

repairs 21:11

repetitive 12:21

reported 13:5

REPORTER 12:5

reports 11:10,12 20:11, 16,21

Request 15:14

requests 12:19

required 13:1 16:19

requirement 11:24 15:23 19:15

requirements 13:3

requires 10:20 13:21

responses 21:7

result 10:21

retain 16:22

review 12:12

RFP 15:13,19 21:5,10

Rich 5:11 16:2

rid 19:16

rip 26:20

road 26:1,9,10

rog 15:13

rules 5:23 13:9 14:24

---

15:20 21:16

run 7:18,19 11:2 21:6 26:13

running 8:20 9:14 17:10,14

---

**S**

safe 11:19

safekeeping 18:15

safety 5:19 6:3 10:12

satisfy 16:11

searching 27:7

seeking 25:10,12

segue 23:13

sense 6:5 22:5,8

served 12:1

service 21:14

set 11:25 12:10,23 16:11 18:14

sets 20:9

setting 18:21

settled 6:18 18:24

shortly 23:3

side 26:9 27:18

sides 29:10

sign 12:12

signature 12:16 15:23

signed 16:4

signing 15:22

simple 13:23

simply 29:9

single 20:2

sit 28:21

sitting 9:13

six-month 16:19

skip 15:18

slam 26:12

---

slammed 26:18

sole 7:7

speaking 6:4

start 28:5

State 26:3,7 27:5

states 8:7,21 10:3

Staying 24:8

stern 25:20

stickers 10:25

stop 24:21

stoplights 13:3

stopped 26:6

stopping 30:1

strike 25:7

stuff 7:25 8:3 11:1 15:4, 18 16:22 20:23

stupid 26:14

subject 10:8

supported 26:23

Swear 5:3

sworn 5:5 28:13

---

**T**

talk 7:1 10:19 11:6 17:17 18:1 22:20 23:10

talking 9:4 17:18 22:19 23:8 27:5,20

tankers 7:18,19,21

technically 22:15

telling 28:8

ten 9:11,15,21,22

tendencies 29:16

Tennessee 8:6,8 9:25 10:2

test 13:24,25

testified 5:6 26:23

testimony 28:14

---



Guy Mitchell vs Dixie Transport, Inc., et al.
Jimmy Brown

December 14, 2017

**textile** 7:25

**thing** 14:24 15:23,24
16:18 17:7 22:25 29:11

**things** 10:5,20 11:18
13:20 14:22 20:9,10
23:3,8,13 24:16 29:16

**thought** 15:8 17:8
18:25

**time** 6:25 9:8 10:4 11:7
15:17 16:21 19:25
21:25 23:22,25 28:22
30:11

**times** 6:9

**today** 11:6 18:4 22:1
28:21 29:1

**told** 17:1 25:12 26:1
27:6,15

**top** 24:1,10

**topics** 11:15

**tractor** 19:24 20:13,20,
22 21:12

**tractor-trailer** 6:11

**tractors** 6:20 20:14

**trailers** 6:20

**train** 13:19

**training** 12:22,23,25
13:14

**transcript** 21:9

**Transport** 7:2 14:7
24:20,24

**traveling** 24:22

**truck** 10:16 20:25 24:21
26:5,13,18,25 28:16

**trucking** 5:20

**trucks** 9:11

**true** 27:14

**turn** 13:6

**TV** 18:11 24:25

**twelve** 9:18,19

**type** 8:3

**types** 6:22

---

**U**

**Uh-huh** 12:13 15:12
21:13

**understand** 5:20 6:1
10:8,15 11:16 22:10,13
23:5,6 25:9 28:7

**understood** 5:23

**upset** 29:15

---

**V**

**van** 5:15 17:9 18:24
25:18

**van--** 28:17

**verification** 12:15

---

**W**

**waste** 15:17 21:25

**white** 5:15 28:17

**window** 16:19

**works** 7:6 14:2

**wreck** 19:25 20:18
28:23 29:6

**written** 17:1

**wrong** 17:9,15 27:8,9

---

**Y**

**year** 6:15 11:11,13

**yearly** 11:12 20:22

**years** 6:16,24 7:11,12
8:9,25 9:3,21,22

---



David R. Montlick
Alan Y. Saltzman°
Kathy Edwards-Opperman°¹

Jonathan B. Pierce
Orlando A. Marra °¹L
Patrick R. Malarrese
Rory S. Chumley
Glenn D. Chitlik
Daniel Maldonado °¹L
Michael N. Rubin °MD
Dustin Tapp
Lynn S. Walker
Michael J. Moran
Kimberly L. Jacobsen
Joel H. Roth °¹¹
Richard K. Warner °NY
Alan J. Marks °PA

Managing Attorney °
also admitted in NY, NJ, & N.S.W.
¹ also admitted in other state(s)

# MONTLICK & ASSOCIATES, P.C.

### *ATTORNEYS AT LAW*

D. Jeffrey Beaird °M FL
Jeffrey S. Kowalski
Barry L. Goldner °DE FL
Kristina Soyang Kim
Christopher R. Oshulski
Joel E. Hausman °PA
Rebecca Lachat Bilello
Beau T. Pickle
Ramon W. Palanca, Jr.
Margaret K. Grenleski
Nathan A. Kratzert
Matthew Cochran
Jason A. Saltzman
Craig W. LaChanse
Aaron N. Monick °TX
Jennifer J. Fleming °M PA
Alyssa A. Graber °IL
Sara Root

17 EXECUTIVE PARK DRIVE • SUITE 300
ATLANTA, GEORGIA • 30329

TELEPHONE (404) 235-5000 • FACSIMILE (404) 321-3323
www.montlick.com

May 30, 2014

Dixie Transport, Inc.
Linda or Tammy
2685 U.S. Hwy 41 N.E.
Calhoun, GA  30701

### NOTICE OF POTENTIAL LITIGATION
### AND REQUEST FOR PRESERVATION OF EVIDENCE

RE:　Our Client:　　　Guy Mitchell
　　　Incident Date:　　March 9, 2014
　　　Your Driver:　　　Felix Daley

To whom it may concern:

　　　Please be advised that this office represents Guy Mitchell for personal injury resulting from an accident which occurred on or about March 9, 2014 on I-75 South at or near mile marker 326 in Whitfield County, Georgia.  I have enclosed a copy of the Georgia Uniform Motor Vehicle Accident Report concerning this incident.  Presently, our investigation on ongoing.

　　　This letter is sent for the purposes of compelling you and your insurance company to preserve evidence that will be pertinent to our allegations of liability and damages in connection with this incident.  *See* O.C.G.A. § 24-4-22.  You are hereby advised that the loss, destruction or other spoliation of the following evidence (or any evidence relevant to this incident) is prohibited and may subject you to severe sanctions pursuant to Chapman v. Auto Owners Insurance Company, 220 Ga. App. 539, 469 S.E. 2d 783 (1996) and/or R.A. Siegel Co. v. Bowen, 246 Ga. App. 177, 539 S.E.2d 873 (2000).

　　　We specifically request that the following evidence be maintained and preserved and not destroyed, modified, altered, repaired or changed in any manner:

1. 　The tractor and trailer involved in this accident;





2. Bills of lading for any shipments transported by Felix Daley for the day of the accident and the eight-day period preceding the accident;

3. Any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the accident;

4. Felix Daley's daily logs for the day of the accident and the eight-day period preceding the accident;

5. Felix Daley's daily inspection reports for the day of the accident and the eight-day period preceding the accident;

6. Daily inspection reports for the tractor trailer involved in this accident for the day of the accident and the eight-day period preceding the accident;

7. Maintenance, inspection and repair records or work orders on the tractor and trailer for the day of the accident and the six-month period preceding the accident;

8. Annual inspection report for the tractor and trailer covering the day of the accident;

9. Felix Daley's / Dixie Transport Inc.'s complete driver's qualification file, including but not limited to:

    ✓ a. Application for employment;
    ✓ b. CDL license;
    N/A c. Driver's certification of prior traffic violations;
    N/A d. Driver's certification of prior accidents;
    ✓ e. Driver's employment history; on PREP
    f. Inquiry into driver's employment history;
    ✓ g. Pre-employment MVR;
    N/A h. Annual MVR;
    N/A i. Annual review of driver history;
    ✓ j. Certification of road test;
    ✓ k. Medical Examiners certificate;
    ✓ l. Drug tests records;
    N/A m. HAZMAT or other training documents;

10. Photographs of the vehicles involved in this accident and/or of the accident scene;

11. Felix Daley's / Dixie Transport Inc.'s post-accident alcohol and drug testing results;

12. Any lease contracts or agreements regarding the tractor and trailer involved in this accident;

13. Any interchange agreements covering Felix Daley's / Dixie Transport Inc.'s or the tractor or trailer involved in this accident;

14. Any data or printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master, or other recording device for the day of the accident and the six-month period preceding the accident;

15. Any post accident maintenance, inspection, or repair records or invoices in regard to the tractor and trailer;

16. Any weight tickets, fuel receipts, hotel bills, or other records of expenses regarding Felix Daley's / Dixie Transport Inc.'s or the tractor trailer involved in the collision for the day of the accident and the eight-day period preceding this accident;

17. Any e-mails, electronic messages, letters, memos, or other documents concerning this accident;

18. The accident register maintained by the motor carrier as required by federal law the one-year period preceding this accident;

19. Any drivers manuals, guidelines, rules or regulations given to drivers;

20. Any reports, memos, notes, logos or other documents evidencing complaints about Felix Daley's / Dixie Transport Inc.;

21. Any DOT or PSC reports, memos, notes or correspondence concerning Felix Daley's / Dixie Transport Inc., the tractor or trailer involved in this accident; and

22. Any downloadable computer data from the tractor's computer system.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to give me a call.

Thank you for your attention to this claim.

Very truly yours,

MONTLICK & ASSOCIATES, P.C.

BY: _____

Jeffrey S. Kowalski
Attorney at Law

LTR_037:546162:mdls