IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Guy Mitchell,

                 Plaintiff,        Case No. 1:16-cv-00336

v.                                  Michael L. Brown
                                       United States District Judge
Dixie Transport, Inc., et al.,

                 Defendants.

_____/

## **OPINION & ORDER**

Defendants Dixie Transport, Inc., Felix Milo Daley, and Grange Indemnity Insurance Company move to dismiss Grange as a party defendant and, alternatively, move to bifurcate the trial on the issues of tort and contractual liabilities. (Dkt. 84.) Finding neither request to have merit, the Court denies Defendants' motion.

### I.    Background Facts

This case arises from a motor vehicle accident between Plaintiff Guy Mitchell and Defendant Felix Daley that occurred on March 9, 2014, on I-75 South. (Dkt. 1 ¶ 23.) Defendant Daley was driving a tractor-trailer truck owned by Defendant Dixie Transport, Inc., and was an

employee of Dixie at the time of the crash. (*Id.* ¶ 50.) Plaintiff sued Felix Milo Daley, the driver of the truck; Dixie Transport, Inc., his employer; and Grange Indemnity Insurance Company, Dixie's insurance company in a single action. After a failed mediation and unsuccessful attempts at settlement, a denial of a motion for summary judgment based on res judicata, and multiple extensions of time to complete discovery, discovery has closed and Defendants now move to dismiss Grange as a party defendant, contending that no legal authority exists for it to be joined as a party in this action. (Dkt. 84.)

## II. Defendants' Failure to Comply with the Local Rules and the Court's Standing Order

The Court notes at the outset that Defendants' brief exceeds the 25-page limit set by both the local rules and by this Court's standing order. *See* LR, NDGa 7.1D. Defendants have also not sought leave from the Court to file excess pages. (*See* Dkt. 79 at 3 ("Parties seeking an extension of the page limit must do so at least five (5) days in advance of their filing deadline and should explain with specificity the reasons necessitating the extension.").) In his response brief, Plaintiff pointed out this failure, but Defendants, declining to file a reply brief, did not address or attempt to remedy their noncompliance. (*See* Dkt. 87 at 2–3.)

2

This is not a mere technicality, especially considering that Plaintiff managed to address the entirety of Defendants' excessive briefing within the prescribed page limit. As a matter of fairness, the Court will not consider anything beyond the required page limit. (*See* Dkt. 79 at 3 ("The Court will not consider any arguments made in pages that exceed the Local Rules' requirements.").) This includes Defendants' arguments regarding Daley's course and scope of employment with Dixie and whether a plaintiff can join both an insurer and the driver within the same action. The Court disregards these points of argument.

Although both parties attached deposition excerpts and other documents to their motions and briefing, the Court elects not to consider these ancillary documents and declines to treat this motion as one for summary judgment under Rule 56. *See Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (recognizing that a "district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint"). The Court thus reviews Defendants' motion under the usual motion to dismiss standard.

3

## III. Legal Standard

A court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Even so, a complaint offering mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This so-called "plausibility standard" is not a probability requirement. But the plaintiff must allege enough facts so that it is reasonable to expect that discovery will lead to evidence supporting the claim. *Id.*

## IV. Discussion

### A. Motion to Dismiss

Defendants moved to dismiss "Grange Indemnity Insurance Company as a party pursuant to Rule 12(b)(1) and (6) on the grounds that there is no authority for Grange to be joined as a party in this tort action with its insureds." (Dkt. 84 at 1.) At the outset, the Court notes that it is unclear why Defendants have only now moved to dismiss Grange as a party defendant, when Grange has been named as a party to this lawsuit from its inception in February 2016 and Defendants have contested that joinder from the very beginning. (Dkt. 8 at 3.) Regardless, Defendants are wrong. The Court finds that Defendant Grange is properly joined in this suit with its insureds and denies Defendants' motion to dismiss.

As a general rule, a plaintiff cannot bring a direct action against a defendant's insurer because the plaintiff has no privity of contract with the insurer. *Crisp v. Reg'l Hosp., Inc. v. Oliver*, 621 S.E2d 554, 583 (Ga. Ct. App. 2006). So a plaintiff who is not a party to a liability insurance contract typically cannot sue the insurer directly unless (1) the plaintiff has an unsatisfied judgment against an insured of the insurer, (2) the legislature has authorized a direct action against the insurer, or (3) a

direct action is permitted by a provision in the insurance policy at issue. *Richards v. State Farm Mut. Auto. Ins. Co.*, 555 S.E.2d 506, 506 (Ga. Ct. App. 2001); *see also McGill v. Am. Trucking & Transp., Ins. Co.*, 77 F. Supp. 3d 1261, 1264–65 (N.D. Ga. 2015). The second exception applies here.

Georgia has two codified statutory exceptions to this general rule — the direct-action statutes. These provisions permit a direct action by an injured party against the insurance carrier that insures the motor carrier. In his complaint, Plaintiff cites both direct action statutory provisions, section 40-1-112 and section 40-2-140. (Dkt. 1 ¶ 65.)

In relevant part, § 40-1-112 authorizes an injured plaintiff with "a cause of action arising under this part," either in tort or contract, to join the motor carrier and the insurance carrier in the same action. GA. CODE ANN. § 40-1-112(c). Section 40-2-140 additionally provides that "[a]ny person having a cause of action, whether arising in tort or contract, under this Code section may join in the same cause of action the motor carrier and its insurance carrier." GA. CODE ANN. § 40-2-140(d)(4). These statutory provisions were designed "to protect members of the general public against injuries caused by the negligence of a Georgia motor

6

carrier." *McGill*, 77 F. Supp. 3d at 1265. "The intent of this state's motor carrier laws is that the insurer is to stand in the shoes of the motor carrier and be liable in any instance of negligence where the motor carrier is liable." *Miller v. Harco Nat'l Ins. Co.*, 552 S.E.2d 848, 852 (Ga. 2001). To assert a prima facie case for direct action, the plaintiff must show that he or she has sustained an actionable injury and that the carrier meets the general definition of "motor carrier." *McGill*, 77 F. Supp. 3d at 1265; *Sapp v. Canal Ins. Co.*, 706 S.E.2d 644, 647–48 (Ga. 2011). Defendants do not challenge or dispute either of these prerequisites. (*See* Dkt. 87 at 8.)

Instead, Defendants present several arguments for why they now contend these direct-action statutes are otherwise inapplicable or invalid. First, Defendants argue that the statutes only apply to *intrastate* carriers and that Defendant Dixie is an *interstate* carrier. (Dkt. 84-1 at 6.) Second, they argue that the Georgia statutes are in fact preempted by federal law. (*Id.*) Third, Defendants assert Defendant Daley was commuting to work when the accident occurred and therefore the statutes do not apply. (Dkt. 84-1 at 7.) And finally, they contend that because Plaintiff named Daley as a defendant, he may not also name

7

Defendant Grange under the statute. (*Id.*) The Court finds merit in none of these contentions.

First, federal courts have consistently held that the direct-action statutes apply to both interstate and intrastate carriers. *See McGill*, 77 F. Supp. 3d at 1265 n.1 (citing *Bramlett v. Bajric*, No. 1:12-cv-2148-TWT, 2012 WL 4951213, at *2 (N.D. Ga. Oct. 17, 2012)); *Wiedeman v. Canal Ins. Co.*, No. 1:15-cv-4182-WSD, 2017 WL 2311435, at *2 (N.D. Ga. May 25, 2017) (holding that the joinder provisions of § 40-2-140 "apply to both intrastate and interstate motor carriers"); *Fordham v. Schneider Nat'l Carriers, Inc.*, No. 1:16-CV-1252-MHC, 2016 WL 9053345, at *3 (N.D. Ga. Dec. 14, 2016) (holding plaintiff authorized to bring direct action against insurance provider "under O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140"); *see also Scarff Bros., Inc. v. Bullseye Dispatch, Inc.*, No. 2:14-cv-00128-WCO, 2016 WL 3128554, at *3 (N.D. Ga. Jan. 19, 2016) ("Courts have recognized [Section 40-2-140], and others like it, to apply to both intrastate and interstate motor carriers." (citing cases)); *Cameron v. Teeberry Logistics*, No. 3:12-cv-181-TCB, 2013 WL 7874709 (N.D. Ga. May 21, 2013) (holding that § 40-2-140 authorizes a direct action "not only . . . against insurers of carriers registered in Georgia, but also the

8

insurers of those carriers . . . that are traveling through Georgia but whose base state is a state other than Georgia").

Defendants admit that they "are not unmindful" of all this precedent. (Dkt. 84-1 at 18.) They argue, however, that these courts were applying earlier versions of the statute, which the General Assembly amended in 2015, and that therefore this precedent is inapposite. But the accident occurred in March 2014, before the 2015 amendments. The most recent amendments are inapplicable. *See Sapp v. Canal Ins. Co.*, 706 S.E.2d 644, 647 (Ga. 2011) (applying provisions of Georgia's Motor Carrier Act in effect at time of the accident); *see also Ortiz v. Wiwi*, No. 3:11-cv-33, 2012 WL 4482352, at *2 n.11 (M.D. Ga. Sept. 26, 2012) ("[A]pplying the statute in effect at the time of this accident comports with Georgia law."). The 2015 amendments also left unchanged the operative language of the relevant provisions. (Dkt. 87 at 11–12.) The statute still states that "[a]ny person having a cause of action, whether arising in tort or contract, under this Code section may join in the same cause of action the motor carrier and its insurance carrier." § 40-2-140(d)(4).

The Eleventh Circuit also more recently echoed this principle in *Wiedeman v. Canal Ins. Co.*, 770 F. App'x 497, 499 n.1 (11th Cir. 2019) (per curiam). In that case, the injured plaintiff asserted a direct claim against the insurance carrier. *Wiedeman*, 2017 WL 2311435, at *1. The insured motor carrier was a federally-registered motor carrier authorized to transport goods in interstate commerce, with its principal place of business in South Carolina. *Id.* The district court found the joinder of the insurance company proper under § 40-2-140. *Id.* at *2. On appeal, the Court of Appeals recognized that the Georgia direct-action statute permits suits against insurers of interstate and foreign corporation commercial motor carriers. *See Wiedeman*, 770 F. App'x at 499 n.1 (11th Cir. 2019). In affirming the district court's ruling, the Eleventh Circuit gave its blessing to this oft-held conclusion, which applies equally to Defendants' situation in this matter involving an interstate motor carrier.[1] The Court finds that Georgia's direct-action statutes authorize

---

[1] The Court notes that the Eleventh Circuit cited § 40-1-112 — the statute the plaintiff mistakenly cited in his complaint — in making this statement. *Wiedeman*, 770 F. App'x at 499 n.1. The lower court, however, had instead held that the plaintiff's direct action arose under § 40-2-140. Whether the Eleventh Circuit's citation was an oversight or intentional, it nevertheless affirmed the district court's ruling. And so,

Plaintiff to join Defendant Grange in this suit under § 40-1-112 and § 40-2-140. *See Fordham*, 2016 WL 9053345, at *3 (holding plaintiff authorized to bring direct action against insurance provider "under O.C.G.A. § 40-1-112 *and* O.C.G.A. § 40-2-140" (emphasis added)).

Next, Defendants attempt to argue that federal law preempts Georgia's direct-action statutes, rendering them unconstitutional. (Dkt. 84-1 at 23.) The Supreme Court of Georgia recently considered the issue of preemption in the context of the direct-action statute. *See Reis v. OOIDA Risk Retention Grp., Inc.*, 814 S.E.2d 338, 339 (Ga. 2018). In *Reis*, the Supreme Court held that a risk retention group was not a proper party to a suit brought under the direct-action statute because the federal Liability Risk Retention Act of 1986 ("LRRA") exclusively regulated risk retention groups. *Id.* at 343. The Court, however, drew the distinction between risk retention groups — which are not subject to the Georgia direct-action statutes — and "traditional insurance carriers," which are permissibly subject to them. *Id.* It is undisputed that Defendant Grange falls into the latter category.

---

the Court holds that Plaintiff may maintain a direct action against Defendant Grange, based upon both § 40-2-140 and § 40-1-112.

11

Third, Defendants assert that Daley was not acting within the scope of his employment on the day of the accident. Their argument, however, falls beyond the page limit and the Court will not consider it.[2] The Court likewise will not consider their argument that Plaintiff may not name the driver of the vehicle and the insurance provider in the same action.

Finally, it is unclear why Defendants cite on the first page of their motion Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defense allowing for dismissal when a court lacks subject matter jurisdiction and one that can be raised at any time during litigation. (Dkt. 84 at 1.) They do not mention subject matter jurisdiction anywhere else in their brief. The Court concludes that it continues to have subject matter jurisdiction over this matter. And Defendants have offered nothing new to contradict

---

[2] Remarkably, Defendants nevertheless have stipulated to insurance coverage of both Defendant Dixie *and* Defendant Daley:
> Grange has stipulated that it has automobile liability coverage for Daley and Dixie and that a final judgment against Daley, Dixie[,] or both, is covered by the subject policy in [an] amount up to its stated limits of liability coverage.

(Dkt. 84-1 at 7.) This admission belies their contention that Daley was not acting within the scope of his employment at the time of the accident. For this reason, and because the argument falls outside the bounds of the permissible page limit, the Court rejects Defendants' assertion that Defendant Daley was not under dispatch.

that. The Court thus denies Defendants' motion to dismiss on the basis of 12(b)(1) and 12(b)(6).

## B. Motion for a Separate Trial

Defendants alternatively ask the Court to bifurcate the trial in such a way that the trial of tort liability of Dixie and Daley and damages suffered by Plaintiff be separated from the trial of the contractual liability of Defendant Grange. (Dkt. 84-1 at 5.) This argument is without merit.

Beyond the conclusory (and incorrect) claim that a failure to bifurcate the trial will cause "undue prejudice as a matter of law," Defendants provide no valid argument why the Court should bifurcate the trial. (Dkt. 84 at 2.) Defendants contends that "[t]he mere mention of insurance in such actions, absent an express and authorized reason to do so, is a reversible error that is ground for mistrial." (Dkt. 84-1 at 5.) Yet Georgia's direct-action statutes are precisely that "express and authorized" reason.

Given that Georgia law expressly authorizes the joinder of the insurance company in the same action as the motor carrier, the Court finds bifurcation unnecessary and a waste of judicial resources. *See*

13

*Cincinnati Ins. Co. v. Reybitz*, 421 S.E.2d 767, 770–771 (Ga. Ct. App. 1992) (holding trial court should have bifurcated trial of pedestrian plaintiff because introduction of no-fault insurance was unduly prejudicial, while drawing distinction that the direct-action statute was an "express statutory provision *authorizing*" the inclusion of such evidence); *cf. McGill*, 77 F. Supp. 3d at 1266 (rejecting insurance company's argument that it should be entitled to dismissal from the case because it stipulated to liability and coverage). The Court denies Defendants' motion for a separate trial on the tort and contractual issues.

## V. Conclusion

The Court **DENIES** Defendants' Motion to Dismiss, or in the Alternative, Motion for a Separate Trial (Dkt. 84) in its entirety.

**SO ORDERED** this 19th day of November, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE