IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GUY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| v. | ) | 1:16-cv-00336-MLB |
| | ) | |
| DIXIE TRANSPORT, INC., | ) | |
| FELIX MILO DALEY, and GRANGE | ) | |
| INDEMNITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTIONS IN LIMINE 1 THROUGH 41

COMES NOW Plaintiff Guy Mitchell ("Plaintiff"), by and through undersigned counsel, and respectfully move this Court for an Order instructing Defendant, Defendant's counsel, and all witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, whether directly or indirectly, without first approaching the bench and obtaining a ruling of the Court outside the presence and hearing of all prospective or actual jurors whether in voir dire, opening statements, direct or cross examination, objection, motions, or closing argument, any of the subject matter discussed herein.

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiff shows the Court that the matters set forth below are inadmissible for any purpose and timely objection at trial would have would have no bearing on any

of the issues in this case.

> A motion in limine is a tool that is … useful in civil jury trials. Its purpose may be to admit, exclude, or limit the evidence presented to the trier of fact. A motion in limine made in a case where the trial judge is the trier of fact essentially asks the court to pass on the admissibility of evidence before the evidence has been tendered in the context of the trial. Many courts have agreed that motions in limine should only be granted sparingly, noting that the better practice is to deal with questions of admissibility of the evidence as they arise. [Cits.] Indeed, a ruling on a motion in limine is interlocutory and therefore subject to reconsideration by the Court at trial so its value to the litigants in determining its trial strategy is limited.

All. Fin. Capital, Inc. v. Herzfeld (In re Herzfeld), Nos. 04-44635, 05-05001, 2007 Bankr. LEXIS 4511, at *2-3 (Bankr. N.D. Ga. Dec. 17, 2007)

The Court must apply Georgia substantive law to this diversity action. *See* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938). "[F]ederal courts should conform as near as may be -- in the absence of other considerations -- to state rules even of form and mode where the state rules may bear substantially on the question whether the litigation would come out one way in the federal court and another way in the state court if the federal  court failed to apply a particular local rule." BYRD v. BLUE RIDGE RURAL Elec. Coop., 356 U.S. 525, 535, 78 S. Ct. 893, 899, 2 L.Ed.2d 953, 962 (1958).  Where much of Georgia's evidence code is substantially similar or identical to the Federal Code, the Federal Rules are cited for authority; where there are substantive State Rule, the Georgia Code and common law are cited for authority herein.

1.   **<u>USE OF HEARSAY MEDICAL RECORDS OR ARGUMENTS REGARDING OTHER INJURIES OR CLAIMS UNSUPPORTED BY MEDICAL EVIDENCE</u>**

Plaintiff anticipates that Defendant may attempt to inject other illnesses or injuries of Plaintiff into the trial in an attempt to inappropriately persuade the jury to believe that Plaintiffs injuries and the effects therefrom are the result of other illnesses or injuries Plaintiff may have without properly medically relating them to the injuries in this case. The Court should prohibit the Defense from making any statements, argument, or attempted use of any hearsay medical record, or any reference to any hearsay medical opinions or conclusions, as any such statements, arguments, or out of court medical opinions or conclusions are inadmissible hearsay.

This would include any reference or suggestion that Plaintiff has any other injuries, diseases, conditions, or illness, or the effects thereof, or any prior claims, which Defendants have failed to medically relate to the injuries involved in this case, through proper expert testimony. *See* <u>Hodge v. Lott</u>, 251 Ga. App. 288, 290-292(2) 553 S.E.2d 652, 654-55 (2001) (court properly prevented cross-examination of Plaintiff with use of hearsay medical records which included opinions and conclusions of physicians not called as a witness at trial); <u>Hodson v. Mawson</u>, 227 Ga. App. 490, 492(3) 489 S.E.2d 855, 857 (1997) (court properly excluded hearsay medical records of non-testifying physicians who had treated Plaintiff); *See also* Fed.R.Evid. 402 (relevance), 802 (hearsay) and O.C.G.A. § 24-3-1 (parol evidence);

and <u>Goforth v. Wigley</u>, 178 Ga. App. 558, 559-60(2) 343 S.E.2d 788, 789-90 (1986) (prior claims irrelevant).  Improper use of hearsay medical records or prior claims, without the testimony or other evidence necessary to establish relevance or authenticity, is prohibited. <u>Hodge v. Lott</u>, 251 Ga. App. at 290, 553 S.E.2d at 654.

Further, in <u>Hodge</u>, the court properly prevented cross-examination of Plaintiff with use of hearsay medical records which included opinions and conclusions of physicians not called as a witness at trial. <u>Id.</u> The intent is clearly to create some threshold that the Defendant must meet in order to inject Plaintiff's medical conditions into a trial. The Defendant must show some relevance, materiality or admissibility of such evidence. <u>Id.</u>

> In order to avail oneself of the "limited evidentiary exception to the general rule of inadmissibility of prior events, it is necessary to show more than the mere previous occurrence of a similar incident. It is necessary that the conditions of the things to be compared be substantially similar." When a party asserts that the prior event is relevant to compare injuries, it is "necessary to show the existence of a substantial similarity between [the plaintiffs] purported present injuries and any prior injuries with which the comparison is to be made."

<u>Kilday v. Kennestone Physicians Ctr., L.P.</u>, 296 Ga. App. 818, 820, 676 S.E.2d 271, 273 (2009).

## 2.   <u>COLLATERAL SOURCE PAYMENTS/BENEFITS</u>

"The Georgia collateral source rule 'bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such

payments.'" <u>Gaddy v. Terex Corp.</u>, No. 1:14-cv-1928-WSD, 2017 U.S. Dist. LEXIS 150478, at *3 (N.D. Ga. July 21, 2017) (*citing* <u>Hoeflick v. Bradley</u>, 282 Ga. App. 123, 637 S.E.2d 832, 833 (2006). Any reference or suggestion that Plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including, but not limited to, the following: (A) Benefits from insurance coverage; (B) Services furnished without charge; (C) Compensation for time not actually worked; (D) Social Security or pensions; (E) Workers' compensation benefits; or (F) Medicaid or Medicare. *See* <u>Mallette v. Nash</u>, No. 4:10-CV-13 (CDL), 2011 U.S. Dist. LEXIS 16980, at *3 (M.D. Ga. Feb. 22, 2011); <u>Warren v. Ballard</u>, 266 Ga. 408, 409, 467 S.E.2d 891, 893 (1996); <u>Worthy v. Kendall</u>, 222 Ga. App. 324 (1996). <u>Denton v. Conway Southern Express</u>, 261Ga. 41, 46n. 5, 402 SE2d 269 (1991).

## 3.    <u>UNRELATED ACCIDENTS AND INJURIES</u>

Any reference or suggestion that Plaintiff has any other unrelated injuries, diseases, conditions, or illness, or the effects thereof, which are wholly disassociated from and do not relate to or serve as a "sole cause" defense to his/her present claims, and which Defendant cannot medically associate and relate to plaintiff's injuries for which compensatory damages are claimed in this case. *See* Fed.R.Evid. 402, 403; <u>Barnes v. Cornett</u>, 134 Ga. App. 120, 122, 213 S.E.2d 703, 706 (1975) (must be material to be considered by the jury).  Further, No mention should be made about

the plaintiff having previously filed claims or lawsuits. Id.

## 4.    FINANCIAL CONSEQUENCES OF JUDGMENT AGAINST DEFENDANT

Any reference or suggestion that any Defendant is uninsured or has a financial hardship as to Plaintiff's claims, including, but not limited to, any reference as to Defendant(s) as a little person, small company, mom and pop, or small or struggling, or any other such reference which would tend to convey to the jury the impression that any Defendant is a party of modest means who cannot afford to pay a substantial judgment. *See* Fed.R.Evid. 402, 403; Northwestern University v. Crisp, 211 Ga. 636, 641 88 S.E.2d 26, 31 (1955) ("Evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved"); *and* Adams v. Camp Harmony Association, 190 Ga. App. 506, 508, 379 S.E.2d 407, 408-09 (1989) (litigant's financial condition is an improper and prejudicial area of inquiry, required new trial where interjected).

## 5.    PAYMENT OF JUDGMENT

Plaintiffs recognize the long-standing law that evidence of liability insurance is inadmissible.  Nonetheless, at trial defense attorneys are sometimes known to present arguments or make comments to the jury such as "the Plaintiff is seeking to have my client pay a lot of money" or "a verdict could financially ruin my client." Defendant would not have to pay the entire verdict. The financial consequences of the verdict would be borne by his liability insurance carrier to the extent of its

coverage. Just as the plaintiff may not hide behind the collateral source rule and tell the jury that she has to pay all of her medical bills when she did not, the defendant is not permitted to hide behind the inadmissibility of liability insurance and mislead the jury into believing that she would have to pay the verdict.

Any reference or suggestion that Defendants are uninsured as to Plaintiffs' claims, including, but not limited to, any reference as to Defendant as a sick or disabled person, or small or struggling, or any other such reference which would tend to convey to the jury the impression that Defendant is a party of modest means who cannot afford to pay a substantial judgment. *See* Fed.R.Evid. 402, 403; Northwestern University v. Crisp, 211 Ga. 636, 641 88 S.E.2d 26, 31 (1955) ("Evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved"); Adams v. Camp Harmony Association, 190 Ga. App. 506, 508, 379 S.E.2d 407, 408-09 (1989) (litigant's financial condition is an improper and prejudicial area of inquiry, required new trial where interjected).

## 6.    **PLAINTIFF'S USE OF AWARD**

Any reference or suggestion as to what Plaintiff will or might do with any award of damages Plaintiff might receive. *See* Fed.R.Evid. 402, 403; *e.g.* Gusky v. Candler General Hospital, 192 Ga. App. 521 (3), 385 S.E.2d 698, 701 (1989) (improper testimony on investment of settlement could be invested); *See also* Hall

v. Chicago & Northwestern Railway Co., 5 Ill. 2d 135, 151, 125 N.E.2d 77, 86 (Ill.1955) "[W]hat the plaintiff does with an award, or how the defendant acquires the money with which to pay the award, is of no concern to the court or jury.").

## 7.    COMPARING PLAINTIFFS' CLAIMS OR LAWSUIT TO PLAYING THE LOTTERY

Arguments comparing a plaintiff's personal injury lawsuit to playing the lottery have been used at trial. Such argument is improper and should be excluded. Fed.R.Evid. 402, 403; Hunter v. State, 133 Ga. 78, 80, 65 S.E. 154, 154 (1909) ("A lawyer should not be permitted to make statements of facts concerning the issues on trial, in the presence of the jury, outside of the evidence, and prejudicial to the adverse side.  It is  not  only improper in  a lawyer to indulge in  it,  but  it is improper on the part of a judge to allow it to be done.")

The undersigned is unaware of Georgia authority directly addressing this issue. However, the Supreme Court of South Dakota has considered this precise issue, and its opinion in Schoon v. Looby, 2003 S.D. 123, 670 N.W. 2d 885 (2003) is enlightening and instructive. In Schoon, the plaintiff in a medical malpractice case appealed from a defense verdict and the denial of a motion for new trial. The basis for the appeal was improper comments made by defense counsel during final argument. Those comments included referring to the lawsuit as the plaintiffs' quest for "lotto or power ball or whatever they call it, lets really roll the dice big." Schoon, 670 S. W. 2d at 890.  In reversing the trial court's denial of the plaintiff's motion for

new trial, the South Dakota Supreme Court wrote:

> Defense counsel's accusation that plaintiff was trying to hit the lottery by her lawsuit demeaned not only the plaintiff but also the judicial system itself. The comments denigrated the fairness, integrity and public perception of the judicial system. Counsel's reference to playing lotto or power ball or rolling the dice, were only meant to inflame the jury and were beyond the bounds of proper final argument. These comments would not have gone unheeded by the jury. The judge and jury rely on the lawyers to present their arguments to help the jury sort out the evidence and understand how the law applies to the facts. Interposing remarks such as we see here add nothing to that objective, and can only be meant to persuade the jury to decide the case based on passion and prejudice.

Id., at 891. Because of the prejudicial and inflammatory nature of such an argument, any suggestion that Plaintiffs' interest is in hitting it big, gambling, playing the lottery or the like - rather than in compensation for actual injuries sustained - should be precluded as demeaning not only to the plaintiff, but to the judicial system itself.

## 8.    CRIMINAL OFFENSES, ARRESTS, CHARGES, AND CERTAIN CONVICTIONS.

Plaintiff requests that there be no impeachment sought by Defendants of any conviction ten years old or older, or any discharge under the first offender program, or to argue or present evidence in any way that does not conform to the strict requirements of Fed.R.Evid. 609.

## 9.    REFERRAL TO PHYSICIAN

Any reference or suggestion that plaintiff was given the name of a physician by either his prior or current attorney or that his attorney assisted in scheduling his

appointment. In <u>Waits v. Hardy</u>, 214 Ga. 495, 496, 105 S.E.2d 719, 721 (1958), the Georgia Supreme Court addressed the issue of whether attorney referrals are relevant. The Supreme Court stated, "both the Court of Appeals and this Court in the opinions in this case above have stated that who referred the plaintiff to the doctor was in effect immaterial." 214 Ga. at 495.

## 10.  <u>UNDISCLOSED PHOTOGRAPHS, EVIDENCE OR WITNESSES</u>

Any reference or suggestion as to the existence or contents of any photographs, documents or other evidence, including lay and expert witnesses which have not previously been disclosed in the pretrial order. *See generally*, Fed.R.Civ.Proc. 26(a), 37(c).

## 11.  <u>SETTLEMENT NEGOTIATIONS</u>

Defendants, their counsel and witnesses should be prohibited from mentioning anything about settlement negotiations or any mediation attempted in this case. Fed.R.Evid. 408(a).

## 12.  <u>MISUSE OF MEDICAL RECORDS DURING CROSS EXAMINATION</u>

Defense counsel should be prohibited in limine from using medical records in cross examination in a manner other than approved.  Defense counsel should be prohibited in limine from using medical records in cross examination in a manner other than approved in <u>Barone v. Law</u>, 242 Ga. App. 102, 527 S.E.2d 898 [3] (2000), which states:

> [l]n order for statements in medical records to be utilized as a prior inconsistent statement against a witness when the medical provider who recorded the witness' statements in the medical record is not present at trial. the trial court must be able to reasonably infer from the face of the records that the witness was the actual source of the statements at issue if the witness denies having made the statement. For example, such an inference may be made when the witness' medical records (a) are written in the "first person," as in a patient's medical history; (b) specifically quote the witness as having made the statement; or (c) clearly indicate on the face of the records that the only source of the medical history was the witness, as when the information reveals something only the witness would know and which could not come from a third party . ... However, to the extent that the medical records are unclear as to the source of the statements contained therein, such statements may be utilized only as a witness' prior inconsistent statements if additional foundation testimony is presented on remand to establish that the witness was, in fact, the declarant of such statements.

Id. Plaintiff anticipates that defense counsel may attempt to read aloud portions of medical records during cross-examination of Plaintiff. Defense counsel should not be permitted to ask plaintiff a question injecting portions of the medical records into the question unless the safeguards of Barone are met first.

If the Defense counsel's intention is to refresh recollection, then Plaintiff can be shown the record-and asked if it helps her remember. The correct procedure for refreshing recollection-has four steps: (1) establish that the witness is having trouble recalling some relevant fact; (2) ask the court for permission to refresh the witness's recollection; (3) hand the witness the writing or item and ask him to review it and see if it refreshes his recollection; (4) when the witness has finished reviewing the item, take the item or writing away from the witness and ask if his memory is now

11

refreshed as to the matter in question. If the witness answers affirmatively, he may then testify from refreshed memory. <u>Milich, Georgia Rules of Evidenced</u> 13.5, 229-230. It is clearly not permissible for defense counsel to include a recitation of the content of the document within the question itself.

If the intention is to show a prior inconsistent statement, then a properly redacted certified copy of the medical record should be shown to the Plaintiff after Plaintiff is asked a question and responds inconsistently from the record. That medical record is only admissible if the medical provider who recorded the witness' statements is present at trial, or if the trial court can reasonably infer from the face of the records that the witness was the actual source of the statements if the witness denies having made the statements. *See* <u>Barone</u>, *supra*. Defense counsel should be instructed not to read portions of medical records into his questions and to properly follow the requirements for refreshing recollection and using prior inconsistent statement as set forth above.

## 13.  <u>AMERICAN TORT SYSTEM OR PLAINTIFF'S LAWYERS IN GENERAL</u>

Any reference or suggestion or the introduction of any evidence by the defense counsel directly or indirectly attacking the American Court System or plaintiff's attorney or recent tort reform campaigns. Neither the American tort system nor plaintiff's attorney in general is on trial in this case. The trial of this case should not be an opportunity for defense counsel to voice opinion regarding tort reform. The

injuries sustained by the plaintiff are a result of the defendants' negligence and the defense should not be permitted to ignore the issues in this case and attack the tort system in general. The debate surrounding tort reform is completely irrelevant to this case and would serve only to inflame and prejudice the jury. Such references would poison this case with anti-lawsuit and anti-lawyer bias, which has been highlighted in recent corporate, media campaign and emotional propaganda. The only thing to be gained in allowing defense counsel to discuss these issues would be a concealment of the truth.  This subject applies to Trial only and not Voir Dire.

## 14.    **MONEY WILL NOT UNDO DAMAGE**

Any reference or suggestion to the effect that "money won't undo the injury and damage the plaintiff may have sustained", because such a suggestion is an improper appeal for jury sympathy toward Defendant. and invites the jury to disregard it's duty to apply the legal measure of damages which the evidence shows have been caused by Defendant's misconduct and instead to base a verdict on improper considerations. *See* Fed.R.Evid. 402; Gielow v. Strickland, 185 Ga. App. 85, 86, 185 Ga. App. 85, 86  (1987) (jury cannot be urged to use some other measure of damages than that prescribed by law); Central of Georgia Railway v. Swindle, 260 Ga. 685, 687, 398 S.E.2d 365, 367 (1990) (trial should not be invaded by improper considerations); Adams v. Camp Harmony Association, 190 Ga. App. 506, 508, 379 S.E.2d 407, 409 (1989) (effect of verdict an improper consideration).

**15.    DEFENDANT IS "SORRY" OR "APOLOGIZES"**

Any reference or suggestion that Defendant is sorry or regrets the occurrence in question, because such a suggestion is an improper appeal for jury sympathy toward Defendant, and invites the jury to disregard it's duty to apply the legal measure of damages by awarding such damages as the evidence shows have been caused by such defendant's misconduct and base a verdict on improper considerations. O.C.G.A. §24-2-1; Adams v. Camp Harmony Association, 190 Ga. App. 506, 508, 379 S.E.2d 407, 409 (1989); Gielow v. Strickland, 185 Ga. App. 85, 86, 185 Ga. App. 85, 86  (1987) (jury cannot be urged to use some other measure of damages than that prescribed by law); Central of Georgia Railway v. Swindle, 260 Ga. 685, 687 398 S.E.2d 365, 367, (1990) (trial should not be invaded by improper considerations).

**16.    PERSONAL BELIEF OF COUNSEL**

Any reference or suggestion by defense counsel as to his or her personal belief concerning the credibility of any witnesses, or as to the merits of Plaintiff's claims, injuries, or damages. *See* Moyer v. New Prime, Inc., No. 1:15-CV-4205-MHC, 2017 U.S. Dist. LEXIS 220903, at *5 (N.D. Ga. May 30, 2017); Manning v. State, 123 Ga. App. 844, 845-6 (6), 182 S.E.2d 690, 692 (1971)

**17.    PRIOR TRAFFIC RECORD OF PLAINTIFF**

Any reference or suggestion as to any prior moving traffic violations or any

prior automobile collisions that Plaintiff may have had in the past. *See* Fed.R.Evid. 402, 403; Myers v. Barnard, 180 Ga. App. 192, 193, 348 S.E.2d 733, 734 (1986).

**18.** **UNRELATED CLAIMS, ETC.**

Any reference or suggestion that the Plaintiff has had unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof is inadmissible as irrelevant.  Such evidence or comment is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by consideration of undue delay, and waste of time.  *See* Fed.R.Evid. 401, 402, 403, 404.

**19.** **OTHER INJURIES AND ARGUMENTS UNSUPPORTED BY MEDICAL EVIDENCE**

Plaintiffs moves that the Court exclude any claim, argument or other statement that any prior or subsequent claims and injuries of Plaintiff are related to the injuries now at issue, unless such contention is first established by testimony of someone having sufficient and appropriate medical training and supported by medical records. Such argument cannot be made without first providing medical proof as to such causation. It is clear that neither a witness nor lawyer without any medical training can give such an unsupported opinion. *See* Eberhart v. Morris Brown College, 181 Ga. App. 516, at 518-519, 352 S.E.2d 832, 834 (1987); Thomason v. Willingham, 118 Ga. App. 821, 825, 165 S.E.2d 865, 868 (1968).

Plaintiff moves that any such argument or statement of counsel be excluded

unless and until such causation is established at trial through testimony of a qualified medical expert. Without medical support, such argument would permit defense counsel to improperly insinuate injury without testimony or other evidence.

20. **[WITHDRAWN]**

21. **[WITHDRAWN]**

22. **THE TIME OR CIRCUMSTANCES UNDER WHICH PLAINTIFFS EMPLOYED THEIR ATTORNEYS**

Plaintiff anticipates Defendants will attempt to elicit evidence or argue to the jury that Plaintiff somehow did something wrong when she hired her attorneys in this matter, or that something undue caused changes in attorneys. Plaintiff objects to the introduction of such evidence or argument to the jury. The dates and circumstances surrounding when plaintiff retained counsel is privileged pursuant to O.C.G.A. § 24-5-501(2) and Fed.R.Evid. 501, which protects against the disclosure of communications between attorney and client. Most significantly, such facts do not tend to prove or disprove any issue of material fact and would only serve to mislead the jury and confuse the issues. For these reasons, Plaintiff respectfully requests the Court exclude such evidence and argument.

23. **PLAINTIFF'S CONTINGENT FEE ARRANGEMENT OR PLAINTIFF'S COUNSEL ATTORNEY SHARING IN ANY JUDGMENT**

At trial, defense counsel may refer to the fact that plaintiff's counsel may be entitled to a portion of any verdict as a result of a contingency fee arrangement. Such

argument would be improper invitation for the jury to consider matters other than evidence of plaintiff's damages and defendant's causation defense in rendering its verdict and any award to plaintiff. Georgia Courts have found error in allowing any reference to a plaintiff's contingency fee agreement at trial. <u>Stoner v. Eden</u>, 199 Ga. App. 135, 137, 404 S.E.2d 283, 285 (1991); <u>Booker V. Older Americans Council of Georgia</u>, 278 Ga. App. 407, 408, 629 S.E.2d 69, 71 (2006).

In <u>Stoner v. Eden</u>, the defense attorney, in closing arguments, stated that the higher the verdict goes, the higher fee the plaintiff's attorney would get; that the plaintiff's attorney will get a "piece of the pie;" and that the plaintiff's attorney had a "contingent interest in the case." 199 Ga. App. at 135-136, 404 S.E.2d 283 at 284. The Court should instruct defense counsel not to ask any questions concerning, or make any statements or comments referring to, plaintiff's fee arrangement with her counsel in this case.

**24.    [WITHDRAWN]**

**25.    <u>VOUCHING FOR THE DEFENSE WITNESSES</u>.**

Any reference or suggestion as to whether or not the Plaintiff or any of the Plaintiff's witnesses believe that any of the defense witnesses are honorable or otherwise worthy of belief. Such evidence or comment is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by consideration of undue delay, and waste of time.

*See* Fed.R.Evid. 401, 402, *and* 403

## 26. __FILING THIS MOTION.__

Any reference or suggestion that this Motion has been presented to or ruled upon by the Court.  In this connection, the Plaintiff moves that the Defendant's counsel be instructed not to suggest to the jury, directly or indirectly, that the Plaintiff has sought to exclude from proof any matter bearing on the issues in this case or the rights of the parties to this suit.  Such evidence or comment is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by consideration of undue delay, and waste of time.  *See* Fed.R.Evid. 401, 402, *and* 403.

## 27. __TESTIMONY TO BOLSTER DEFENDANTS' GOOD CHARACTERS__.

Testimony as to the general good character of a witness or party is irrelevant and immaterial in advance of an attack upon his credibility, or where no effort has been made to impeach him.  Barco v. Taylor, 5 Ga. App. 372, 377-78, 63 S.E. 224, 227 (1908). Plaintiff anticipates that the defense may seek to interject certain character testimony to bolster witness character, such as past military service, past political office, charitable involvement, board positions or the like, which are wholly irrelevant to any matter for the jury's consideration.

## 28. __[WITHDRAWN]__

## 29. __REQUEST FOR THE PLAINTIFF'S FILE MATERIALS.__

Any demands or requests by the Defendant or defense counsel before the jury for matters found or contained in the Plaintiff's or her counsel's files, which would include statements, pleadings, photographs, and other documents directed to the Plaintiff or the Plaintiff's counsel during the course of the trial and in the presence of the jury. Such evidence or comment is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by consideration of undue delay, and waste of time. *See* Fed.R.Evid. 401, 402, 403. It is also privileged and not subject to discovery. O.C.G.A. § 24-5-501(a)(2); Fed.R.Evid. 501; Fed.R.Civ.Proc. 26(b)(3)(A).

**30.** **REQUEST FOR MEDICAL EXAMINATION OR DEMONSTRATION DURING THE TRIAL.**

During the course of the trial, any demands or requests by Defendants or defense counsel for additional medical examination, physical demonstrations, or other similar requests directed to the Plaintiff or Plaintiff's counsel and in the presence of the jury, would be improper as irrelevant and prejudicial. *See* Fed.R.Evid. 402, 403.

**31.** **SUSPENDED PLEADINGS.**

Any reference or suggestion as to the contents of any pleadings which have been superseded by the current pleadings or the pretrial order on file in this case. *See* Garner v. G. D. Searle Pharm. Co., 581 F. App'x 782, 784 (11th Cir. 2014) ("A final pretrial order supersedes all prior pleadings and controls the subsequent course

of the action.") (alterations, citation and quotation omitted), *and* Fed.R.Evid. 403.

## 32.    <u>RULE OF COMPLETENESS.</u>

Plaintiff requests that the Court enforce the Rule of Completeness. "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed.R.Evid. 106 "When an admission is given in evidence by one party, it shall be the right of the other party to have the whole admission and all the conversation connected therewith admitted into evidence." O.C.G.A. § 24-8-822.

## 33.    <u>NOTICE OF DEFENDANTS OF SUIT.</u>

Any reference or suggestion that no notice of the claim was given to Defendant(s) until the suit was filed in this case, since none is required to be given, and therefore wholly irrelevant. *See* Fed.R.Evid. 401, 402, 403.

## 34.    <u>SPECIAL EFFORTS REQUIRED BY JURY</u>.

Any reference or suggestion that the jury must extend special efforts to be fair and impartial to the Defendants. No such special efforts are allowed as the jury must be fair and impartial to both Plaintiffs and Defendants.

## 35.    <u>ACCIDENT CHARGE.</u>

Any reference or suggestion by the defense to an "accident" in this case. <u>Tolbert v. Duckworth</u>, 262 Ga. 622, 623, 423 S.E.2d 229, 230 (1992). The Georgia

Supreme Court has eliminated the jury instruction on accident as a defense in civil cases agreeing with the jurisdictions that have repudiated the use of the accident instruction in all civil cases as unnecessary, misleading and confusing. "The defense of inevitable accident 'is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury." Id. (citation and quotation omitted).

36.    **CHANGE OF PHYSICIANS**

During the course of his various treatments Plaintiff was referred to a number of different doctors.   It is anticipated that the Defendants will attempt to insinuate that the Plaintiff changed physicians with the primary goal of finding a physician to support injuries received in this collision. This was not the case. Doctors and healthcare providers as well as health insurance providers required second opinions and consultations regarding the Plaintiffs injuries. It is anticipated that the Defendants will attempt to interject the fact that Plaintiff went to a number of physicians and changed physicians as a result of seeking support for his lawsuit. This is not relevant and it is not supported by the facts in this particular case. Defendant should not be permitted to interject into the proceedings Any reference that the Plaintiff was a physician shopper. This would require the Plaintiff to rebut this testimony with respect to the number of times the Plaintiff was required to get evaluations, second opinions and actually change physicians at the health care

insurer's request.   *See* <u>Daniel v. Smith</u>, 266 Ga. App. 637, at 642 (2004).

## 37.   <u>A  PLAINTIFF'S  VERDICT  WOULD  LEAD  TO  HIGHER INSURANCE PREMIUMS</u>

Any comment, suggestion, interference or innuendo by the defendant, any defense witness or counsel that higher insurance premiums or the cancellation of coverage for any members of the public, the defendants, or jurors could result from a verdict in favor of the plaintiff, or that such a judgment would be passed on to the public in the form of higher insurance premiums, would be (a) false and misleading and (b) irrelevant and prejudicial, and should therefore be barred. *See* Fed.R.Evid. 402, 403.

## 38.   <u>SEQUESTRATION OF WITNESSES</u>

Plaintiff requests that any witness who will testify in this case be removed from the courtroom until their specific testimony is required.   Plaintiff further requests that the Court instruct witnesses who have testified not to discuss their testimony with other witnesses until the evidence is concluded or all witnesses have been excused from further appearance in Court.   *See* Fed.R.Evid. 615.

## 39.   <u>ANY  SUGGESTION  PLAINTIFF  IS  MAGNIFYING  THEIR INJURIES</u>

Plaintiff anticipates that Defendants will argue that Plaintiff is magnifying his injuries and/or are exaggerating the extent of his damages.   The Court should prevent any such suggestion by Defendants in the absence of expert medical or scientific

testimony to support this contention. *See* <u>Magnan v. Miami Aircraft Support</u>, 217 Ga. App. 855, 857, 459 S.E.2d 592, 595 (1995) (testimony concerning [plaintiff's] later eye problems was, by his own physician's testimony, not based on a reasonable probability and therefore properly excluded).

## 40.  <u>REASONABLENESS AND NECESSITY OF MEDICAL EXPENSES</u>

Plaintiff anticipates that Defendants may attempt to argue that Plaintiff is not qualified to identify the medical expenses hey incurred as a result of the collision or testify that such expenses were reasonable and necessary.  Plaintiff further anticipates that Defendants may argue that expert testimony is required to substantiate the reasonableness and necessity of Plaintiff's medical bills.  Such argument is clearly contradictory to Georgia law. *See* <u>Rutledge v. Glass</u>, 125 Ga. App. 549, 550, 188 S.E.2d 261, 262 (1972) ("Where testimony of plaintiff wife describes her injuries arising out of the collision and a number of visits to a named doctor for treatment and the husband identifies the doctor's bill and states his payment thereof, it is not necessary to have the physician testify that the charges were reasonable and necessary.") *and* O.C.G.A. § 24-9-921 (patient shall be a competent witness to identify bills for expenses incurred in the treatment of the patient upon a showing by such witness that the expenses were incurred in connection with the treatment of the injury, disease, or disability involved in the subject of litigation at trial).

**41.** **ANY REFERENCE TO A LIEN CONTRACT BETWEEN THE PLAINTIFF, PLAINTIFF'S ATTORNEY OR ANY MEDICAL PROVIDER OF THE PLAINTIFF**

Any reference to any sort of lien for medical services Plaintiff may have assigned to a healthcare provider is an improper attempt to suggest that the Plaintiff is manufacturing his injuries or that the subject provider may have exaggerated or otherwise made more favorable report of injuries than were actually observed. *See* Sharp v. Fagan, 215 Ga. App. 44, 45, 449 S.E.2d 648, 650 (1994) ("no interest in the outcome of the litigation or any other bias was shown here.  In [defendant's] offer of proof, [defendant] introduced the document in question.  Although it contains an assignment to [chiropractor] of [plaintiff]'s interest in his claim against parties responsible for his injuries, it purports to assign only so much of [plaintiff]'s interest in his claim against those parties as is necessary to pay the chiropractor's charges for treatment.").

## CONCLUSION

For the within and foregoing reasons, Plaintiff respectfully requests the Court grant his Motions in Limine.

Respectfully submitted this, the 6th day of December, 2019.

**Leipow and Associates, P.C.**

/s/ *Kevin A. Leipow*

235 Peachtree St., NE, Suite 400        **Kevin A. Leipow, Esq.**
Atlanta, GA 30303                       Georgia Bar No. 300163

P: 404.581.3642; F: 404.506.9432       *Counsel for Plaintiff*
kal@leipowlaw.com

## I.    CERTIFICATION OF PAGE AND TYPE

In accordance with Civil Local Rules 5.1C and 7.1D, I hereby certify that this document has been prepared in 14 point, Times New Roman font.

/s/ *Kevin A. Leipow*
**Kevin A. Leipow, Esq.**
Georgia Bar No. 300163

## II.    CERTIFICATE OF SERVICE

This is to certify that a copy of this, **PLAINTIFF'S MOTIONS IN LIMINE 1 THROUGH 41,** was served upon all appropriate parties by causing a copy to be filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

William Emery Gray II
Law Office of William E. (Bo) Gray II
Suite 185
3700 Crestwood Parkway, NW
Duluth, GA 30096
grayw@grangeinsurance.com

This 6th day of December, 2019.

**Leipow and Associates, P.C.**

/s/ *Kevin A. Leipow*
235 Peachtree St., NE, Suite 400       **Kevin A. Leipow, Esq.**
Atlanta, GA 30303                      Georgia Bar No. 300163
P: 404.581.3642; F: 404.506.9432       *Counsel for Plaintiff*
kal@leipowlaw.com