IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GUY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| v. | ) | 1:16-cv-00336-MLB |
| | ) | |
| DIXIE TRANSPORT, INC., | ) | |
| FELIX MILO DALEY, and GRANGE | ) | |
| INDEMNITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSOLIDATED SUGGESTED JURY CHARGES & VERDICT FORMS

COME NOW, Plaintiff and Defendants, and hereby files these suggested Jury

Charges for the Court to submit to the jury at the close of the trial in the above-

captioned civil action:

*Herein, the parties herein cite to the following Pattern Charges: Eleventh

Circuit Pattern Jury Instructions (Civil Cases) (Judicial Council of The United States

Eleventh Judicial Circuit, 2013 revision, up through February 1, 2019 revisions) *and*

Suggested Pattern Jury Instructions (Counsel of Superior Court Judges of Georgia,

Fifth Edition, 2019. The parties reserve application of final jury charges until such time as evidence dictates the appropriate charges at trial.

*The parties reserve the right to request other charges or object further to the included charges based upon the evidence actually offered at trial and the rulings of the Court from this date forward.

The parties have indicated where they agree on Requests to Charge, partially agree, and object fully. The Plaintiff's objections have been provided in red font, and the defendants' objections have been provided in blue font.

## TABLE OF CONTENTS

1.     Partially Agreed Request - - 1.1 General Preliminary Instruction
2.     Plaintiff's Request - 1.4 Jury Questions
3.     Plaintiff's Request - 1.5 Interim Statements
4.     Plaintiff's Request - 00.100 Concluding Remarks
5.     Plaintiff's Request - 2.1 Stipulations
6.     Plaintiff's Request - 2.2 Use Of Depositions
7.     Plaintiff's Request - 2.3 Use Of Recorded Conversations And Transcripts
8.     Plaintiff's Request - 2.4 Interim Statements
9.     Plaintiff's Request - 2.5 Judicial Notice
10.    Plaintiff's Request - 2.6 Use Of Interrogatories
11.    Agreed Request - 3.1 Court's Instructions To The Jury
12.    Agreed Request - 3.2.2 The Duty To Follow Instructions – Corporate Party Involved
13.    Agreed Request - 02.020 Burden Of Proof; Generally; Preponderance Of Evidence, Defined
14.    Plaintiff's Request - 1.2 Burden Of Proof – Clear And Convincing Evidence
15.    Agreed Request - 3.3 Consideration Of Direct And Circumstantial Evidence; Argument Of Counsel; Comments By The Court

16. Plaintiff's Request - 3.4 Credibility Of Witnesses
17. Agreed Request - 3.5.1 Impeachment Of Witnesses Because Of Inconsistent Statements
18. Partially Agreed Request - 3.6.1 & 3.6.2 Expert Witness & Expert Witness – When Expert Fees Represent A Significant Portion Of The Witness's Income
19. Agreed Request - 3.7.1 Responsibility For Proof – Plaintiff's Claim[S], Cross Claims, Counterclaims – Preponderance Of The Evidence
20. Plaintiff's Request - 3.7.2 Responsibility For Proof – Affirmative Defense Preponderance Of The Evidence
21. Agreed Request - 02.140 Conflicting Evidence; Reconciliation
22. Agreed Request - 02.161 Failure To Produce Witnesses; Generally & 02.162 Failure To Produce Witnesses; Mutually Accessible
23. Agreed Request - 60.001 Torts Introduction
24. Partially Agreed Request 60.010 Torts; Ordinary Negligence (Ordinary Diligence)
25. Partially Agreed Request - 60.050 Torts; Negligence Per Se
26. Agreed Request - 60.060 Torts; Negligence; One Act Sufficient
27. Agreed Request - 60.200 Torts; Proximate Cause; Definition
28. Agreed Request - 60.202 Torts; Proximate Cause; Foreseeability; Natural And Probable Consequences; Intervening Cause Rules (Chain Reaction)
29. Plaintiff's Request - 06.010 Agency; Creation
30. Agreed Request - 06.020 Agency; Responsibility Of Principal; Extent
31. Agreed Request - 60.030 Agency; Authority Of Agent; Extent
32. Agreed Request - 06.040 Agency; Proof Of
33. Plaintiff's Request - 60.300 Negligence Amplified; Agency; Generally
34. Plaintiff's Request - 60.310 Negligence Amplified; Spouse, Child Or Employee (Employee Only)
35. Plaintiff's Request - 60.320 Negligence Amplified; Willful Torts
36. Plaintiff's Request - 60.800 Res Ipsa Loquitor
37. Defendants' Request - - Unique Charge
38. Agreed Request - 66.001 Tort Damages; Preliminary Instruction
39. Agreed Request - 66.015 Tort Damages; Duty To Lessen
40. Agreed Request - 66.040 Tort Damages; Expenses; Generally; Medical Expenses

41.  Agreed Request - 66.100 Tort Damages; Earnings, Past; Loss Of
42.  Plaintiff's Request - 66.201 Tort Damages; Earnings; Loss Of Future Earnings
43.  Plaintiff's Request - 66.202 Tort Damages; Earnings; Life Expectancy
44.  Plaintiff's Request - 66.203 Tort Damages; Earnings; Average Annual Earnings
45.  Plaintiff's Request - 66.204 Tort Damages; Earnings; Present Cash Value
46.  Plaintiff's Request - 66.301 Tort Damages; Life Expectancy; Generally
47.  Plaintiff's Request - 66.302 Tort Damages; Life Expectancy; Mortality Tables
48.  Plaintiff's Request - 66.303 Tort Damages; Life Expectancy; Annuity Tables
49.  Plaintiff's Request - 66.301 Torts; Life Expectancy
50.  Partially Agreed Request - 66.501 Tort Damages; Pain And Suffering; Generally
51.  Agreed Request - 66.503 Tort Damages; Pain And Suffering; Future
52.  Agreed Request - 66.504 Tort Damages; Pain And Suffering; Preexisting Injury; Aggravation
53.  Defendants' Request - - Unique Charge
54.  Defendants' Request - - Unique Charge
55.  Plaintiff's Request - - 66.700 Punitive Liability
56.  Plaintiff's Request - - 66.701 Clear And Convincing Evidence
57.  Plaintiff's Request - 66.702 Punitive Liability, Continued
58.  Plaintiff's Request - 66.740 Punitive Damages; Amount; Generally
59.  Plaintiff's Request - 66.741 Punitive Damages; Measure
60.  Plaintiff's Request - 66.750 Punitive Damages; Amount; Guidelines
61.  Plaintiff's Request - 66.760 Reprehensibility; Amplified
62.  Plaintiff's Request - 66.780 Punitive Damages; Conclusion
63.  Plaintiff's Request - Attorney's Fees 18.020
64.  Agreed Request - 3.8.1 Duty To Deliberate When Only The Plaintiff Claims Damages
65.  Agreed Request - 02.530 Court Has No Interest
66.  Defendants' Request - 02.550 Sympathy
67.  Partially Agreed Request - 3.9 Election Of Foreperson Explanation Of Verdict Form[S]

PARTIALLY AGREED REQUEST TO CHARGE NO. 1

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain.

Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations. Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, [GUY MITCHELL], claims the Defendant, [FELIX MILO DALEY AND DIXIE TRANSPORT, INC., [were negligent in causing the Plaintiff personal injuries as a result of a bobtail tractor trailor rear ending the vehicle he was driving on March 9, 2014 on Interstate 75 in Whitefeild County, Georgia, as

well as reckless and consciously indifferent to the consequences of their actions by operating an unsafe vehicle]. [Defendants FELIX MILO DALEY AND DIXIE TRANSPORT, INC.] den[y] all or part of those claims and contend that [the Plaintiff too was negligent and that any injuries he suffered in this motor vehicle accident were minor]. [Defendant GRANGE INDEMNITY INSURANCE COMPANY is also named as a Defendant in this action because they are the liability insurance carrier for Defendant DIXIE TRANSPORT, INC.] *(*Plaintiff requests that the preceding sentence be included due to the direct action statutes application. Defendants Object to the preceeding sentence being included, and not to the remainder of this charge. Defendants preserve their objection to the joinder of Grange as a party by objecting to all references in the jury instructions to Grange.*)

Burden of proof:

[GUY MITCHELL] has the burden of proving [his] case by what the law calls a "preponderance of the evidence." That means [GUY MITCHELL] must prove that, in light of all the evidence, what [his] claims is more likely true than not. So, if you could put the evidence favoring [GUY MITCHELL] and the evidence favoring [FELIX MILO DALEY AND DIXIE TRANSPORT, INC.] on opposite sides of balancing scales, [GUY MITCHELL] needs to make the scales tip to [his] side. If

9

[GUY MITCHELL] fails to meet this burden, you must find in favor of [FELIX MILO DALEY AND DIXIE TRANSPORT, INC.].

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[Optional: On certain issues, called "affirmative defenses," [FELIX MILO DALEY AND DIXIE TRANSPORT, INC.] has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts [FELIX MILO DALEY AND DIXIE TRANSPORT, INC.] must prove for any affirmative defense. After considering all the evidence, if you decide that [FELIX MILO DALEY AND DIXIE TRANSPORT, INC.] has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.]

*Plaintiff's position is that this text is appropriate due to Defendants' burden of proof regarding their affirmative defense of contributory negligence of Plaintiff.*

Defendants have no affirmative defenses.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related

to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove. Next, [GUY MITCHELL] will present [his] witnesses and ask them questions. After [GUY MITCHELL] questions the witness, [FELIX MILO DALEY AND DIXIE TRANSPORT, INC.] may ask the witness questions – this is called "cross-examining" the witness. Then [FELIX MILO DALEY AND DIXIE TRANSPORT, INC.] will present [their] witnesses, and [GUY MITCHELL] may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

*11th Circuit Pattern Charge 1.1*

PLAINTIFF'S REQUEST TO CHARGE 2

## 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the

witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

*11th Circuit Pattern Charge 1.4*

*It is Plaintiff's position that this is an appropriate charge to be read to the jury as a preliminary instruction. Defendants object to jurors questioning witnesses.*

PLAINTIFF'S REQUEST TO CHARGE NO. 3

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

*11th Circuit Pattern Charge 1.5*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury as a preliminary instruction. Defendants object to interim statements.*

# PLAINTIFF'S REQUEST TO CHARGE NO. 4

Concluding Remarks 00.100

I instruct you, ladies and gentlemen, that you must decide this case for yourself solely on the testimony you hear from the witness stand and the exhibits admitted into evidence. You may not visit any scenes depicted by the evidence. You may not utilize any books or documents not in evidence during your deliberations. You may not read or listen to any accounts of the trial that might appear in the news media. You may not discuss this case with anyone, including your fellow jurors, until the court authorizes you to do so. That concludes my preliminary instructions, and we are now ready for the lawyers to give their opening statements.

Georgia Pattern Jury Instructions § 00.100

*It is Plaintiff's position that this is an appropriate charge to be read to the jury as a preliminary instruction.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 5

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

*11th Circuit Pattern Charge 2.1*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury as a preliminary instruction, we expect there to be some stipulations to be read at the time of trial. Object as not anticipated to be adjusted to evidence (I don't think we have any stipulations but if we do its okay)*

## PLAINTIFF'S REQUEST TO CHARGE NO. 6

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

*11th Circuit Pattern Charge 2.2*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury as a preliminary instruction for each deposition being read or viewed.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 7

**2.3 Use of Recorded Conversations and Transcripts**

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcripts.]

*11th Circuit Pattern Charge 2.3*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury as a preliminary instruction.*

PLAINTIFF'S REQUEST TO CHARGE NO. 8

## 2.4 Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

*11th Circuit Pattern Charge 2.4*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury as a preliminary instruction prior to opening statements. Duplicative and defendants object to interim statements*

## PLAINTIFF'S REQUEST TO CHARGE NO. 9

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

*11th Circuit Pattern Charge 2.5*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury as an instruction on judicial notice taken by the Court. Defendants object as not anticipated to be adjusted to evidence.*

PLAINTIFF'S REQUEST TO CHARGE NO. 10

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

*11th Circuit Pattern Charge 2.6*

*It is Plaintiff's position that this is an appropriate charge to be read to the jury as applicable.*

**AGREED REQUEST TO CHARGE NO. 11**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GUY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| v. | ) | 1:16-cv-00336-MLB |
| | ) | |
| DIXIE TRANSPORT, INC., | ) | |
| FELIX MILO DALEY, and GRANGE | ) | |
| INDEMNITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

*11ᵗʰ Circuit Pattern Charge 3.1*

**AGREED REQUEST TO CHARGE NO. 12**

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

*11th Circuit Pattern Charge 3.2.2*

# AGREED REQUEST TO CHARGE NO. 13

## 02.020 Burden of Proof; Generally; Preponderance of Evidence, Defined

Plaintiff has the burden of proof, which means that the Plaintiff must prove whatever it takes to make out his case, except for any admissions by the Defendants. Plaintiff must prove his case by what is known as a preponderance of the evidence; that is, evidence upon the issues involved that, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other.

O.C.G.A. §§ 24-14-1; 24-14-3; 24-8-821; 9-11-36(b).
Superior Paving, Inc., et al. v. Citadel Cement Corporation, 145 Ga. App. 6 (1978)
Danforth v. Danforth, 156 Ga. App. 236, 239 (1980)

*Georgia Suggested Pattern Jury Instructions*
*Volume I: Civil Cases*
*Fifth Edition*
§ 02.020

# PLAINTIFF'S REQUEST TO CHARGE NO. 14

## 1.2 Burden of Proof – Clear and Convincing Evidence

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

*11th Circuit Pattern Charge 3.1*

As to the issue of [punitive damages only,] the plaintiff must prove to a reasonable certainty by clear, convincing, and decisive evidence that the plaintiff is entitled to relief. This is a different and higher burden of proof than a mere preponderance of the evidence.

*Yablon v. Metropolitan Life Ins. Co.*, 200 Ga. 693 (1946)
*Wall et al. v. Wood*, 174 Ga. 508 (1931)
*Liberty National Bank and Trust Co. et al. v. Diamond, 229 Ga. 677 (1972)*
*Freeman v. Saxton, 243 Ga. 571 (1979)*

*Georgia Pattern Charge 02.040*

*\*Plaintiff's position is that this charge is appropriate for punitive damages; Defendant objects to this charge on the basis of punitive damages being inappropriate, as addressed in Defendants' Motions In Limine. Defendants object as not anticipated to be adjusted to evidence.*

**AGREED REQUEST TO CHARGE NO. 15**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

*11ᵗʰ Circuit Pattern Charge 3.3*

## PLAINTIFF'S REQUEST TO CHARGE NO. 16

### 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.  Did the witness impress you as one who was telling the truth?

2.  Did the witness have any particular reason not to tell the truth?

3.  Did the witness have a personal interest in the outcome of the case?

4.  Did the witness seem to have a good memory?

5.  Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.  Did the witness appear to understand the questions clearly and answer them directly?

7.  Did the witness's testimony differ from other testimony or other evidence?

*11th Circuit Pattern Charge 3.4*

**AGREED REQUEST TO CHARGE NO. 17**

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

*11th Circuit Pattern Charge 3.5.1*

**PARTIALLY AGREED REQUEST TO CHARGE NO. 18**

**3.6.1 & 3.6.2 Expert Witness & Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income. *Plaintiff's position is that the preceding portion should be read due to the anticipated facts from Defendants' expert witnesses indicating that they are paid for their testimony and such payment is a significant portion of their income, as contemplated by the suggested charge, and therefore appropriate.  It is Defendant's position that only the first part of the expert charge be read. Defendants object as not anticipated to be adjusted to evidence.*

*11th Circuit Pattern Charges 3.6.1 & 3.6.2*

**AGREED REQUEST TO CHARGE NO. 19**

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff, Guy Mitchell, as the party bringing his claims to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's a party's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

*11th Circuit Pattern Charges 3.7.1*

PLAINTIFF'S REQUEST TO CHARGE NO. 20

**3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence**

In this case, the Defendants, <u>FELIX MILO DALEY AND DIXIE TRANSPORT, INC.,</u> assert the affirmative defenses of <u>contributory negligence.</u> Even if the Plaintiff proves his claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

*11th Circuit Pattern Charges 3.7.2*

*\*Plaintiff's position is that this charge is appropriate to the extent Defendant are permitted to assert the affirmative defense of contributory negligence. Defendants object as not anticipated to be adjusted to evidence AND contributory/comparative negligence are not affirmative defenses*

# AGREED REQUEST TO CHARGE NO. 21

**02.140          Conflicting Evidence; Reconciliation**

Any conflicts in the evidence are to be reconciled wherever possible. All witnesses are presumed to speak the truth and, if possible, you should not attribute a false statement to any of them. If you find that you cannot reconcile conflicting evidence, then you should believe the evidence that is most reasonable and believable to you and decide the case by the preponderance of the evidence as you find it to be.

*Ramco Roofing and Supply Co. Inc. v. Kaminsky*, 156 Ga. App 708 (1980)
*Durham v. Holeman*, 30 Ga. 619 (1860)
*White v. Fulton*, 68 Ga. 511 (1882)

*Georgia Pattern Jury Instructions* § 02.140

**AGREED REQUEST TO CHARGE NO. 22**

**02.161 Failure to Produce Witnesses; Generally**
**02.162 Failure to Produce Witnesses; Mutually Accessible**

If a party fails to produce an available witness, the jury shall determine whether such a failure warrants the inference that the witness, if produced, would have testified to facts prejudicial to the party failing to produce the witness.

O.C.G.A. § 24-14-22
*Cotton v. Childs*, 179 Ga. 23 (1934)
*Southern R.R. Co. et al v. Acree*, 9. Ga. App. 104(2)(1911)
*Oliver v. Fair Jewelers*, 104 Ga. App. 392 (1961)

*Georgia Suggested Pattern Jury Instructions* § 02.161

If a witness is equally available to both parties and it is as reasonable to expect one party to produce the witness as the other, no presumption arises against either party for a failure to produce the witness.

*Pippin v. Burnum*, 172 Ga. App. 553 (1984)

*Georgia Suggested Pattern Jury Instructions* § 02.162

AGREED REQUEST TO CHARGE NO. 23

**60.001 Torts Introduction**

The case before you is a tort case in which Plaintiff must prove by a preponderance of the evidence that the negligence of the Defendants, if any, was a proximate cause of the injuries to the Plaintiff.

*Georgia Suggested Pattern Jury Instructions §60.001*

**PARTIALLY AGREED REQUEST TO CHARGE 24**

**60.010 Torts; Ordinary Negligence (Ordinary Diligence)**

[Plaintiff contends Defendant Felix Daley and Defendants contend that Plaintiff Guy Mitchell committed acts of ordinary negligence proximately resulting in this motor vehicle accident]. *The parties agree on the below pattern charge being read. Plaintiff objects to the introductory statement sought by Defendant. Defendant requests that the introductory statement be read for clarification.*

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before the Plaintiff in this case can recover damages from Defendants in a case such as this, there must be injury to the Plaintiff *proximately* resulting from the Defendants' negligence.

O.C.G.A. §51-1-2

*Georgia Suggested Pattern Jury Instructions §60.001*

PARTIALLY AGREED REQUEST TO CHARGE NO. 25

**60.050 Torts; Negligence *Per Se***

The plaintiff [also] contends that the defendant violated certain laws or ordinances. Such violation is called negligence *per se,* which means negligence as a matter of law. It is your duty to decide whether such violation took place or not. [Such violations, if found, are called negligence per se, which means negligence (or beach of the duty of care) as a matter of law].

If you determine that such a violation took place by the defendant, then under the law such a violation is negligence of the defendant in and of itself. The laws that plaintiff contends that the defendant violated are as follows:

a.      Following too closely in violation of O.C.G.A. § 40-6-49;

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

O.C.G.A. § 40-6-49

b.      Driving too fast for conditions and speeding in violation of O.C.G.A. §§ 40-6-180 & 40-6-181;

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. …

O.C.G.A. § 40-6-180

c.      Reckless driving in violation of O.C.G.A. § 40-6-390;

Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving.

O.C.G.A. § 40-6-390(a).

d.      Failure to exercise due care in the operation of a motor vehicle in violation of O.C.G.A. § 40-6-241;

A driver shall exercise due care in operating a motor vehicle on the highways of this state and shall not engage in any actions which shall distract such driver from the safe operation of such vehicle.

O.C.G.A. § 40-6-241(b).

e.      failure of motor carrier to observe state and common law driving rules. 49 CFR 390.11; 49 CFR 392.2; 49 CFR 392.6; 49 CFR 396.7

f.      Failure to maintain proper brake maintenance and use of tractor with unsafe brakes in violation of 49 USCS § 31137(g); 49 CFR 390.42; 49 CFR 392.7;

49 CFR 393.40; 49 CFR 393.42; 49 CFR 393.43; 49 CFR 393.44; 49 CFR 393.45; 49 CFR 393.47; 49 CFR 393.48; 49 CFR 393.49; 49 CFR 393.50; 49 CFR 393.52; 49 CFR 393.53; 49 CFR 393.585; 49 CFR 571.105; 49 CFR 571.121; 49 USCS § 31136; 49 CFR 1.87; 49 CFR 396.3; 49 CFR 396.7; 49 CFR 396.13

g.      Failure to maintain proper tire maintenance and use of tractor with unsafe tires in violation of 49 CFR 393.75 49 CFR 396.3; 49 CFR 396.7; 49 CFR 396.13

*Central R.R. & Banking Co. v. Smith,* 78 Ga. 694 (1886)
*Wilson v. Georgia Power & Light Co.,* 200 Ga. 207, 208 (1946)
*Ford Motor Co. v. Carter,* 141 Ga. App. 371, 374; 239 Ga. 647, 662 (1977)

*Georgia Pattern Jury Instructions § 60.050*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury, along with applicable code sections, as appropriate under the Georgia Pattern Charges and the claims of negligence per se. The parties have agreed on the non-highlighted text as appropriate. The highlighted text is provided by Plaintiff.*

*\*Defendant requests that the following sentence, the proximate cause charge, be read in conjunction with this pattern charge. Plaintiff objects to the following as redundant:*

[As to any negligence per se that you find such party proves, you would also be required to determine whether any such negligence per se was a proximate cause of the accident and the injuries alleged by Plaintiff.]

Defendants have also requested the following be added:

Defendants contend that plaintiff violated OCGA section 40-6-184(a)(1) No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation.

*Also defendants object to sections (c) through (g) as not adjusted to evidence or proper statement of law.*

## AGREED REQUEST TO CHARGE NO. 26

## 60.060 Torts; Negligence; One Act Sufficient

The plaintiff must prove that the defendant was negligent in one or more ways alleged in order to recover. It is not necessary for the plaintiff to prove that the defendant was negligent in every way that the plaintiff claims. If you find no negligence at all on the part of the defendant, then the plaintiff's case against the defendant ends.

*General Seat, etc., Co. v. Bergen & Sons Inc.,* 91 Ga. App. 431–33 (1955)
*(See also 60.200, Torts; Proximate Cause; Definition.)*

*Georgia Pattern Jury Instructions* § 60.060

**AGREED REQUEST TO CHARGE NO. 27**

**60.200 Torts; Proximate Cause; Definition**

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

O.C.G.A. §§ 51-12-3, 51-12-8, 51-12-9

*Georgia Suggested Pattern Jury Instructions § 60.200*

**AGREED REQUEST TO CHARGE NO. 28**

**60.202 Torts; Proximate Cause; Foreseeability; Natural and Probable Consequences; Intervening Cause Rules (Chain Reaction)**

A defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery. If the chain reaction that resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff may recover.

*Stern v. Wyatt,* 140 Ga. App. 704, 705 (1976)
*Stapleton v. Amerson,* 96 Ga. App. 471, 472 (1957)

*Georgia Suggested Pattern Jury Instructions § 60.202*

**PLAINTIFF'S REQUEST TO CHARGE NO. 29**

**06.010 Agency; Creation**

The relationship of principal and agent arises whenever one person—the principal— expressly or implicitly authorizes another—the agent—to act for the principal or later approves the acts of another performed on the principal's behalf.

A business entity such as a corporation, like DIXIE TRANSPORT, INC., is regarded as a person in this instance.

O.C.G.A. §10-6-1
O.C.G.A. 1-3-3(14)
*National Bank of Athens v. Burt*, 98 Ga. 380 (1896)

*Georgia Suggested Pattern Jury Instructions § 60.010*

*\*It is Plaintiff's position that, to the extent that Defendants are able to contend that Daley was not an agent of Dixie at the time of the collision, this is an appropriate charge to be read to the jury, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence.*

**AGREED REQUEST TO CHARGE NO. 30**

**06.020 Agency; Responsibility of Principal; Extent**

The principal shall be bound by all acts of an agent that are performed within the scope of the agent's authority.

O.C.G.A. §10-6-51

*Georgia Suggested Pattern Jury Instructions § 60.020 (inapplicable portion omitted)*

**AGREED REQUEST TO CHARGE NO. 31**

**60.030 Agency; Authority of Agent; Extent**

     The agent's authority includes all necessary and usual means of performing the agent's duties.

O.C.G.A. §10-6-50

*Georgia Suggested Pattern Jury Instructions § 60.030 (inapplicable portion omitted)*

**AGREED REQUEST TO CHARGE NO. 32**

**06.040 Agency; Proof of**

Before one can be bound by the acts of another who assumes representation of him/her, proof of agency must be shown.

Agency, as well as authority of an agent, may be established by proof of contract creating agency or by the principal's conduct and course of dealings.

You must determine the issue of agency in the light of all the facts and circumstances of the case.

*Scott v. Kelly-Springfield Tire Co.*, 33 Ga. App. 297 (1924) (*and other decisions cited to note "proof of agency" following O.C.G.A. §10-6-1*)
*Patterson v. Southern Railway Co.*, 41 Ga. App. 94 (1930) (*and other decisions cited to note "course of dealing" following O.C.G.A. §10-6-50*)
*Armour Fertilizer Works v. Abel*, 15 Ga. App. 275 (1914)
*Terry v. International Cotton Co.*, 138 Ga. 656 (1912)
*King v. Towns*, 102 Ga. App. 895 (1960)

*Georgia Suggested Pattern Jury Instructions § 60.040 (inapplicable portion omitted)*

## PLAINTIFF'S REQUEST TO CHARGE NO. 33

**60.300 Negligence Amplified; Agency; Generally**

Principals shall be bound for the care and loyalty of their agent in their business and shall be bound for the neglect and fraud of their agent in the transaction of such business.

O.C.G.A. §10-6-60

*Georgia Suggested Pattern Jury Instructions § 60.300*

*\*It is Plaintiff's position that, to the extent that Defendants are able to contend that Daley was not an agent of Dixie at the time of the collision, this is an appropriate charge to be read to the jury, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence.*

**PLAINTIFF'S REQUEST TO CHARGE NO. 34**

**60.310 Negligence Amplified; Spouse, Child or Employee (employee only)**

Every person shall be liable for the wrongful conduct or torts committed by an employee by direction or in the prosecution and within the scope of the person's business, whether the same are committed by negligence or voluntarily.

O.C.G.A. §51-2-2

*Georgia Suggested Pattern Jury Instructions § 60.310*

*\*It is Plaintiff's position that, to the extent that Defendants are able to contend that Daley was not an agent of Dixie at the time of the collision, this is an appropriate charge to be read to the jury, as it is an appropriate statement of law regarding the issues for the jury's determination.*

**60.320 Negligence Amplified; Willful Torts**

An employer is liable for the willful torts or willful wrongful conduct of an employee committed in the course of the employment.

*Columbus Railroad Co. v. Woolfolk,* 128 Ga. 631(3) (1907)
*Ford v. Mitchell,* 50 Ga. App. 617 (1935)

If an employee should do something in furtherance of a lawful direction given by the employer, the employer would be liable for any injury suffered by another, whether caused by the employee's negligence or by the wanton and reckless conduct of the employee in an attempt to accomplish the employer's business in an unlawful manner.

*Southern Railway Co. v. James,* 118 Ga. 840(2) (1903)
*Ledman v. Calvert Iron Works Inc.,* 92 Ga. App. 733, 735 (1955)

*Georgia Suggested Pattern Jury Instructions § 60.320*

*\*It is Plaintiff's position that, to the extent that Defendants are able to contend that Daley was not an agent of Dixie at the time of the collision, this is an appropriate charge to be read to the jury, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence.*

**PLAINTIFF'S REQUEST TO CHARGE NO. 36**

**60.800** *Res Ipsa Loquitor*

When something unusual and unexplained happens with respect to a thing or instrumentality over which the defendant has exclusive control, an inference may arise that the injury was due to the defendant's negligence. The inference may or may not be drawn by you, but in any event it would be a question of fact for you to determine under all the surrounding facts and circumstances as you find them to have existed at the time and place of the occurrence.

Should you draw an inference of negligence under the doctrine of *res ipsa loquitur* from the manner of the occurrence or the circumstances of the occurrence, the drawing of such inference is not necessarily to result in a finding for the plaintiff or to eliminate a finding for the defendant. It is your duty to further inquire about whether the inference has been overcome by satisfactory explanation. The inference that you may draw from the proved facts is circumstantial evidence only, which you have for consideration along with all other evidence in the case. It is your duty to weigh this evidence along with all other evidence and determine where the preponderance of evidence lies.

*Hotel Dempsey Co. v. Miller,* 81 Ga. App. 233, 234 (1950)
*Chenall v. Palmer Brick Co.,* 117 Ga. 106 (1903)
*Palmer Brick Co. v. Chenall,* 119 Ga. 837 (1904)
*Atlanta Coca-Cola Bottling Co. v. Burke,* 109 Ga. App. 53, 64 (1964)
*Atlanta Coca-Cola v. Ergle,* 128 Ga. App. 381 (1973)
*Fender v. Colonial Stores Inc.,* 138 Ga. App. 31 (1976)

*Georgia Suggested Pattern Jury Instructions § 60.800*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence.*

## DEFENDANTS' REQUEST TO CHARGE NO. 37

## UNIQUE CHARGE

Under Georgia law, to hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment. The test is not that the act was done during the existence of the employment, but whether the servant was at that time serving the master.[1]

It is well established that an employee on the way to work is not in the course of his employment but rather is engaged in a personal activity.[2] If, however, the employer owned the vehicle driven by the employee, a presumption arises that the employee was acting in the course and scope of his employment at the time of the accident.[3] In the present case, it is undisputed that Defendant Felix Daley was commuting from his home to Defendant Dixie Transport, Inc.'s place of business, from where he was to be dispatched on a trip to deliver freight loaded on a trailer.

---

[1] *Clo White Co. v. Lattimore*, 263 Ga. App. 839, 840, 590 S.E.2d 381 (2003).
[2] *Riel v. Paulding County Bd. Of Ed.*, 206 Ga. App. 230, 231, 425 S.E.2d 305 (1992).
[3] *Allen Kane's Major Dodge*, 234 Ga. 776, 777, 257 S.E.2d 186 (1979)

From the evidence herein, it is your task to determine whether or not, at the time of this accident, Felix Daley was acting within the course and scope of his employment, that is, was he serving Dixie Transport at that time or simply engaged in a private or personal matter at that time.

*Farzaneh v. Merit Construction Company, Inc.*, 309 Ga. App 637 (2011).

*Plaintiff objects to this charge on the basis that Plaintiff anticipates a directed verdict on the issue of agency herein. Further Plaintiff objects to the charge as misstatements of law and combining argument with conclusions, rather than stating law. Having the Court instruct the jury that " it is well established that an employee on the way to work is not in the course of his employment but rather is engaged in a personal activity" and "it is undisputed that Defendant Felix Daley was commuting from his home to Defendant Dixie Transport, Inc.'s place of business" is both not the applicable law in this case, not an appropriate charge, misleading, prejudicial, and biased.*

AGREED REQUEST TO CHARGE NO. 38

**66.001 Tort Damages; Preliminary Instruction**

Damages are given as pay or compensation for injury done.

O.C.G.A. §51-12-4

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties. If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

O.C.G.A. §51-12-9

*Georgia Suggested Pattern Jury Instructions § 66.001*

**AGREED REQUEST TO CHARGE NO. 39**

**66.015 Tort Damages; Duty to Lessen**

When a person is injured by the negligence of another, he must mitigate his damages as far as is practicable by the use of ordinary care and diligence.

O.C.G.A. § 51-12-11

*Georgia Suggested Pattern Jury Instructions § 66.015*

**AGREED REQUEST TO CHARGE NO. 40**

**66.040 Tort Damages; Expenses; Generally; Medical Expenses**

In all cases, necessary expenses resulting from the injury are a legitimate item of damages. As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

O.C.G.A. §51-12-7
*Georgia Power Co. v. Clark,* 69 Ga. App. 273 (1943); medicine
*Georgia Railway and Power Co. v. Ryan,* 24 Ga. App. 290 (1919); doctor's bill; other decisions cited to notes for "medical expenses" and "physician's bill" following O.C.G.A. §51-12-7

*Georgia Suggested Pattern Jury Instructions* § 66.040

## AGREED REQUEST TO CHARGE NO. 41

**66.100 Tort Damages; Earnings, Past; Loss of**

Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and the amount that may be recovered is the value of the earnings that the evidence shows with reasonable certainty the Plaintiff has lost as a result of the injury. You may consider what the Plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the Plaintiff does, and similar matters. There must be some evidence before you as to the Plaintiff's loss.

*Atlanta Coastline Railroad Co. v. McDonald*, 103 Ga. App. 328, 332 (1961).
*Nashville, etc., Railway Co. v. Miller*, 120 Ga. 453 (1904)
*Western, etc., Railroad Co. v. Sellers*, 15 Ga. App. 369 (1914)
*Camilla Cotton Oil, etc., Co. v. Walker*, 21 Ga. App. 603 (1903) and other decisions following notes for "capacity to labor", "charge", "earning capacity" and "customary wages" following O.C.G.A. § 51-12-4

*Georgia Suggested Pattern Jury Instructions § 66.100*

## PLAINTIFF'S REQUEST TO CHARGE NO. 42

**66.201 Tort Damages; Earnings; Loss of Future Earnings**

If you find that the plaintiff's earnings will be permanently (reduced) (destroyed), lost future earnings—just like lost past earnings—are to be determined on the basis of the earnings that the plaintiff will lose, and there must be some evidence before you as to the amount of such earnings.

*(See citations at 66.100, Tort Damages; Earnings, Past; Loss of.)*

In considering the evidence, you should take into consideration that old age generally reduces the capacity to labor and earn money.

*Florida, etc., R.R. Co. v. Burney,* 98 Ga. 1 (1894)

You may also take into consideration the proposition that the ability of the plaintiff to earn money could have increased during some later periods of the plaintiff's life, if it is authorized by the evidence.

*A-1 Bonding Service Inc. v. Hunter,* 125 Ga. App. 173, 180 (1971)
*Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 595 (1915)

*Georgia Suggested Pattern Jury Instructions § 66.201*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's*

*determination.* Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out that claim.

## PLAINTIFF'S REQUEST TO CHARGE NO. 43

**66.202 Tort Damages; Earnings; Life Expectancy**

You would also consider the life expectancy of the plaintiff.

*Williams v. Vinson,* 104 Ga. App. 886, 893 (1961)
*(See 66.300, Tort Damages; Life Expectancy.)*

*Georgia Suggested Pattern Jury Instructions § 66.202*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out that claim.*

**PLAINTIFF'S REQUEST TO CHARGE NO. 44**

**66.203 Tort Damages; Earnings; Average Annual Earnings**

*(The following should be charged if mortality or annuity tables are used.)*

By taking into consideration the factors as to earning capacity and life expectancy and applying them to this plaintiff's life, you should determine what the average annual loss of future earnings probably would have been.

*Georgia Suggested Pattern Jury Instructions § 66.203*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out that claim.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 45

### 66.204 Tort Damages; Earnings; Present Cash Value

After you have determined the loss of future earnings, you may reduce the plaintiff's gross loss of future earnings to its present cash value. You would do so by using a rate of interest of 5 percent per annum as a reduction factor.

O.C.G.A. §51-12-13
*Miller v. Tuten,* 137 Ga. App. 188 (1976)
*(Note: For the use of annuity tables in determining loss of earnings, see the annuity tables charge [66.303].)*

*Georgia Suggested Pattern Jury Instructions § 66.204*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out that claim.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 46

**66.301 Tort Damages; Life Expectancy; Generally**

You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject. In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living.

*Davis v. Whitcomb,* 30 Ga. App. 497(16) (1923)

*Georgia Suggested Pattern Jury Instructions § 66.301*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out that claim.*

**PLAINTIFF'S REQUEST TO CHARGE NO. 47**

**66.302 Tort Damages; Life Expectancy; Mortality Tables**

*(The following should be used only if a mortality table is introduced in evidence.)*

There is another way in which you may determine the life expectancy of the plaintiff. There has been introduced into evidence a copy of the _____ mortality tables. If you desire to determine from this table the life expectancy of a person, look up that person's age in one column, and across from the age column, you will find the life expectancy of a person of that age. Life expectancy shown on any such table is merely a guide that you may follow while considering the evidence as a whole.

*Savannah, etc., Railway v. Stewart,* 71 Ga. 427 (1883)
*Augusta Railway Co. v. Glover,* 92 Ga. 132, 148 (1892); and other cases cited to note "mortality tables"; subnote "conclusive" following O.C.G.A. §51-12-4
*(Note: If a more elaborate charge on mortality is desired, an adaptation of the charge in* Florida, etc., R.R. Co. v. Burney, *98 Ga. 1 [1894] is recommended.)*

If you use the mortality tables, you should take the average annual loss of future income of the plaintiff and multiply it by the number of years of the plaintiff's life expectancy. The result will give you the probable gross loss of future earnings. You should then reduce the loss to its present cash value by using a rate of interest of 5 percent per annum as a reduction factor.

*Florida, etc., R.R. Co. v. Burney,* 98 Ga. 1 (1894)
O.C.G.A. §51-12-13

If you find the plaintiff's loss of future earnings is not permanent but will be reduced for some period of time into the future, you should then disregard the mortality table and award to the plaintiff damages for loss of future earnings for such temporary period as you may find.

*(Note: O.C.G.A. §§24-24-44 and 24-24-45 make the American Experience Mortality Tables, the Commissioners 1958 Standard Ordinary Mortality Tables, and Annuity Mortality Table for 1949, Ultimate, admissible in evidence. The older Northampton, Carlisle, and Actuaries' Mortality Tables have been recognized at least since their publication in 70 Ga. 843. Apparently any "standard" or generally accepted mortality or annuity table, when shown by evidence to be such, may be introduced in evidence.)*
*Atlanta, etc., R.R. v. Johnson,* 66 Ga. 259(4) (1881)
*Ga. Gas v. Fowler,* 77 Ga. App. 675 (1948)

*Georgia Suggested Pattern Jury Instructions § 66.302*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out that claim as it applies to future lost earnings.*

# PLAINTIFF'S REQUEST TO CHARGE NO. 48

## 66.303 Tort Damages; Life Expectancy; Annuity Tables

*(The following should be used in connection with cases involving temporary or permanent loss of future earnings when annuity tables have been introduced in evidence.)*

When you have satisfied yourselves what the average annual future loss of income of (plaintiff) (deceased) would be, you would then figure the cash value for the person's life. In order to aid you in coming to a conclusion on that point, *(number of)* annuity tables are in evidence before you. An annuity is a sum a person is entitled to per year during that person's whole life. Sometimes there is a sale of that annuity for which the present cash value of it must be determined. An award of damages for permanent loss of earnings amounts to a forced sale of lifetime earnings. This table is made to show the present cash value of an annuity, according to the age of the person entitled to an annuity. Turn to that table that is before you for the purpose of aiding you in measuring damages for loss of future earnings.

Take the average annual loss of future income of (plaintiff) (deceased) and the age of the (plaintiff) (deceased). You would then consult the annuity tables and find opposite the age the present value of an annuity of $1.00 per year for the expected remaining life of a person of that age discounted at the _____ percentage

indicated, depending on which you select. You would multiply that present value of the $1.00 annuity from the table by the average annual loss of future earnings, and that would be the present cash value if the plaintiff (deceased) were recovering an annuity of that sum, or entitled to an annuity of that sum for and during that person's remaining life. That would be the sum you are trying to arrive at.

In using your annuity table, you would be entitled to use a rate of interest of 5 percent.

O.C.G.A. §51-12-13
*Atlanta, etc., R.R. Co. v. Johnson,* 66 Ga. 259, 263 (1881)
*Kitchens v. Hall,* 116 Ga. App. 41, 43 (1967)
*Florida, etc., R.R. Co. v. Burney,* 98 Ga. 1 (1894)

An annuity table is based on an average length of life as shown by mortality tables from which it is figured. You do not have to use the annuity table introduced to you in any way. Such a table is just a guide that you may follow or not as you see fit, while considering the evidence as a whole.

*(See note to 66.201 Tort Damages; Earnings; Loss of Future Earnings. If a more elaborate charge on annuity tables is desired, an adaptation of the charge in* Florida, etc., R.R. Co. v. Burney, *98 Ga. 1 [1894] is recommended.)*

*Georgia Suggested Pattern Jury Instructions § 66.303*

*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out that claim as it applies to future lost earnings.

**PLAINTIFF'S REQUEST TO CHARGE NO. 49**

**66.301 Torts; Life Expectancy**

You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject. In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living.

*Davis v. Whitcomb,* 30 Ga. App. 497(16) (1923)

*Georgia Suggested Pattern Jury Instructions § 66.301*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury, as it is an appropriate statement of law regarding the issues for the jury's determination.*

**PARTIALLY AGREED REQUEST TO CHARGE NO. 50**

**66.501 Tort Damages; Pain and Suffering; Generally**

**(a) Generally**

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

*Western, etc., Railroad Co. v. Young*, 83 Ga. 512, 515 (1889)
*Redd v. Peters*, 100 Ga. App. 316 (1959)
*Southern Railway Co. v. Jackson*, 146 Ga. 243 (1916)
*Chapman v. Western Union Telegraph Co.*, 88 Ga 763 (1892)

**(b) Mental**

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

*Williams v. Vinson*, 104 Ga. App. 886, 893 (1961)
*Langran v. Hodges*, 60 Ga. App. 567 (1939)
*Atlantic Coast Line Railroad Co. v. Outz*, 82 Ga. App. 36, 62 (1950)

In evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily

==health and vigor; fear of extent of injury; shock of impact; actual pain and suffering,==

==past and future; mental anguish, past and future; and the extent to which the plaintiff==

==must limit activities.==

*Food Lion v. Williams*, 219 Ga. App. 352 (1995).
*OB-GYN Associates of Albany v. Littleton*, 259 Ga. 663 (1989)
*Southern Railway Co. v. Jackson*, 146 Ga. 243 (1916)
*Chapman v. Western Union Telegraph Co.*, 88 Ga. 763 (1892)
*(Note: Subsequent cases find the charge from* OB-GYN Associates
*overgeneralized. Subsequent cases have clarified situations in which mental*
*suffering damages can be collected, even without physical injury. These cases are*
*fact specific.)*
*Nationwide Mutual Fire v. Lam,* 248 Ga. App. 134 (2001)
*Lee v. State Farm Mutual,* 272 Ga. 583 (2000)
*(Subnote: A possible solution is to continue to use the general charge and, when*
*appropriate, tailor a charge in which the peculiar facts fall into one of the post*
OB-GYN Associates *exceptions.)*


Damages may be recovered in those cases in which the pain and suffering

are caused by a willful or wanton act.

*American Security Co. v. Cook, 49 Ga. App. 723 (1934)*
*Stephens v. Waits, 53 Ga. App. 44 (1936)*

*Georgia Suggested Pattern Jury Instructions § 66.501*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in*
*its entirety, as it is an appropriate statement of law regarding the issues for the jury's*
*determination. Defendants request only subsection (a) be read. Defendants object to*
*the highlighted text as not anticipated to be adjusted to evidence and argumentative.*

**AGREED REQUEST TO CHARGE NO. 51**

**66.503 Tort Damages; Pain and Suffering; Future**

If you find that the plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

*Southern Railway Co. v. Bottoms,* 35 Ga. App. 804 (1926)
*Brock v. Cato,* 75 Ga. App. 79, 82 (1947)
*Williams v. Vinson,* 104 Ga. App. 886, 893 (1961)
*Shore v. Ferguson,* 142 Ga. 657 (1914)
*Everett v. Holmes,* 126 Ga. App. 208 (1972)

*Georgia Suggested Pattern Jury Instructions § 66.503*

**AGREED REQUEST TO CHARGE NO. 52**

**66.504 Tort Damages; Pain and Suffering; Preexisting Injury; Aggravation**

Plaintiff may not recover for injuries or disabilities that are not connected with the act or omissions of the Defendants in this case. There can be no recovery by Plaintiff for any injury or disability that was not proximately caused by the incident in question. *Crandall v. Sammons,* 62 Ga. App. 1, 5 (1940). If you should find that, at the time of the incident, the Plaintiff had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that the Plaintiff received an injury as a result of the negligence of the Defendants and that the injury resulted in any aggravation of a condition already pending, then the Plaintiff could recover damages for aggravation of the preexisting condition.

*Crandall v. Sammons,* 62 Ga. App. 1, 5 (1940)
*Whatley v. Henry,* 65 Ga. App. 668 (1941)
*Mitchell v. Turner,* 89 Ga. App. 14 (1953)
*Garner v. Driver,* 155 Ga. App. 322 (1980)

*Georgia Suggested Pattern Jury Instructions § 66.504*

**DEFENDANTS' REQUEST TO CHARGE NO. 53**

**UNIQUE CHARGE**

If you find that the Plaintiff is entitled to recover under the instructions given you, he would only be entitled to recover damages directly and proximately resulting from the negligence of the Defendants and would not be entitled to recover damages for injuries or ailments that he experienced from any mental or physical condition existing prior to this accident with the Defendants, provided that this accident would not cause or aggravate the injury or ailment. Nor would the Plaintiff be entitled to recover damages from the Defendants for any injuries or ailments that he might have experienced subsequent to the . . . negligence of the Defendants which was not connected with or resulting from this incident. In this connection, the burden is upon the Plaintiff to establish by a preponderance of the evidence just which of his damages, injuries and ailments resulted from the . . . negligence of the Defendants and which of his damages, injuries or ailments were caused by some source other than the negligence of the Defendants.

Emory University v. Lee, 97 Ga. App. 680, 694-6, 104 S.E.2d 234 (1958) [*modified by substituting "negligence" for "alleged negligence" in multiple places*]

*\*Plaintiff objects to this charge as redundant with other charges providing the law, argumentatively biased in favor of Defendants, and not a pattern charge.*

## DEFENDANTS' REQUEST TO CHARGE NO. 54

**UNIQUE CHARGE**

I charge you that in determining whether the Defendants are liable to the Plaintiff, "it is [your] duty to determine not only whether the alleged act or acts of were committed, but also, if committed, whether the same amounted to negligence, and if so, whether such negligent act or acts proximately caused the Plaintiff's injuries."

*Critser v. McFadden,* S03G0875 (Ga. 2004) (Emphasis added). *In this decision the Supreme Court of Georgia held that the trial court should clearly inform the jury on the matter quoted above*.

*\*Plaintiff objects to this charge as redundant with other charges providing the law, and not a pattern charge.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 55

**66.700 Punitive Liability**

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages. Before you may award (impose) punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

O.C.G.A. §13-6-11

*Georgia Suggested Pattern Jury Instructions § 66.700*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out those claims.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 56

### 66.701 Clear and Convincing Evidence

*(See the general charge 02.040, Clear and Convincing Evidence.)*

As to the issue of "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences" the (plaintiff) must prove to a reasonable certainty by clear, convincing, and decisive evidence that the (plaintiff) is entitled to relief. This is a different and higher burden of proof than a mere preponderance of the evidence.

*Yablon v. Metropolitan Life Ins. Co.*, 200 Ga. 693 (1946)
*Wall et al. v. Wood*, 174 Ga. 508 (1931)
*Liberty National Bank and Trust Co. et al. v. Diamond*, 229 Ga. 677 (1972)
*Freeman v. Saxton*, 243 Ga. 571 (1979)
(*Note: For a criminal trial, the burden of proof requirement is "beyond a reasonable doubt."*)

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt).

(*Give definition of reasonable doubt if appropriate.*)
*Clarke v. Cotton*, 263 Ga. 861 (1994) (*The special concurrence to*

*Clarke v. Cotton,* 263 Ga. 861 (1994)

*(Note: O.C.G.A. §51-12-5.1 became effective 7/1/87. For cases prior to this date, see O.C.G.A. §51-12-5.)*

*Georgia Suggested Pattern Jury Instructions § 66.701*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out those claims.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 57

**66.702 Punitive Liability, continued**

If the plaintiff fails to prove, by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award (impose) punitive damages. Mere negligence, although amounting to gross negligence, will not alone authorize an award (imposition) of punitive damages.

Punitive damages, when authorized, are awarded (imposed) not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide (that the plaintiff should receive) (to impose) punitive damages.

*Alliance Transp. Inc. v. Mayer, 165 Ga. App. 344, 345 (1983)*

*Georgia Suggested Pattern Jury Instructions § 66.702*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out those claims.*

# PLAINTIFF'S REQUEST TO CHARGE NO. 58

## 66.740 Punitive Damages; Amount; Generally

*(Note: Trial shall be bifurcated.*

*Phase 1. The jury determines whether or not punitive damages shall be imposed. For nonproduct liability cases, Phase 1A or 2A concerns the nonproduct liability cap special findings, i.e., issues of intent, alcohol, or drugs. It is clear the trial must be bifurcated unless stipulated otherwise. There is disagreement on whether the issue of the cap findings should be included in the first phase or the second phase. There are practical and possibly tactical reasons to go either way, but no legal guidance. The committee has attempted to offer either option.*

*Phase 2. The trial resumes to receive evidence bearing upon the proper amount to deter, penalize, or punish the defendant. Then, the jury sets the amount of punitive damages to be awarded.)*

You have decided to award (impose) punitive damages. Next you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in the most recent phase of the trial. (You should also bear in mind that the plaintiff's injury has been made whole by your award of compensatory damages). The sole purpose of punitive damages is to punish, penalize, or deter the defendant, and the amount you award (impose) should reflect that purpose only.

*(Note: The entire subject of punitive damages seems to be in a state of flux and is*

*hotly disputed. These issues must be briefed by counsel and researched by the court. The main benefit of what follows is to acquaint the judge with likely issues and possible, not*
*necessarily approved, charges. Your attention is invited to J. Scalia's comment in dissent: "The punitive damages jurisprudence which has sprung forth from* BMW v. Gore *is insusceptible of principled application; accordingly, I do not feel justified in giving the case stare decisis effect.")*

*Georgia Suggested Pattern Jury Instructions § 66.740*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out those claims.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 59

**66.741 Punitive Damages; Measure**

The measure of such damages is your enlightened conscience as an impartial jury (but not more than $250,000*) (but not more than [insert ratio range])** to your compensatory award).

*O.C.G.A. §51-12-5.1*

*(Note: Both parentheticals may or may not be erroneous statements of law but may help solve the problem of the proportionality of punitive damage awards identified in the supreme court cases. See explanation below.)*

*\* Omit cap parenthetical in all product liability cases. In addition, be aware that it has been held to be error to tell the jury that a percentage of punitives in certain cases goes to the state. O.C.G.A. §51-12-5.1(e)(2); Uniroyal Goodrich Tire Co. V. Ford, 218 Ga. App. 248; 276 Ga. 226. Although reference to the cap is distinguishable, one could argue that the 18 Updated January 2018 Tort Damages cases suggest that it may be error to tell the jury about the cap unless stipulated by both parties. There is no guidance at present.*
*\*\* Possibly the judge can obtain a range of ratios from a stipulation in a pretrial order. State Farm v. Campbell suggests using a "single-digit" ratio or not more than 9-1; and even 9-1 may only be appropriate in an exceptional case. But see Craig v. Holsey, cert. denied 3/29/04 (post State Farm), a Georgia case wherein there was an award of 22-1 ratio. The denial of certiorari is not authority, but the case, though rare, illustrates the difficulty of the issue. These precedents may help with the proportionality problem.*

*Georgia Suggested Pattern Jury Instructions § 66.741*

*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out those claims.

## PLAINTIFF'S REQUEST TO CHARGE NO. 60

### 66.750 Punitive Damages; Amount; Guidelines

*(Note: Georgia statutory law does not recognize guidelines for punitive damages.* State Farm Mutual Automobile Insurance Company v. Campbell, *538 US 408; 123 S. Ct. 1513 [2003] arises from another state and has not been interpreted in Georgia as of this writing. Procedures and evidence addressed are specific to that case; however, in broad language, the opinion addresses and condemns perceived due process problems that occur in many jurisdictions, including Georgia. The trial judge needs to be aware of its [6-3] holding and the trend that it supports. Much of its language may be dicta, but the case is perceived by many to be a bellwether case on punitive damages. The extent of the effect is not known.*
*The guidelines of* State Farm Mutual Automobile Insurance Company v. Campbell, *are written for postjudgment review, but there is strong language suggesting that postjudgment review [as has often been relied on in Georgia] may not suffice as a substitute for jury guidance and may not be adequate to comply with due process. Punishment without due process [i.e., notice of prohibited conduct and severity of punishment] is the issue, and therefore some guidance adjusted to the evidence is probably necessary. The extent of required guidance is not known. Prompted by a very strong trend in U.S. cases, Georgia case law, especially* Hospital Authority of Gwinnett Co. V. Jones, *has recognized the guidelines that follow. Some of these guidelines may conflict with or duplicate those suggested in* State Farm v. Campbell. *Adjustments to the charge have been made accordingly.)*

In considering the amount of punitive damages, you may consider the following factors:

1) the nature and egregiousness (reprehensibility) of the defendant's conduct *(See 66.760, Reprehensibility; Amplified)*

2) the extent and duration of the defendant's wrongdoing and the (possibility) (likelihood) of its recurrence *(The word "possibility" is from the opinion; substitution of "likelihood" may avoid a burden of proof conflict.)*

3) the intent of the defendant in committing the wrong

4) the profitability of the defendant's wrongdoing *(Give only if supported by evidence.)*

5) the amount of actual damages awarded

6) the previous awards of punitive damages against the defendant (for the same or similar conduct) *(Parenthetical qualifier added due to language of* State Farm v. Campbell*; give only if supported by evidence.)*

7) potential or prior criminal (civil) sanctions against the defendant based upon the same wrongful acts *(Give only if supported by evidence.)*

8) the financial circumstances, that is, the financial condition and or the net worth of the defendant *(Give only if supported by evidence.) (Note: The supreme court identifies net worth an area with great potential for bias but gives no guidance for a charge or other solution. A general sympathy charge has been criticized as insufficient. Consider giving a limiting charge on sympathy and prejudice*

*specifically addressing financial circumstances. See 66.773 Bias, Sympathy,*

*Prejudice and 02.550 Sympathy.)*

9) any other pertinent circumstances *(Note: This catchall is from Georgia case law*

*but may violate due process and* State Farm v. Campbell.*)*

*Hospital Authority of Gwinnett Co. v. Jones,* 259 Ga. 759, 764 (1989); reversed on
other grounds State Farm *and* BMW v. Gore, *517 US 559 (1996) set the following
guidelines for review of any punitive award:*
*1) degree of reprehensibility of the defendant's conduct;*
*2) proportionality between conduct, compensatory award, and punitive award; and*
*3) comparison between the punitive award and authorized civil penalties imposed
in comparable cases.*
*(Note: The potential for these issues is predictable and should be known by both
counsel well in advance of trial. The committee strongly suggests that the trial
judge insist, to the degree practicable, on a "high-low" agreement from counsel
and/or a stipulated range of proportion between actual and punitive damages.
Failing that, in pretrial conference, the judge should attempt to obtain and record
consensus on how these issues can best be met.)*

*Georgia Suggested Pattern Jury Instructions § 66.750*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in
its entirety, as it is an appropriate statement of law regarding the issues for the jury's
determination. Defendants object as not anticipated to be adjusted to evidence and
failure of plaintiff to make out those claims.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 61

## 66.760 Reprehensibility; Amplified

*(Note: Because* State Farm *suggests that reprehensibility is the most significant issue in determining the reasonableness of a punitive verdict, the charge below amplifies that issue. Charge 66.750, however, may suffice.)*

In making your award, you should consider the degree of reprehensibility of the defendant's wrongdoing. You should consider all the evidence, both aggravating and mitigating, to decide how much punishment the defendant's conduct deserves.

In assessing reprehensibility, you may consider whether

a) the harm caused was physical, as opposed to economic;
b) the conduct showed an indifference to or a reckless disregard of the health or safety of others;
c) the target of the conduct had financial vulnerability;
d) the conduct involved repeated actions or was an isolated incident;
e) the harm was the result of intentional malice, trickery, or deceit (or mere accident)

*(The term "accident" is from the* State Farm *opinion and may conflict with Georgia law; consider substituting "or was merely a consequence not specifically intended.")* State Farm Mutual Automobile Insurance Company v. Campbell, *538 US 408 (2003) (Note: In addition to reprehensibility,* State Farm *also identifies two other main concerns. The committee can suggest no pattern charge on the other two broad* State Farm *issues. Proportionality is marginally addressed by section number 5 of 66.750 and the conclusion in 66.780. There are simply too many variables and unanswered questions for this issue to be addressed by a pattern charge. The supreme court declined to adopt a "bright line ratio" and conceded that there is no rigid benchmark. Without more guidance, the use of the word "proportional" in a charge may provoke or raise more questions than it answers. The issue can perhaps best be addressed if the parties stipulate a proportion range, as suggested. "Penalty*

*comparison"* is marginally addressed in charge 66.750. It is not clear how the issue will be presented in evidence to a jury. The trial judge, nevertheless, may be called upon to draft a charge on these issues.)

*Georgia Suggested Pattern Jury Instructions § 66.760*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination.* *Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out those claims.*

**PLAINTIFF'S REQUEST TO CHARGE NO. 62**

**66.780 Punitive Damages; Conclusion**

Any award you make should be both reasonable and just in light of your previous award of damages, the conduct and circumstances of the defendant, and the purpose of punitive damages.

*Georgia Suggested Pattern Jury Instructions § 66.780*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out those claims.*

## PLAINTIFF'S REQUEST TO CHARGE NO. 63

**Attorney's Fees 18.020**

The expenses of litigation are not generally allowed as a part of the damages. But, if the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense, you may allow them. You should determine from the evidence the attorney's fees (or other expense), if any, as will be allowed.

O.C.G.A. §13-6-11

*Georgia Suggested Pattern Jury Instructions § 18.020*

*\*It is Plaintiff's position that this is an appropriate charge to be read to the jury in its entirety, as it is an appropriate statement of law regarding the issues for the jury's determination. Defendants object as not anticipated to be adjusted to evidence and failure of plaintiff to make out those claims.*

**AGREED REQUEST TO CHARGE NO. 64**

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Eleventh Circuit Pattern Jury Instructions* (2019), 3.8.1

# AGREED REQUEST TO CHARGE NO. 65

## 02.530 Court Has No Interest

I want to emphasize that anything the Court did or said during the trial of this case was not intended to and did not intimate, hint or suggest to you which of the parties should prevail in this case. Whichever of the parties is entitled to a verdict is a matter entirely for you to determine, and whatever your verdict, it must be agreed upon by all of you.

The Court's interest in this matter is that the case be fairly presented according to law and that you – as honest, conscientious, impartial jurors – consider the case as the Court has instructed you and return a verdict that speaks the truth as you find the truth of the case to be.

O.C.G.A. § 9-10-7

Kimberly v. Reed, 79 Ga. App. 137, 146 (1949); *cited to note "saving language" thereunder; there is no legal requirement for this charge, but it is a sound, precautionary measure.*

*Georgia Suggested Pattern Jury Instructions* § 02.530

## DEFENDANTS' REQUEST TO CHARGE NO. 66

**02.550 Sympathy**

Your verdict should be a true verdict based upon your opinion of the evidence according to the laws given you in this charge. You are not to show favor or sympathy to one party or the other. It is your duty to consider the facts objectively without favor, affection or sympathy to either party. In deciding this case, you should not be influenced by sympathy or prejudice (because of race, creed, color, religion, national origin, sexual preference, local or remote residence, economic (or corporate) status) for or against either party.

O.C.G.A. §15-12-138

*Georgia Suggested Pattern Jury Instructions* § 02.550

*\*Plaintiff objects to this charge, as it prejudices only Plaintiff in this matter, and the law for the jury to weigh is dictated in other charges.*

**PARTIALLY AGREED REQUEST TO CHARGE NO. 67**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

Election of Foreperson Explanation of Verdict Form When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience.

[If you believe from a preponderance of the evidence that the Plaintiff is entitled to recover damages, you would find for the Plaintiff and the form of your verdict would be, "We the jury, find for Plaintiff in the sum of (BLANK) dollars." (Where I have used the word "blank," you would insert such sum in dollars and cents as you think the Plaintiff is entitled to recover.) If you do not think the Plaintiff is entitled to recover based upon the evidence presented, you should find for the Defendants, and the form of your verdict would be, "We the jury, find for the Defendants."]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The

court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

*Eleventh Circuit Pattern Jury Instructions* (2019), 3.9

Parenthetical explanation of verdict is *Georgia Suggested Pattern Jury Instructions, Volume I: Civil Cases, Fifth Edition,* § 02.500

*\*Plaintiff objects to the highlighted text on the basis that it involves a verdict form that has not been agreed. The parties agree on the remainder of the charge to be read.*

## PLAINTIFF'S PROPOSED VERDICT FORM

*Defendants object to plaintiff's verdict form and offer their own proposed form.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GUY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| v. | ) | 1:16-cv-00336-MLB |
| | ) | |
| DIXIE TRANSPORT, INC., | ) | |
| FELIX MILO DALEY, and GRANGE | ) | |
| INDEMNITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **JURY VERDICT**

**\_\_\_\_    We, the Jury, find in favor of the Plaintiff in the amount of:**

**a.  Past pain and suffering:**        $_____

**b.  Future pain and suffering:**       $_____

**c.  Past medical expenses:**         $_____

**d.  Future medical expenses:**        $_____

**e.  Lost wages:**              $_____

**f.  Attorneys Fees:**           $_____

**g.  Punitive Damages:**          $_____

**TOTAL**                    $_____

**Or**

**_____  We, the Jury, find in favor of the Defendants:**

**This _____ day of _____, 2019.**


_____
**Foreperson**

## DEFENDANTS' PROPOSED VERDICT FORM

*Plaintiff objects to Defendants' proposed form and has offered his own.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GUY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| v. | ) | 1:16-cv-00336-MLB |
| | ) | |
| DIXIE TRANSPORT, INC., | ) | |
| FELIX MILO DALEY, and GRANGE | ) | |
| INDEMNITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **VERDICT FORM**

_____ We the jury, find for the Plaintiff in the sum of $_____.

_____ We the jury, find for the Defendants.


This _____ day of _____, 2020.


_____
Foreperson

Respectfully submitted this, the 8th day of January, 2020.

**Leipow and Associates, P.C.**

235 Peachtree St., NE, Suite 400    /s/ *Kevin A. Leipow*
Atlanta, GA 30303    **Kevin A. Leipow, Esq.**
P: 404.581.3642; F: 404.506.9432    Georgia Bar No. 300163
kal@leipowlaw.com    *Counsel for Plaintiff*

LAW OFFICE OF WILLIAM E.
"BO" GRAY II

By: */s/ William E. "Bo" Gray II*
*(signed with express permission by Kevin A. Leipow)*
William E. "Bo" Gray II
Georgia Bar No. 306460
*Attorney for Defendants*

3700 Crestwood Pkwy., NW
Suite 185
Duluth, GA 30096
(614) 593-7738
(614) 593-8133 facsimile
grayw@grangeinsurance.com

## I.     **CERTIFICATION OF PAGE AND TYPE**

In accordance with Civil Local Rules 5.1C and 7.1D, I hereby certify that this document has been prepared in 14 point, Times New Roman font.

/s/ *Kevin A. Leipow*
**Kevin A. Leipow, Esq.**
Georgia Bar No. 300163

## II.     **CERTIFICATE OF SERVICE**

This is to certify that a copy of this, **CONSOLIDATED SUGGESTED JURY CHARGES & VERDICT FORMS,** was served upon all appropriate parties by causing a copy to be filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

William Emery Gray II
Law Office of William E. (Bo) Gray II, Suite 185
3700 Crestwood Parkway, NW
Duluth, GA 30096
grayw@grangeinsurance.com

This 8th day of January, 2020.

                                      **Leipow and Associates, P.C.**

235 Peachtree St., NE, Suite 400       /s/ *Kevin A. Leipow*
Atlanta, GA 30303                          **Kevin A. Leipow, Esq.**
P: 404.581.3642; F: 404.506.9432    Georgia Bar No. 300163
kal@leipowlaw.com                   *Counsel for Plaintiff*