David R. Montlick
Alan Y. Saltzman'
Kathy Edwards-Opperman"

Jonathan B. Pierce
Orlando A. Marra 'FL
Patrick R. Malatrese
Rory S. Chumley
Glenn D. Chitlik
Daniel Maldonado 'FL
Michael N. Rubin 'MD
Dustin Tapo
Lynn S. Walker
Michael J. Moran
Kimberly L. Jacobsen
Joel H. Roth 'NJ
Richard K. Warner 'NY
Alan J. Marks 'PA

Managing Attorney
also admitted in NY, NJ, & N.S.W.
also admitted in other state(s)

# MONTLICK & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

17 EXECUTIVE PARK DRIVE • SUITE 300
ATLANTA, GEORGIA • 30329

TELEPHONE (404) 235-5000 • FACSIMILE (404) 321-3323
www.montlick.com

D. Jeffrey Beaird 'M FL
Jeffrey S. Kowalski
Barry L. Goldner 'OH FL
Kristina Soyang Kim
Christopher R. Ostulski
Joel E. Hausman 'PA
Rebecca Lachat Bilello
Beau T. Pirkle
Ramon W. Palanca, Jr.
Margaret K. Grenleski
Nathan A. Kratzert
Matthew Cochran
Jason A. Saltzman
Craig W. LaChanse
Aaron N. Monick 'TN
Jennifer J. Fleming 'MS PA
Alyssa A. Graber 'FL
Sara Root

May 30, 2014

Dixie Transport, Inc.
Linda or Tammy
2685 U.S. Hwy 41 N.E.
Calhoun, GA 30701

## NOTICE OF POTENTIAL LITIGATION
## AND REQUEST FOR PRESERVATION OF EVIDENCE

        RE:   Our Client:   Guy Mitchell
                Incident Date:   March 9, 2014
                Your Driver:   Felix Daley

To whom it may concern:

    Please be advised that this office represents Guy Mitchell for personal injury resulting from an accident which occurred on or about March 9, 2014 on I-75 South at or near mile marker 326 in Whitfield County, Georgia. I have enclosed a copy of the Georgia Uniform Motor Vehicle Accident Report concerning this incident. Presently, our investigation on ongoing.

    This letter is sent for the purposes of compelling you and your insurance company to preserve evidence that will be pertinent to our allegations of liability and damages in connection with this incident. *See* O.C.G.A. § 24-4-22. You are hereby advised that the loss, destruction or other spoliation of the following evidence (or any evidence relevant to this incident) is prohibited and may subject you to severe sanctions pursuant to Chapman v. Auto Owners Insurance Company, 220 Ga. App. 539, 469 S.E. 2d 783 (1996) and/or R.A. Siegel Co. v. Bowen, 246 Ga. App. 177, 539 S.E.2d 873 (2000).

    We specifically request that the following evidence be maintained and preserved and not destroyed, modified, altered, repaired or changed in any manner:

1. The tractor and trailer involved in this accident;



PLAINTIFF'S EXHIBIT 6



2. Bills of lading for any shipments transported by Felix Daley for the day of the accident and the eight-day period preceding the accident;

3. Any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the accident;

4. Felix Daley's daily logs for the day of the accident and the eight-day period preceding the accident;

5. Felix Daley's daily inspection reports for the day of the accident and the eight-day period preceding the accident;

6. Daily inspection reports for the tractor trailer involved in this accident for the day of the accident and the eight-day period preceding the accident;

7. Maintenance, inspection and repair records or work orders on the tractor and trailer for the day of the accident and the six-month period preceding the accident;

8. Annual inspection report for the tractor and trailer covering the day of the accident;

9. Felix Daley's / Dixie Transport Inc.'s complete driver's qualification file, including but not limited to:

    ✓ a. Application for employment;
    ✓ b. CDL license;
    N/A c. Driver's certification of prior traffic violations;
    N/A d. Driver's certification of prior accidents;
    ✓ e. Driver's employment history; on app
    f. Inquiry into driver's employment history;
    ✓ g. Pre-employment MVR;
    N/A h. Annual MVR;
    N/A i. Annual review of driver history;
    ✓ j. Certification of road test;
    ✓ k. Medical Examiners certificate;
    ✓ l. Drug tests records;
    N/A m. HAZMAT or other training documents;

10. Photographs of the vehicles involved in this accident and/or of the accident scene;

11. Felix Daley's / Dixie Transport Inc.'s post-accident alcohol and drug testing results;

12. Any lease contracts or agreements regarding the tractor and trailer involved in this accident;

13. Any interchange agreements covering Felix Daley's / Dixie Transport Inc.'s or the tractor or trailer involved in this accident;

14. Any data or printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master, or other recording device for the day of the accident and the six-month period preceding the accident;

15. Any post accident maintenance, inspection, or repair records or invoices in regard to the tractor and trailer;

16. Any weight tickets, fuel receipts, hotel bills, or other records of expenses regarding Felix Daley's / Dixie Transport Inc.'s or the tractor trailer involved in the collision for the day of the accident and the eight-day period preceding this accident;

17. Any e-mails, electronic messages, letters, memos, or other documents concerning this accident;

18. The accident register maintained by the motor carrier as required by federal law the one-year period preceding this accident;

19. Any drivers manuals, guidelines, rules or regulations given to drivers;

20. Any reports, memos, notes, logos or other documents evidencing complaints about Felix Daley's / Dixie Transport Inc.;

21. Any DOT or PSC reports, memos, notes or correspondence concerning Felix Daley's / Dixie Transport Inc., the tractor or trailer involved in this accident; and

22. Any downloadable computer data from the tractor's computer system.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to give me a call.

Thank you for your attention to this claim.

Very truly yours,

MONTLICK & ASSOCIATES, P.C.

BY: _____
Jeffrey S. Kowalski
Attorney at Law

LTR_037:546162:ndls