IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
DEC -7 2020
JAMES N. HATTEN, Clerk
By: Deputy Clerk

GUY MITCHELL,　　　　　　　　　　)

Plaintiff,　　　　　　　　　　　　) CIVIL ACTION FILE NO:
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
V.　　　　　　　　　　　　　　　　) 1:16-CV-00336-MLB

DIXIE TRANSPORT INC., FELIX　　　)
MILO DALEY, AND GRANGE　　　　　)
INDEMNITY INSURNACE　　　　　　)
COMPANY,　　　　　　　　　　　　)

Defendants

## ADDITIONAL EVIDENSE IN SUPPORT OF AN INVESTIGATION, SANCTIONS AND A HEARING OF ATTORNERY KEVIN LEIPOW

Respectfully comes now Guy Mitchell, Plaintiff and former client of attorney Kevin Leipow and hereby files this new additional evidence of professional Misconduct , dishonesty , and possible fraud, or fraud on the Court, by attorney Kevin Leipow. This Plaintiff has submitted evidence in other recent filings with this Honorable Court in which Att. Leipow has clearly stated and implied in letters and online public posts that he himself talked to several Jurors after the Trial, including the Foreman (Juror #14, Harris) and the truck driver (Juror # 6 , Swanson), and that they had told him many negative things about the

(1)

Plaintiff and Plaintiffs case. Plaintiff has now received a response letter on

November 23, 2020( attached excerpt, no. 1) that Att. Leipow authored stating

the following:

"Following the reading of the verdict, upon questioning if I wanted to poll the jury(ask each juror if the verdict reflects their unanimous verdict), and could see no use in adding insult to Mr. Mitchell, as all jurors were clearly all on the same page regarding the verdict from my observations"     and further states,

"Shortly after the jury went back to the jury room after the verdict, I asked the Judge to permit me to speak with the jurors, and Judge Brown stated that he would ask them if they would like to talk with me. The Judge came back later and told me that they did not want to speak to me, but they would like to speak with the defense attorney, Mr Gray, who went back to speak with the jury."

and later Att. Leipow states in this same letter,

" This is one of the few cases I have tried where I was not able to speak directly with the jury"

And in another earlier letter from the Summer of 2020 , Att. Leipow states,

"The Jurors did not want to speak with me to give me any feedback following the trial( They probably thought I'd give them a hard time about the verdict), but Bo Gray(defense council) did speak to the foreman and one other juror, the truck driver, separately from me"

Leipow goes on to state in length many negative things jurors supposedly told

The Defense Att. Bo Gray about Plaintiff, at this time.

Also,  this Plaintiff has just reviewed audio recordings of Plaintiff conversations

with Att. Leipow , from Feb 5 2014, shortly after  the trial.  Att Leipow clearly

states In this audio when asked about the trial outcome, and the fact that he states the jury did rule in favor of Plaintiff on who's fault the crash was... Leipow then states,

"Here's what I think happened in the jury room, I think the foreman was entrenched and was turned off by your case... because he had pre-existing stuff and was worse off than you, and he didn't want go do anything....and he wasn't going to budge otherwise"

and Leipow then states,

"That one guy didn't want to give it to you and he was the one that was staring at the side of your head the whole trial" and "This is how the jury system works..one juror can do it"

Plaintiff then asks Att: Leipow,

"I wonder why they( jurors) did not want to talk to you?"

Att Leipow says, "I'm sure, because they thought I would be upset with them"

Plaintiff then asks,

" It does not make sense, they ruled in our favor, but they only talked to defense , who they had ruled against, but yet do not want to talk to you ? "

Att Leipow states,

"Turns out to be... only one person wanted to talk to Defense Attorney , Mr Gray and it turns out the reason why he wanted to talk to Att (Bo)Gray is.. he was the truck driver guy... wanted to talk to... uhhhhh, Mr Gray, because he has a friend that needed an attorney, in a worker comp situation.. haha...about something to do with trucking, and it turned out the foreman stuck around too and gave some insight . The jury really didn't want to talk to him (Gray) either"

Plaintiff then asks,

" Is that legal for Bo to talk to them without you being there too?"

Leipow: "Yes, it is, at that point they are released" and he also states ,

" I cant force them to talk to me and The Judge made it clear,…..like, hey, you better not talk to them if they told me they don't want to talk to you….and so I was like…ahhh… I can't"

Leipow also states,

"I don't know if you were there or not when he (Judge Brown) came back and said.. Nope they do not want to talk to you and I'm going to tell you to not try, at this point they've made it clear".

This Plaintiff thinks much of this is false and fabricated and thinks this is more direct evidence of deliberate dishonestly, fabrication and falsification by Att Leipow in violation of ABA rules and Court room conduct.

Plaintiff was in the Court room after the verdict on Jan 30th 2020, for about 20 minutes after the Honorable Judge and court staff had all adjourned the Court and all had retired out of the back of the Courtroom. Plaintiff had many documents, Folders and files to pack up in a suit case after court, and was also trying to speak with Att leipow about the devastating outcome. Plaintiff attorney did not speak with Client but instead chatted with and complemented many times defense Att Gray during this whole time. During this period neither attorney had ever requested to speak to jurors , any of the court staff or to Judge Brown.

After receiving a copy of Att. Leipows latest response letter ( Nov 23, 2020), Plaintiff reached out to Defense attorney, Bo Gray and Plaintiff stated that Leipow is stating Att. Gray talked to jurors after trial, and asked if this could be true. Defense Att Gray finally sent Plaintiff and Att. Leipow the following email response on December 1, 2020 (excerpt attached in attachment 2),

"Mr Mitchell,

I don't think you are going to like hearing everything that I have to say, but given your persistence, what I remember off the top of my head about these events that happened almost 1 year ago, is that after the Judge left the Courtroom, I started packing my file up. While doing so, the US marshal came to the Courtroom door beside the bench and told me that the jurors or several of them wanted to speak with me. I followed him back into the jury room. Seems like some of the jurors were getting their things together, some may have already left and 3 or 4 were waiting to talk to me. They addressed me as a group. They apologized for bringing me back, which they did not need to do, but they wanted to convey to me that they and others wanted to find for the defendants and award you no damages. They said however, that after discussions, they decided to find for you but to only award you the amount they thought was the maximum amount based on the limited injuries that they believed you MIGHT have suffered from this wreck. They decided that the amount that they believed I had suggested to them in my closing argument was a fair representation of the damages, particularly given that a lot of them wanted to find completely against you.
They also said that they did not understand why you had sued Dixie transport. They thought that the evidence about the mechanical condition of the truck had nothing to do with this wreck.
They also said that they were not fans of your courtroom demeanor, gestures and comments while not on the stand.
There may have been some other things discussed, but that is what I recall
I do not recall the names of any of the jurors."

Defense Att. Gray goes on to state many other negative things about Plaintiff in this lengthy email. Much of what Att Gray states also seems to be false and misleading, as again, Plaintiff was in the Courtroom for 20 minutes after trial and no one ever came out from the back, and no attorney went anywhere ,with anyone. Also Att. Leipow has already stated several times that he himself talked to Jurors. Leipow also states several times that he asked the Judge , if he could talk to jurors, and was refused, and that the Judge was the one that supposedly came out and told Att. Gray he could speak with the jurors.

Also a reasonable person would ask them self , why would jurors state they did not understand why Plaintiff even sued Dixie Transport (as Att.Gray now states) Anyone should know if someone does not pay victims after they cause damages to others, that the process is you have to file suit in a Court. Defense Att.Gray's statements seem false and fabricated. Also Plaintiff does not feel he had any bad Court room demeanor as Gray states. Plaintiff was always respectful in Court, was the only party that wore a suit or dressed appropriate for court each day and Plaintiff never made any comments off the stand as Gray states. Any gestures by Plaintiff as Gray states, if indeed they really happened, had to be just unconscious facial reactions to the many acts of perjury committed by defendants

on the stand and could only of been very minor in nature.

Plaintiff feels this is all further evidence of Professional misconduct , Fraud, and /or dishonestly and again requests that the Court take these matters seriously and requests this Court grant a hearing or full investigation so that the plaintiff can submit other physical evidence along with audio recordings on these issues.

Perhaps your Honor himself may also remember what really happened at trial, and what he did and did not state afterward to attorneys.

Any recollection , as well as the Court transcripts would be most valuable for An investigation and would also demonstrate a commitment to up hold the integrity of our very Court system., against dishonest attorneys or parties or Professional Misconduct they commit.

Respectfully submitted this 2nd day of December 2020.

> Guy M.Mitchell
> 108 Glen Hollow Ln
> Harvest AL, 35749
> Ph: 931-292-0564
> Mitchellcar359@yahoo.com
> Plaintiff

## CERTIFICATION OF PAGE AND TYPE

In accordance with Civil Local Rules 5.1C and 7.1D, I hereby certify that this document

has been prepared in 14 point, Times New Roman font.

_____
Guy M. Mitchell

Plaintiff

(8)

## **CERTICATE OF SERVICE**

This is to certify that a copy of this

## **ADDITIONAL EVIDENSE IN SUPPORT OF AN INVESTIGATION, SANCTIONS AND A HEARING OF ATTORNERY KEVIN LEIPOW**,

was served upon all appropriate parties by depositing a copy of same in a properly addressed

envelop with adequate postage affixed thereto in the United States Mail to the following parties:

William Emery Gray II
Beverly Ruth Adams
Law Offices of William E. (Bo) Gray II
3700 Crestwood Parkway
Suite 185
Duluth, GA 30096

Kevin A Leipow, Esq
Leipow and Associates, P.C.
235 Peachtree St, NE, Suite 400
Atlanta, GA 30303

This 2nd day of December, 2020.

By Plaintiff _____
Guy M. Mitchell
108 Glen Hollow Ln
Harvest AL, 35749
931-9-292-0564
Mitchellcar359@yahoo.com

When the jury came back into the jury box after reaching a verdict, I could tell that it was not good news for our side – the jurors were looking stoic, glancing at the defense table, and avoiding eye contact with me and Mr. Mitchell. Any trial attorney quickly gets a feel for how a jury has decided when they come back to read a verdict by their demeanor. Following the reading of the verdict, upon questioning if I wanted to poll the jury (ask each juror if the verdict reflects their unanimous verdict), and could see no use in adding insult to Mr. Mitchell, as all jurors were clearly all on the same page regarding the verdict from my observations.

Shortly after the jury went back to the jury room after the verdict, I asked the judge to permit me to speak with the jurors, and Judge Brown stated that he would ask them if they would like to talk with me. The Judge came back later and told me that they did not want to speak with me, but that they would like to speak with the defense attorney, Mr. Gray, who went back to speak with the jury.

14 |

Attachment #1

**Gray, William (Bo)**  
to me, kal@leipowlaw.com, William

Dec 1, 2020, 3:00 PM (17 hours ago)

Mr. Mitchell:

I don't think you are going to like hearing everything that I have to say, but given your persistence, what I remember off the top of my head about these events that happened almost 1 year ago, is that after the judge left the courtroom, I started packing my file up. While doing so, the U.S. Marshal came to the courtroom door beside the bench and told me that the jurors or several of them wanted to speak with me. I followed him back into the jury room. Seems like some jurors were getting their things together, some may have already left and 3 or 4 were waiting to talk to me. They addressed me as a group. They apologized for bringing me back, which they did not need to do, but they wanted to convey to me that they and others wanted to find for the defendants and award you no damages. They said, however, that after discussions, they decided to find for you but only to award you the amount that they thought was the maximum amount based on the limited injuries that they believed you MIGHT have suffered in this wreck. They decided that the amount that they believed I had suggested to them in my closing argument was a fair representation of the damages, particularly given that a lot of them wanted to find completely against you.

They also said that they did not understand why you had sued Dixie Transport.

They thought that the evidence about the mechanical condition of the truck had nothing to do with this wreck.

They also said that they were not fans of your courtroom demeanor, gestures and comments while not on the stand.

There may have been some other things discussed, but that is what I recall.

I do not recall the names of any of the jurors.

Attachment #2

Guy Mitchell
108 Glen Hollow Ln.
Harvest, AL 35749

U.S. District Court Clerk
Richard B. Russell Federal Build
75 Ten Turner DR NW  #2211
Atl GA 30303

# PRIORITY® ★ MAIL ★

**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT*

APPLY PRIORITY MAIL POSTAGE HERE





1004    30303

U.S. POSTAGE PAID
PM 2-Day
HARVEST, AL
35749
DEC 02, 20
AMOUNT
**$7.75**
R2304N118161-04

EXPECTED DELIVERY DAY: 12/05/20

**USPS TRACKING® NUMBER**



*For international shipments, the maximum weight is 4 lbs.